%JS 44   (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

Theadora King

### DEFENDANTS

Safeway Inc.

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Shana E. Scarlett, Hagens Berman Sobol Shapiro LLP, 715 Hearst Ave., Ste. 202, Berkeley, CA 94710; Steve W. Berman, Hagens Berman Sobol Shapiro LLP, 1301 5th Ave., Ste. 2900, Seattle, WA 98101; Elizabeth A. Fegan, 820 N. Blvd., Ste. B, Oak Park, IL 60301

Attorneys (If Known)

Viviann C. Stapp (Bar No. 233036), Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111 Telephone: (415) 391-0600; Facsimile: (415) 395-8095; Email: viviann.stapp@lw.com

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                              and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | **PRISONER** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities – | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities – | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | Transferred from | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332(d) (Class Action Fairness Act)

Brief description of cause:
Plaintiff claims Defendant sold milk labelled as "organic" that was not actually organic.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".   See L.R. 3-12 Notice filed instanter.

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND          ☐ SAN JOSE

DATE
2/19/2008

SIGNATURE OF ATTORNEY OF RECORD



1  LATHAM & WATKINS LLP
2     Viviann C. Stapp (Bar No. 233036)
   505 Montgomery Street, Suite 2000
3  San Francisco, California 94111
   Telephone: (415) 391-0600
4  Facsimile: (415) 395-8095
   Email: viviann.stapp@lw.com
5
6  *Attorney for Defendant Safeway Inc.*
7
8
9           **UNITED STATES DISTRICT COURT FOR THE**
10          **NORTHERN DISTRICT OF CALIFORNIA**
11              **SAN FRANCISCO DIVISION**
12
13  THEADORA KING, individually, and       CASE NO:        *EDL*
14  on behalf of those similarly situated,
15                                  CV  08        0999
           Plaintiff,
16
17  v.                              **SAFEWAY INC.'S**
                                    **NOTICE OF REMOVAL**
18  SAFEWAY INC.,
19
           Defendant.
20
21
22
23
24
25
26
27
28

CH\1006576.2                                    Safeway Inc.'s Notice of Removal

1    Defendant Safeway Inc. ("Safeway"), by its counsel, hereby gives notice of

2  removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, from

3  the Superior Court of the State of California for the County of Alameda to the

4  United States District Court for the Northern District of California.

## I.    BACKGROUND

6    1.    On January 11, 2008, Plaintiff Theodora King ("Plaintiff") filed a

7  class action complaint in the Superior Court of the State of California for the

8  County of Alameda styled *King, et al. v. Safeway Inc.,* Case No. RG08365602.

9  Plaintiff personally served Safeway on January 17, 2008. A true copy of the

10  Complaint is attached hereto as Exhibit 1.

11    2.    The Complaint asserts violations of Cal. Bus. & Prof. Code §§ 17200

12  et seq. (Unfair Competition Law), 17500 et seq. (False Advertising) and Civil

13  Code §§ 1750 et seq. (Consumer Legal Remedies Act), along with breach of

14  warranty, negligent misrepresentation and unjust enrichment claims. See Compl.,

15  Ex. 1 hereto, at ¶¶ 40-72 The Complaint alleges that Safeway marketed organic

16  milk produced by Aurora Dairy Corporation that purportedly did not meet the

17  standards of organic certification under federal law, including the Organic Foods

18  Production Act of 1990 ("OFPA"), 7 U.S.C. § 6501 et seq., and its implementing

19  regulations, 7 C.F.R. Part 205. See id. at ¶¶ 23-32. Plaintiff filed her Complaint

20  after several other class actions were filed with substantially the same allegations.

21  See Local Rule 3-13 Notice of Pendency of Other Actions or Proceedings, Ex. 2

22  hereto, and filed concurrently with this Notice of Removal.

## II.    GROUNDS FOR REMOVAL

24    3.    Plaintiff's claims are removable because the Class Action Fairness

25  Act ("CAFA") provides this Court with jurisdiction.[1] See 28 U.S.C. §§ 1332(d),

26  ―――――――――――――――
[1]    Due to the "necessarily federal" nature of Plaintiff's Complaint, alternate
27  grounds for removal may also exist, namely federal question jurisdiction based on
principles of complete preemption. See 28 U.S.C. § 1331; see also, e.g., Franchise
28  Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463

(continued...)

1  1453.  CAFA extends federal jurisdiction over class actions where:  (1) any
2  member of the proposed class is a citizen of a state different from any defendant
3  (i.e., minimal diversity exists); (2) the putative class consists of more than 100
4  members; and (3) the amount in controversy is $5 million or more, aggregating all
5  claims and exclusive of interests and costs.  See 28 U.S.C. §§ 1332(d)(2),
6  1332(d)(5)(B).[2]  Each of these requirements is readily met here.  See disc. infra at
7  2-5.

8  **A.    Minimal Diversity**

9    4.    Plaintiff defines her proposed class as "[a]ll persons in the State of
10  California who purchased organic milk or milk products from Safeway during the
11  time period of December 5, 2003 through October 15, 2007."  See Compl., Ex. 1
12  hereto, at ¶ 33.  Plaintiff's class definition does not restrict the class to California
13  citizens.  See id.  Courts, in turn, have held that substantially identical class
14  definitions support the existence of minimal diversity.  See 28 U.S.C.
15  § 1332(d)(2)(A); McMorris v. TJX Companies, Inc., 493 F. Supp. 2d 158, 162-64
16  (D. Mass. 2007); Larsen v. Pioneer Hi-Bred Intern., Inc., No. 4:06-cv-0077-JAJ,
17  2007 WL 3341698, at *4-5 (S.D. Iowa Nov. 9, 2007).

18    5.    In addition, Plaintiff is a citizen of the State of California.  See
19  Compl., Ex. 1 hereto, at ¶ 11.  Safeway is a Delaware corporation with its principal
20  place of business in the State of California and, thus, is a dual citizen of Delaware
21  and California.  See 28 U.S.C. § 1332(c)(1).  Because Safeway is a Delaware

22

23  (...continued)
U.S. 1 (1983).  Safeway plainly has independent grounds for removal under CAFA
24  and, thus, has not raised preemption principles at this time as a basis for removal.
See 28 U.S.C. §§ 1332(d), disc. infra at 2-5.  Safeway, however, reserves the right
25  to raise issues of complete preemption, as well as the applicability of other
preemption principles, in support of a motion to dismiss at the appropriate time.
26  [2]    A "class action" includes any civil action filed under Federal Rule of Civil
Procedure 23 or "similar State statute or rule of judicial procedure."  See 28 U.S.C.
27  § 1332(d)(1)(B).

28

1  citizen and Plaintiff is a California citizen, minimal diversity exists. <u>See</u> 28 U.S.C.

2  § 1332(d)(2)(A); <u>Hart v. FedEx Ground Package System Inc.</u>, 457 F.3d 675, 676

3  (7th Cir. 2006) (recognizing the Class Action Fairness Act requires only minimal

4  diversity under Article III of the Constitution); <u>Grupo Dataflux v. Atlas Global</u>

5  <u>Group, L.P.</u>, 541 U.S. 567, 578 n.6 (2004) ("We understand "minimal diversity" to

6  mean the existence of at least one party who is diverse in citizenship from one

7  party on the other side of the case, even though the extraconstitutional "complete

8  diversity" required by our cases is lacking. It is possible…that one can have

9  opposing parties in a two-party case who are co-citizens, and yet have minimal

10  Article III jurisdiction because of the multiple citizenship of one of the parties.").

11      6.      However, out of an abundance of caution, Safeway submits the

12  declaration of Laura A. Donald attesting to facts supporting that it is more probable

13  than not that at least one potential class member exists that is not a citizen of

14  California. <u>See</u> Donald Decl., Ex. 3 hereto, at ¶¶ 3, 5. Safeway has many stores in

15  California which are close to, or encroach upon, the borders of other states. <u>See id.</u>

16  at ¶ 5. These stores obtained organic milk supplied by Aurora through Safeway's

17  distribution center in California, and citizens of other states purchase organic milk

18  from these stores. <u>See id.</u> Thus, it is more probable than not that at least one class

19  member exists who was a "person[] in the State of California who purchased

20  organic milk or milk products from Safeway" but who was not a California citizen.

21  <u>See id.</u> at ¶¶ 3, 5; Compl., Ex. 1 hereto, at ¶ 33. Consequently, minimal diversity

22  exists under the Class Action Fairness Act. <u>See</u> 28 U.S.C. § 1332(d)(2)(A).

23      **B.      Number Of Class Members**

24      7.      Plaintiff brings this case on behalf of "[a]ll persons in the State of

25  California who purchased organic milk or milk products from Safeway during the

26  time period of December 5, 2003 through October 15, 2007." <u>See</u> Compl., Ex. 1

27  hereto, at ¶ 33. In addition, Plaintiff alleges "that the Class consists of many

28

1  thousands of persons." See id. at ¶ 34.  Therefore, the requirement of CAFA that

2  the putative class consist of more than 100 members is readily satisfied.  See 28

3  U.S.C. § 1332(d)(5)(B).

4        **C.    Amount In Controversy**

5        8.     The amount in controversy exceeds $5 million.  Plaintiff has expressly

6  plead that she seeks injunctive relief as well as "actual, compensatory, punitive,

7  and exemplary damages," and Plaintiff demands that Safeway disgorge the benefit

8  realized as a result of Plaintiff and other Class members purchasing organic milk

9  that was purportedly not properly classified as organic under federal law.  See

10 Compl., Ex. 1 hereto, at ¶¶ 54-59, Prayer for Relief.  Specifically, the Complaint

11 defines the "benefit" received by Safeway as the "prices Plaintiff and the other

12 Class members paid" for organic milk and milk products during the proposed Class

13 Period (i.e., December 5, 2003 through October 15, 2007).  See id. at ¶ 54.

14 Moreover, Plaintiff alleges that Safeway sold organic milk and milk products

15 produced by Aurora Dairy Corporation ("Aurora") that purportedly was not

16 "organic" as defined by federal law.  See Compl., Ex. 1 hereto, at ¶¶ 23-32.

17       9.     Safeway sold more than $5 million worth of Aurora organic milk in

18 California during the Class Period, as measured by the retail price potential class

19 members would have paid.  See Donald Decl., Ex. 3 hereto, at ¶¶ 2, 4; Compl., Ex.

20 1 hereto, at ¶ 54.  Thus, the amount in controversy in this case exceeds the

21 statutory requirement of $5 million.  See 28 U.S.C. § 1332(d)(2).

22       10.    Plaintiff bears the burden of showing that an exception to CAFA

23 jurisdiction applies.  See, e.g., Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1021-

24 22 (9th Cir. 2007).  No such exception, however, applies here.  See id. at 1022-23.

25         **III.    COMPLIANCE WITH THE REMOVAL
                    STATUTE AND LOCAL RULES**

26       11.    The Notice of Removal was properly filed in the United States

27 District Court for the Northern District of California, because the Superior Court of

28

1  the State of California for the County of Alameda is located in this judicial district.

2  See 28 U.S.C. § 1441(a).

3       12.    Pursuant to Local Rule 3-5, assignment of this case to the San

4  Francisco Division is appropriate.  The Complaint purports to assert claims that

5  allegedly arose throughout the State of California.  See, e.g., Compl., Ex. 1 hereto,

6  at ¶¶ 14-33.  Thus, assignment to the San Francisco Division is proper under Local

7  Rule 3-2(c).  See also Local Rules 3-2(b), 3-2(d).

8       13.    The Notice of Removal is signed pursuant to Rule 11 of the Federal

9  Rules of Civil Procedure.  See 28 U.S.C. § 1446(a).

10      14.    Plaintiff personally served Safeway on January 17, 2008.  See

11  Summons and Proof of Service, Ex. 4 hereto.  Accordingly, this Notice of Removal

12  is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.  See

13  id.; F. R. Civ. P. 6(a).

14      15.    Consent to federal jurisdiction is not necessary given that the basis for

15  federal jurisdiction is CAFA.  See 28 U.S.C. § 1453(b) ("A class action may be

16  removed to a district court of the United States in accordance with section

17  1446...except that such action may be removed by any defendant without the

18  consent of all defendants.").

19      16.    Pursuant to Local Rule 3-13, Safeway has filed with its Notice of

20  Removal as Exhibit 2 a Notice of Pendency of Other Actions or Proceedings.

21      17.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and

22  orders served upon Safeway in this action, which papers include the Complaint and

23  Summons, are attached.  See Exs. 1, 4 hereto.

24      18.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is

25  being served upon counsel for Plaintiff and a copy, along with a Notice of Filing of

26  the Notice of Removal, is being field with the Clerk of the Superior Court of the

27  State of California for the County of Alameda.

28

1

## IV.  CONCLUSION

2     For the foregoing reasons, Safeway respectfully requests that this Court

3   exercise jurisdiction over this action and enter orders and grant relief as may be

4   necessary to secure removal and to prevent further proceedings in this matter in the

5   Superior Court of the State of California for the County of Alameda.  Safeway

6   further requests such other and further relief as the Court deems appropriate.

7

8   Dated: February 19, 2008                Respectfully submitted,

9
                                            COUNSEL FOR DEFENDANT
10                                          SAFEWAY INC.

11
                                            By:
12

13                                          LATHAM & WATKINS LLP
                                              Viviann C. Stapp (Bar No. 233036)
14                                          505 Montgomery Street, Suite 2000
                                            San Francisco, California 94111
15                                          Telephone: (415) 391-0600
                                            Facsimile: (415) 395-8095
16                                          Email: viviann.stapp@lw.com

17

18

19

20

21

22

23

24

25

26

27

28
CH\1006576.2                                          Safeway Inc.'s Notice of Removal

6

*6047655*

F I L E D
ALAMEDA COUNTY

JAN 1 1 2008

CLERK OF THE SUPERIOR COURT
By _____
Deputy

1   Shana E. Scarlett (217895)
    HAGENS BERMAN SOBOL SHAPIRO LLP
2   715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
3   Telephone: (510) 725-3000
    Facsimile: (510) 725-3001
4   shanas@hbsslaw.com

5   Steve W. Berman
    HAGENS BERMAN SOBOL SHAPIRO LLP
6   1301 Fifth Avenue, Suite 2900
    Seattle, WA 98101
7   Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
8   steve@hbsslaw.com

9   Elizabeth A. Fegan
    HAGENS BERMAN SOBOL SHAPIRO LLP
10  820 North Boulevard, Suite B
    Oak Park, IL 60301
11  Telephone: (708) 776-5600
    Facsimile: (708) 776-5601
12  beth@hbsslaw.com

13  Attorneys for Plaintiff

14
                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
15
                            COUNTY OF ALAMEDA
16

17
    THEADORA KING, individually and on behalf )   No. RG08365602
18  of all others similarly situated,          )
                                               )
19                            Plaintiff,       )   CLASS ACTION COMPLAINT
                                               )
20          v.                                 )
                                               )
21  SAFEWAY, INC.,                             )
                                               )
22                            Defendant.       )   **JURY TRIAL DEMANDED**
                                               )
23  _____)

24

25

26

27

28

ORIGINAL

Plaintiff Theodora King, by counsel, individually and on behalf of all others similarly situated ("Plaintiff") tenders the following Class Action Complaint and Demand for Jury Trial:

## I.    OVERVIEW

1.    This class action and representative action seeks relief on behalf of Plaintiff and the members of the Class for injuries sustained by them as a result of Safeway, Inc.'s ("Safeway") deceptive marketing of milk as organic when the milk is not, in fact, organic and Safeway's increase in gross sales and sales price.

2.    During the Class Period, Defendant, which is one of the largest food and drug retailers in North America, violated its duty to inform customers that the "O"-label organic milk is not organic. Defendant's nondisclosure of this material fact constitutes misrepresentation, unfair, unlawful, fraudulent, and/or deceptive business practices in violation of California's consumer protection laws. The materiality of this information is proven directly by federal and state regulations which, at all relevant times, required Defendant to inform consumers that milk that they were purchasing was not organic. Defendant flagrantly violated and, in some cases, continue to violate these regulations.

3.    As a result of Defendant's misbranding, concealment and nondisclosure, customers are misled to purchase the organic milk and/or to pay a greater price than they would otherwise pay. Defendant has been unjustly enriched at the expense of these consumers.

4.    This is a class action and a representative action brought by Plaintiff, who purchased organic milk from Defendant in the State of California during the Class Period.

## II.    JURISDICTION AND VENUE

5.    This Court has subject-matter jurisdiction over this representative action pursuant to Bus. & Prof. Code §§ 17204 and 17535. This Court has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendant Safeway, Inc.'s principal place of business is located in Pleasanton, California, and a substantial portion of the wrongdoing alleged in this Complaint took place in California, so as to render the exercise of jurisdiction over it by California courts permissible under traditional notions of fair play and substantial justice.

CLASS ACTION COMPLAINT                - 1 -

1    8.    This litigation may not removed to federal court under 28 U.S.C. § 1332 as

2    amended by the Class Action Fairness Act of 2005, because the members of the Plaintiff Class are

3    citizens of the same state, California, as Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Further,

4    Plaintiffs assert no federal question and/or violations of federal law.

5    9.    Venue is proper in this Court pursuant to Bus. & Prof. Code §§ 17204 and 17535

6    and Civ. Code § 1780 (c) because Defendant conducts business in the County of Alameda and in

7    the State of California, including marketing, advertising, and sales directed to California residents.

8    Further, at all times mentioned in this Complaint, Defendant made misrepresentations and material

9    omissions to residents of the County of Alameda and the State of California.

10    10.    The amount in controversy exceeds the jurisdictional minimum of this Court.

11    **III.    PARTIES**

12    11.    Plaintiff Theadora King is a resident of Alameda County, California and a citizen of

13    the State of California. Plaintiff purchased the store-brand organic milk from Defendant Safeway

14    at its stores in California on numerous occasions throughout the class period. This milk was

15    produced by Aurora Dairy Corp. and branded as a private label brand by Safeway. Plaintiff

16    utilized the organic milk produced and sold by Defendant for her own and her family's own

17    consumption. Plaintiff decided to purchase "organic" milk, and indeed paid a premium price for

18    that "organic" milk, because she believed that it contained fewer additives and was healthier for her

19    consumption than non-organic milk.

20    12.    Safeway is a Delaware corporation with its principal place of business in

21    Pleasanton, California. Safeway is one of the largest food and drug retailers in North America. As

22    of September 8, 2007, the company operated 520 stores in the State of California, which is more

23    than one-third of its total stores nationwide.

24    13.    Safeway sold its "organic" milk to Plaintiff and the Class under its store "O" brand.

25    The "organic" milk was contained in cartons that specifically represented that the milk was

26    certified organic milk, despite the fact that it was not organic. Aurora labels its purportedly organic

27    milk with an organic certified label. This label is supposed to assure consumers that Aurora's milk

28    complies with the Organic Foods Production Act of 1990 (7 U.S.C. §§ 6501, *et seq*.) and its

CLASS ACTION COMPLAINT                    - 2 -

1    implementing regulations (7 C.F.R. Part 205). Plaintiff and the Class Members they represent pay

2    premium prices for Safeway's "organic" milk.

## IV.    FACTUAL ALLEGATIONS

### A.    Market for Organic Milk

5        14.    Safeway is and has been selling milk or milk products that it represents to be

6    "organic," when, in fact, the milk is not organic throughout the time period of December 5, 2003

7    through October 15, 2007 ("class period" or "relevant time period"). Safeway sells this milk to

8    consumers directly using its own brand name "O."

9        15.    The market for organic milk has boomed in recent years. According to the United

10    States Department of Agriculture ("USDA"), total milk or milk products production in the United

11    States in 2004 was 170 billion pounds. Fluid milk or milk products sales since 1975 have been

12    steady at approximately $11 billion per year. Currently, organic fluid milk or milk products sales

13    represent about 18% of overall sales. In 2005, total organic dairy sales were approximately

14    $2 billion. The organic dairy sector is annually growing at an approximate rate of 16%.

15        16.    Consumers rely on manufacturers and sellers of milk or milk products to determine

16    what milk is in fact organic. As Aurora Dairy, from which Safeway obtained the milk labeled

17    under its "O" brand, expressly recognizes, "Organic certification is the public's assurance that

18    products have been grown and handled according to strict procedures without persistent toxic

19    chemical inputs." http://www.auroraorganic.com/aodweb/site/itemcontent.aspx?icategoryid=6.

### B.    Organic Milk Standards

21        17.    The USDA has set forth four requirements that must be satisfied for milk to be

22    labeled as "USDA Organic": (a) the milk must not come from cows that have been treated with

23    Bovine Growth Hormone; (b) the milk must not come from cows that have been treated with

24    antibiotics; (c) the milk producing cows must only eat feed that has been grown without pesticides;

25    and (d) the milk must come from cows that have some "access to pasture."

26        18.    In order to sell or label an agricultural product as organically produced, the product

27    must be produced and handled in compliance with the Organic Foods Production Act of 1990

28

CLASS ACTION COMPLAINT                     - 3 -

1    ("OFPA"), *see* 7 U.S.C. 6505(a)(1)(A), and the USDA adopted regulations, *see* 7 C.F.R. Part 205,

2    *et seq.*

3    **C.     Safeway's Representations Concerning Its Organic Milk**

4         19.     By marketing, selling, or otherwise representing that its milk was "organic,"

5    Safeway represented that the milk abides by these laws and regulations and that the milk is

6    "organic."

7         20.     Specifically, Safeway included labels on its "O" brand milk that stated, in whole or

8    in part, as follows:

9              **Description** :
               Organic Fat Free Milk
10             **Ingredients** :
               Organic Grade A Fat Free Milk, Vitamin A Palmitate, Vitamin D3,
11             **Product Attributes** :
               Organic
12             Kosher
               FatFree
13
               **Product Details** :
14             Ultra-Pasteurized Vitamins A & D added. USDA Organic. Grade A;
               Ultra-Pasteurized; Homogenized. Organic from the Source. There's a
15             lot that goes into a good glass of milk. It starts with the land. Our
               daily pastures are environmentally friendly, maintained with the use
16             of recognized organic horticultural practices. The dairy cows that
               produce O Organics Milk enjoy a healthy mix of fresh air, plenty of
17             exercise, clean drinking water and a wholesome, 100% certified
               organic diet - and they are not given growth hormones or treated
18             with antibiotics. All of these practices support sustainable farming,
               which is good for the environment, good for the cows and good for
19             the milk. That's why our O Organics Milk tastes like milk should,
               fresh and pure. To be certified organic, dairy cows must be managed
20             under organic livestock practices at least one year before milking.
               Their feed must be grown on land that has been under organic
21             cultivation practices for a minimum of three years. Certified Organic

22         21.     On the carton of Safeway's *O* Organics Milk is the following statement:

23                                ORGANICS

24             *Organic from the Source*

25             There's a lot that goes into a good glass of milk. It starts with the
               land. Our dairy pastures are environmentally friendly, maintained
26             with the use of recognized organic horticultural practices. The dairy
               cows that produce *O* Organics Milk enjoy a healthy mix of fresh air,
27             plenty of exercise, clean drinking water and a wholesome, 100%
               certified organic diet – and they are not given growth hormones or
28             treated with antibiotics.

     CLASS ACTION COMPLAINT                    - 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> All of these practices support sustainable farming, which is good for
> the environment, good for the cows and good for the milk. That's
> why our *O* Organics Milk tastes like milk should – fresh and pure.

The carton also states:

ORGANICS

organic

Fat Free Milk

Vitamins A & D Added
Grade A • Pasteurized • Homogonized

> "To be certified organic, dairy cows, must be managed under organic
> livestock practices at least on eyear before milking. Their feed must
> be grown on land that has been under organic cultivation practices
> for a minimum of three years."

22.     However, Safeway's milk was not organic according to Federal law. In fact,

Safeway's "organic" milk was produced in large scale factory farms and otherwise failed to

comport with Federal law and thus should not have been certified organic.

**D.      The USDA's Investigation of Safeway's Supplier**

23.     By marketing, selling, or otherwise representing that its milk was "organic," Costco

represented that the milk abides by the laws and regulations requiring certain conditions be met

before the milk is labeled "organic."

24.     Aurora was formed by the former owners of Horizon, who sold Horizon to Dean

Foods. The sale left Aurora with thousands of milk cows. Aurora then started its Colorado

operation which produces 10 million gallons of milk a year. It is in essence a factory-farm model,

there is no opportunity for cows to graze, as depicted below:



CLASS ACTION COMPLAINT                    - 5 -

1

2      25.    Aurora's primary business is selling milk for use in the private-label milk market for

3    Safeway, Costco, Wild Oats and others.

4      26.    However, Aurora's milk was not organic according to Federal law. In fact,

5    Aurora's "organic" milk was produced in large scale factory farms and otherwise failed to comport

6    with Federal law.

7      27.    On March 7, 2007, the USDA identified the following "violations by Aurora

8    Organic Dairy," from which Safeway obtained the milk Safeway sold under its own labels, of

9    federal law:

10          a.      From 2003 through 2006, for dairy animals at its Platteville, Colorado

11   facility, Aurora failed to provide a total feed ration that included pasture, failed to establish and

12   maintain pasture conditions appropriate for minimizing the occurrence and spread of diseases and

13   parasites, and failed to establish and maintain access to pasture, in willful violation of 7 C.F.R.

14   §§ 205.237(a), 205.238(a)(3), and 205.239(a)(2);

15

16          b.      During the spring and early summer of 2006, Aurora entered conventional

17   dairy animals into organic milk or milk products production at its Dublin, Texas facility before

18   those animals completed the required one-year period of continuous organic management, in

19   willful violation of 7 C.F.R. § 205.236(a)(2);

20          c.      From 2003 through 2006, Aurora purchased for its Platteville facility, from

21   Promiseland Livestock in Falcon, Missouri, dairy animals that had been converted from

22   conventional to organic milk or milk products production, and thus had not been under continuous

23   organic management from at least the last third of gestation, in willful violation of 7 C.F.R.

24   § 205.236(a)(2)(iii);

25

26          d.      From on or about July 10, 2004 through on or about September 28, 2005,

27   Aurora moved organic dairy animals from its certified Platteville facility to Wells Ranch in Gill,

28

CLASS ACTION COMPLAINT                              - 6 -

1  Colorado, a non-organic (non-certified) livestock operation for management, and thereafter

2  returned them to the Platteville facility for organic dairy production, in willful violation of 7 C.F.R.

3  § 205.236(b)(1);

4      e.    From February 2005 through March 2006, Aurora moved organic calves

5  from its certified Platteville facility to non-organic (non-certified) livestock operations for

6  management, and eventually returned them to the Platteville facility for organic dairy production,

7  in willful violation of 7 C.F.R. §§ 205.236(a)(2)(iii) and 205.236(b)(1);

8

9      f.    From 2003 through 2006, Aurora used non-organic agricultural products,

10  such as wheat straw and corn stalks, as bedding for organic dairy animals at its Platteville facility,

11  in willful violation of 7 C.F.R. § 205.239(a)(3);

12      g.    From on or about July 27, 2004 through on or about September 30, 2005,

13  Aurora routinely caused organic dairy animals from Promiseland Livestock, a certified organic

14  dairy, to be delivered to Wells Ranch, a non-organic livestock operation, for livestock

15  management, before having them delivered to Aurora's Platteville facility for organic dairy

16  production, in willful violation of 7 C.F.R. § 205.236(b)(1);

17

18      h.    From December 5, 2003 through at least September 7, 2007, Aurora sold,

19  labeled and represented its milk or milk products as being organically produced when such milk or

20  milk products were not produced and handled in accordance with the National Organic Program

21  regulations, in willful violation of 7 C.F.R. §§ 205.102, 205.200 and 205.400(a);

22

23      i.    From on or about October 29, 2003 through on or about March 9, 2006,

24  Aurora failed to notify its certifying agent immediately concerning changes to the operation of its

25  Platteville facility regarding the termination an utilization of off-site facilities, such as Wells

26  Ranch, contracted by Aurora to provide pasture and/or livestock management services, in willful

27  violation of 7 C.F.R. § 205.400(f)(2);

28

CLASS ACTION COMPLAINT    - 7 -

1         j.      Aurora failed to include a summary statement, supported by documentation,

2    in the December 29, 2004 and December 28, 2005 Organic System Plans for its Platteville facility

3    that detailed changes to the previous year's Organic System Plan regarding the termination and

4    utilization of off-site facilities, such as Wells Ranch, contracted by Aurora to provide pasture

5

6    and/or livestock management services, in willful violation of 7 C.F.R. § 205.406(a)(1)(i);

7         k.      From 2004 through 2006, Aurora failed to maintain adequate records that

8    disclosed all activities and transaction in sufficient detail as to be readily understood and audited to

9    demonstrate compliance with the OFPA and the National Organic Program regulations concerning

10   pasture arrangements with operations identified by Aurora in its annual Organic System Plan for its

11   Platteville facility, in willful violation of 7 C.F.R. § 205.103(b);

12

13        l.      In the October 29, 2003 and December 29, 2004 Organic System Plans for

14   its Platteville facility, Aurora failed to include a full description of the practices and procedures to

15   be performed by Wells Ranch, in willful violation of 7 C.F.R. § 205.201(a)(1);

16        m.     In the December 28, 2005 Organic System Plan for its Platteville facility,

17   Aurora failed to include a full description of the practices and procedures to be performed by

18   Matsude Farms, Salazar, Cockroft Dairy Farm, and Ray-Glo Dairy, as at its Woodword facility, in

19   willful violation of 7 C.F.R. § 205.201(a)(1); and

20

21        n.      In the October 29, 2003, December 29, 2004, and December 28, 2005

22   Organic System Plans for its Platteville facility, Aurora failed to include a full description of the

23   monitoring practices and procedures to be performed and maintained to verify that its Organic

24   System Plans were effectively implemented with respect to off-site operations contracted by

25   Aurora to provide pasture and/or livestock management services, in willful violation of 7 C.F.R.

26   § 205.201(a)(3).

27

28

CLASS ACTION COMPLAINT          - 8 -

28.    On August 23, 2007, Aurora entered into a Consent Agreement with the USDA. This Consent Agreement contained a stipulation for probation. The USDA found that Aurora had not been in compliance with the federal organic food regulations, and placed it on a one year probationary period. The Consent Agreement provided that Aurora was required to remove organic dairy animals "currently present at Platteville that transitioned under the '80/20' rule" from the plant, and instructed that such animals could only be utilized as conventional animals, not certified organic animals. Finally, the Consent Agreement also requires Aurora to address all issues that were raised in the Notice of Proposed Revocation in order for its organic certification not to be revoked.

## E.    Defendant's Illegal Conduct

29.    Safeway violated, and continues to violate federal and state law (including the applicable regulations by selling its milk as "organic." By mislabeling the milk, Safeway has misled, and continues to mislead Plaintiff and the Class Members into paying a higher price for milk that cannot be sold as "organic."

30.    The milk that Safeway sold was not organic, despite Defendant's misrepresentations that the milk was, in fact, organic; in that Aurora and thus Safeway had failed to comply with the requirements of the OFPA. *See* 7 C.F.R. §§ 205.102, *et seq.*, in at least the following ways:

a.    Safeway represented its milk or milk products as "organic" when, in fact, they were not, in willful violation of 7 C.F.R. § 205.102;

b.    Aurora failed to maintain records concerning the production and handling of milk or milk products intended to be sold, labeled, or represented as "organic" in a manner which fully disclosed all activities and transactions of the certified operation in sufficient detail as to be readily understood and audited, in willful violation of 7 C.F.R. § 205.103(b);

c.    Aurora failed to provide its dairy cows with access to land used for livestock grazing that it managed to provide feed value as required by 7 C.F.R. §205.200;

d.    Aurora, intending to sell, label or represent milk or milk products as "organic," failed to comply with the applicable provisions of 7 C.F.R. § 205.200;

CLASS ACTION COMPLAINT                                    - 9 -

1        e.    Aurora failed to maintain an accurate organic production or handling system

2    that includes a description of practices and procedures to be performed and maintained, including

3    the frequency with which they will be performed, in willful violation of 7 C.F.R. §205.201(a)(1);

4        f.    Aurora failed to maintain an accurate organic production or handling system

5    that included a description of the monitoring practices and procedures to be performed and

6    maintained, including the frequency with which they will be performed, to verify that the plan is

7    effectively implemented, in willful violation of 7 C.F.R. § 205.201(a)(3);

8        g.    Aurora, after an entire, distinct herd had been converted to organic

9    production, failed to maintain all cows under organic management from the last third of gestation,

10   in willful violation of 7 C.F.R. §205.236(a)(2)(iii);

11       h.    Aurora removed its dairy cows from an organic operation and subsequently

12   managed those cows on a non-organic (non-certified) operation before being sold, labeled, or

13   represented as organically produced, in willful violation of 7 C.F.R. § 206.236(b)(1);

14       i.    Aurora failed to provide its dairy cows with a total fee ration composed of

15   agricultural products, including pasture and forage, that are organically produced and, where

16   applicable, organically handled, in willful violation of 7 C.F.R. 205.238(a)(3);

17       j.    Aurora failed to establish and maintain living conditions for its dairy cows

18   which accommodate their health and natural behavior, in willful violation of 7 C.F.R. § 205.239(a);

19       k.    Aurora failed to establish appropriate housing, pasture conditions, and

20   sanitation practices for its dairy cows to minimize the occurrence and spread of diseases and

21   parasites, in willful violation of 7 C.F.R. § 205.238(a)(3);

22       l.    Aurora failed to provide its dairy cows with suitable access to the outdoors,

23   shade, shelter, exercise areas, fresh air, and direct sunlight in willful violation of 7 C.F.R.

24   § 205.239(a)(1);

25       m.    Aurora failed to provide its dairy cows with access to pasture in willful

26   violation of 7 C.F.R. § 205.239(a)(2);

27

28

CLASS ACTION COMPLAINT             - 10 -

1    n.    Aurora failed to provide its dairy cows with appropriate clean, dry bedding,

2    which complies with the feed requirements of § 205.237, in willful violation of 7 C.F.R.

3    § 205.239(a)(3);

4    o.    Aurora failed to provide shelter designed to allow for its dairy cows' natural

5    maintenance, comfort behaviors, and the opportunity to exercise, as required by federal regulation;

6    p.    Aurora failed to comply with the Organic Food Production Act of 1990 and

7    applicable organic production and handling regulations of 7 C.F.R. § 205.400(a);

8    q.    Aurora failed to immediately notify its certifying agent concerning the

9    application of a prohibited substance to its dairy cows, in willful violation of 7 C.F.R.

10    § 205.400(f)(2); and

11    r.    Aurora failed to submit to its certifying agent an updated organic production

12    or handling system plan that included a summary statement, supported by documentation, detailing

13    deviations from, changes to, modifications to, or other amendments made to the previous year's

14    organic system plan during the previous year in willful violation of 7 C.F.R. § 205.406(a)(1)(i).

15    31.    Defendant Safeway failed to conduct its own inspections and oversight to determine

16    whether Aurora was complying with the laws and/or ignored Aurora's flagrant violations. Its

17    representations about cows having a "healthy mix of fresh air, plenty of exercise," were blatantly

18    false. Thus, despite the violations of federal law and regulations, Safeway marketed and sold the

19    milk or milk products under the "O" brand representing that the milk was organic, when it was not.

20    Defendant's conduct deceived Plaintiff and the Class Members into believing that they were

21    purchasing organic milk when they were not.

22    32.    Thus, Safeway directly misrepresented to Plaintiff and the Class Members that the

23    "organic" milk it sold under its own label was certified organic, when it was not. Again, Plaintiff

24    and the Class Members would not have purchased Safeway's milk, and paid the premium for

25    Safeway's milk had they known that Safeway's milk was, in fact non-organic.

26

27

28

CLASS ACTION COMPLAINT    - 11 -

1                         **V.     CLASS ACTION ALLEGATIONS**

2      33.    Plaintiff seeks certification of a state-wide Consumer Class defined as follows:

3
4                   All persons in the State of California who purchased organic milk or milk products from Safeway during the time period of December 5, 2003 through October 15, 2007.

5      34.    Plaintiff is informed and believes that the Class consists of many thousands of

6  persons throughout the State of California, making individual joinder of all Class Members

7  impracticable.

8      35.    Questions of law and fact are common to the Plaintiff Class and predominate over

9  questions affecting only individual member, including, *inter alia*, the following:

10            a.    Whether the alleged conduct by Defendant violated laws as alleged in this

11  Complaint;

12            b.    Whether Defendant engaged in unfair, unlawful and/or fraudulent business

13  practices by failing to disclose that the milk labeled as organic milk was not organic;

14            c.    Whether Defendant violated federal and/or state regulations by failing to

15  disclose that the milk labeled as organic milk was not organic;

16            d.    Whether Plaintiff and the members of the Class were unconscionably

17  induced into purchasing organic milk without adequate disclosures that the milk was not organic;

18            e.    Whether Defendant violated California law, including the Unfair

19  Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., §§ 17500, *et seq*., and/or

20  California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*.;

21            f.    Whether Defendant made misrepresentations to Plaintiff and the members of

22  the Class about milk labeled as organic;

23            g.    Whether Plaintiff and the members of the Class are entitled to equitable

24  and/or injunctive relief;

25            h.    Whether Defendant's unlawful, unfair and/or deceptive practices harmed

26  Plaintiff and the members of the Class; and

27            i.    Whether Defendant was unjustly enriched by its deceptive practices.

28

CLASS ACTION COMPLAINT               - 12 -

36.     Plaintiff's claims are typical of the claims of the Class Members as described above; the claims arise form the same course of conduct by Safeway and the relief sought is common.

37.     Plaintiff will fairly and adequately represent and protect the interests of all Class Members. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

38.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all the individual Class members is impracticable. Furthermore, because the damages suffered, and continued to be suffered, by each individual Class member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to each of them individually and the burden imposed on the judicial system would be enormous.

39.     In addition, the prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members, which would establish incompatible standards of conduct for defendants. In contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE CLRA

### (Cal. Civ. Code §§ 1750, *et seq.*)

40.     The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim for violations of the CLRA on behalf of herself and the members of the Class.

41.     Plaintiff and the members of the Class are consumers who purchase goods (food products) from Defendant for personal, family, or household purposes.

42.     Representing that goods (including food products) have approval, characteristics, uses, or benefits which they do not have and advertising goods with intent not to sell them as

CLASS ACTION COMPLAINT                          - 13 -

1    advertised constitute unfair or deceptive trade practices under the provisions of the CLRA, Cal.

2    Civ. Code §§ 1770(a)(5), (9), (14) and (17).

3        43.    Plaintiff and the members of the Class have all been directly and proximately

4    injured by Defendant's conduct, and such injury includes the purchase of milk labeled as organic,

5    but which was not organic, that they would not have purchased were they truthfully and fully

6    'informed of material facts concerning the fact that the milk was not organic.

7        44.    Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks an order enjoining Defendant

8    from engaging in the methods, acts, or practices alleged herein. Pursuant to Cal. Civ. Code § 1782,

9    if Defendant does not rectify its illegal acts within 30 days, Plaintiff intends to amend this

10   complaint to add claims for: a) actual damages; b) restitution of money to Plaintiff and class

11   members; c) punitive damages; d) attorneys' fees and costs; and e) other relief that this Court

12   deems proper.

13                              **SECOND CAUSE OF ACTION**

14                      **FALSE AND MISLEADING ADVERTISING**

15                      **(Cal. Bus. & Prof. Code §§ 17500, *et seq.*)**

16       45.    The preceding paragraphs of this Complaint are realleged and incorporated by

17   reference. Plaintiff asserts this claim for violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.* on

18   behalf of himself and the members of the Class.

19       46.    In violation of Section 17500, in connection with its sales of non-organic milk,

20   Defendant made or disseminated statements which are untrue or misleading, and which Defendant

21   knew (or by the exercise of reasonable care should have known) to be untrue or misleading.

22       47.    As a result of the violations of California law alleged herein, Defendant has been,

23   and will be, unjustly enriched at the expense of Plaintiff, the members of the Class and the general

24   public. Specifically, Defendant has been unjustly enriched by their receipt of monies from

25   consumers who purchased milk labeled organic that was not organic which is advertised and/or

26   otherwise marketed in this State, and is promoted and sold by Defendant through advertising and

27   marketing materials containing the false and misleading statements alleged herein.

28

CLASS ACTION COMPLAINT                          - 14 -

48.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests that this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired by means of such unfair competition, and for such other relief as set forth below.

### THIRD CAUSE OF ACTION

### NEGLIGENT MISREPRESENTATION

49.    The preceding paragraphs of this Complaint are realleged and incorporated by reference. Plaintiff asserts this claim for negligent misrepresentation on behalf of himself and the members of the Class.

50.    Defendant owed a duty to Plaintiff and members of the Class to exercise reasonable case in making representations about organic milk.

51.    These representations were negligently and recklessly made to potential customers and the general public through uniform misbranding, concealment and non-disclosure, through mass media and point-of-sale advertising, and through other information prepared or disseminated by Defendant. As a direct and proximate result of these misrepresentations, omissions and concealment, Plaintiff and the Class members have been damaged in and amount to be proven at trial.

52.    Defendant at all times knew that Plaintiff and the Class members relied (or should be presumed to have relied) upon the labeling and lack of labeling provided by Defendant, and the materiality of such labeling is established as a matter of state and federal Law. Defendant's concealment, misbranding and non-disclosure were intended to influence consumers' purchasing decisions and were done with reckless disregard for the rights of consumers. Plaintiff's and Class members' reliance was reasonably foreseeable by Defendant.

### FOURTH CAUSE OF ACTION

### COMMON LAW UNJUST ENRICHMENT

53.    This Cause of Action is pled in the alternative to all contract-based claims and/or causes of action at law.

CLASS ACTION COMPLAINT                         - 15 -

1    54.    Defendant has received a benefit from Plaintiff and the Class Members in the form

2    of the prices Plaintiff and the Class Members paid for Defendant's "organic" milk or milk products

3    during the relevant time period.

4        55.    Defendant is aware of its receipt of the above-described benefit.

5        56.    Defendant received the above-described benefit to the detriment of Plaintiff and

6    each of the other members of the Class.

7        57.    Defendant continues to retain the above-described benefit to the detriment of

8    Plaintiff and the Class Members.

9        58.    Under the circumstances, it would be inequitable for Defendant to retain the above

10   described benefit.

11       59.    As a result of Defendant's unjust enrichment, Plaintiff and the Class Members have

12   sustained damages in an amount to be determined at trial and seek full disgorgement and restitution

13   of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful or

14   wrongful conduct alleged above.

15                        **FIFTH CAUSE OF ACTION**

16                   **BREACH OF EXPRESS WARRANTY**

17       60.    Plaintiff hereby incorporates the preceding paragraphs by reference.

18       61.    Aurora sold its "organic" milk or milk products to retailers who sold that milk or

19   milk products to Plaintiff and the Class Members.

20       62.    At all times relevant to this action, Defendant falsely represented that its milk or

21   milk products were "organic" when they were not produced in compliance with the applicable

22   organic certification requirements, laws, standards and regulations.

23       63.    By its statements and representations about the "organic" status of its milk or milk

24   products, Defendant warranted the production process and condition of that "organic" milk or milk

25   products purchased by Plaintiff and the Class Members.

26       64.    Defendant made these representations and warranty statements to induce Plaintiff

27   and the Class Members to purchase Defendant's "organic" milk or milk products or was a material

28   factor in the decision of Plaintiff and the Class Members to purchase the milk or the milk products.

CLASS ACTION COMPLAINT                              - 16 -

1    65.    Due to its conduct alleged herein, Defendant's "organic" milk or milk products

2    failed to conform to each of these warranties.

3    66.    As a result of Defendant's conduct, Plaintiff and the Class Members have been

4    damaged.

5    67.    Within a reasonable time after Plaintiff and the Class Members knew or should have

6    known of the failure to conform, Plaintiff, individually and on behalf of the Class, placed

7    Defendant on notice thereof.

8    ## SIXTH CAUSE OF ACTION

9    **(California's Business & Professions Code §§ 17200, *et seq.*)**

10    68.    The preceding paragraphs of this Complaint are realleged and incorporated by

11    reference.  Plaintiff asserts this claim for violations of California's UCL, Bus. & Prof. Code

12    §§ 17200, *et seq.*, on behalf of himself and the members of the Class.

13    69.    Defendant's statements and representations constitute unfair, unlawful and

14    deceptive trade practices that have the capacity to and do deceive consumers, in violation of the

15    UCL.

16    70.    All of the wrongful conduct alleged herein occurs and continues to occur in the

17    conduct of Defendant's business.  Defendant's wrongful conduct is part of a pattern or generalized

18    course of conduct that is repeated in the State of California on hundreds, if not thousands, of

19    occasions daily.

20    71.    Plaintiff has suffered injury in fact and has lost money or property as a result of

21    Defendant's unfair, unlawful and/or deceptive practices by paying a higher price for milk labeled

22    as organic that was not organic.

23    72.    Plaintiff requests that this Court enter such orders or judgments as may be necessary

24    to enjoin the Defendant from continuing its unfair, unlawful, and/or deceptive practices, to restore

25    to any person in interest any money which may have been acquired by means of such unfair

26    competition and to disgorge any profits realized by Defendant as a result of its unfair, unlawful

27    and/or deceptive practices, as provided in Cal. Bus. & Prof. Code § 17203 and Cal. Civ.

28    Code § 3345, and for such other relief as set forth in the Prayer for Relief.

CLASS ACTION COMPLAINT                               - 17 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf all others similarly situated, respectfully requests that this Court enter a judgment against Defendant and in favor of Plaintiff, and grant the following relief:

A.     Determine that this action may be maintained as a Class action with respect to a state-wide Consumer Class; that the court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiff and her counsel to serve as Class Representative and Class Counsel;

B.     Declare, adjudge and decree the conduct of the Defendant as alleged herein to be unlawful, unfair and/or deceptive;

C.     Grant Plaintiff and all Class Members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

D.     Restore to Plaintiff and all Class Members all money or property which may have been acquired by means of such unfair competition and disgorgement all profits received by Defendant due to its unlawful, unfair and/or deceptive practices;

E.     An injunction ordering Defendant to stop the unlawful, unfair and deceptive conduct alleged herein;

F.     Grant Plaintiff and all Class Members awards of statutory damages, attorney's fees and costs;

G.     Grant Plaintiff and the Class Members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and

H.     Grant Plaintiff and the Class Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

CLASS ACTION COMPLAINT                         - 18 -

1

## DEMAND FOR TRIAL BY JURY

2      Plaintiff, by counsel, requests a trial by jury on those causes of actions set forth herein.

3      DATED: January 11, 2008                    HAGENS BERMAN SOBOL SHAPIRO LLP

4
                                                  By_____
5
                                                       SHANA E. SCARLETT
6
                                                  715 Hearst Avenue, Suite 202
7                                                 Berkeley, CA  94710
                                                  Telephone: (510) 725-3000
8                                                 Facsimile: (510) 725-3001
                                                  shanas@hbsslaw.com
9
                                                  Steve W. Berman
10                                                HAGENS BERMAN SOBOL SHAPIRO LLP
                                                  1301 Fifth Avenue, Suite 2900
11                                                Seattle, WA  98101
                                                  Telephone: (206) 623-7292
12                                                Facsimile: (206) 623-0594
                                                  steve@hbsslaw.com
13
                                                  Elizabeth A. Fegan
14                                                HAGENS BERMAN SOBOL SHAPIRO LLP
                                                  820 North Boulevard, Suite B
15                                                Oak Park, IL  60301
                                                  Telephone: (708) 776-5600
16                                                Facsimile: (708) 776-5601
                                                  beth@hbsslaw.com
17
                                                  Attorneys for Plaintiff
18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT                          - 19 -

1   LATHAM & WATKINS LLP
      Viviann C. Stapp (Bar No. 233036)
2   505 Montgomery Street, Suite 2000
    San Francisco, California 94111
3   Telephone: (415) 391-0600
    Facsimile: (415) 395-8095
4   Email: viviann.stapp@lw.com

5

6   *Attorney for Defendant Safeway Inc.*

7

8

9               UNITED STATES DISTRICT COURT FOR THE

10              NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13

14  THEADORA KING, individually, and          CASE NO:
    on behalf of those similarly situated,

15
                   Plaintiff,
16
                                              _____
17       v.
                                              **SAFEWAY INC.'S**
18  SAFEWAY INC.,                             **LOCAL RULE 3-14 NOTICE OF**
                                              **PENDENCY OF OTHER ACTIONS**
19                                            **OR PROCEEDINGS**
                   Defendant.
20
    _____
21

22

23

24

25

26

27

28

1    Defendant Safeway Inc. ("Safeway"), by its counsel, hereby provides,

2  pursuant to Local Rule 3-14, notice of the pendency of other actions or

3  proceedings.  This action is related to several actions that are currently before the

4  Judicial Panel on Multidistrict Litigation and other courts and that involve the use

5  of the "USDA Organic" seal.

| PARTIES | COURT |
|---|---|
| Plaintiffs:<br>Kristine Mothershead and Leonie Lloyd, individually and on behalf of all others similarly situated<br><br>Defendant:<br>Aurora Dairy Corporation d/b/a Aurora Organic Dairy | E.D. Missouri, Eastern Division<br>Case No. 4:07-cv-01701-CAS |
| Plaintiffs:<br>Maya Fiallos, individually and on behalf of all others similarly situated<br><br>Defendant:<br>Aurora Dairy Corporation d/b/a Aurora Organic Dairy | S.D. Florida, Southern Division<br>Case No. 1:07-cv-22748-AJ |
| Plaintiffs:<br>Rebecca and Fernando Freyre, on behalf of themselves and all others similarly situated<br><br>Defendant:<br>Aurora Dairy Corporation | D. Colorado<br>Case No. 1:07-cv-02183-EWN-CBS |
| Plaintiffs:<br>Mona Still, Helen Phillips, Eve Hana, Jeanmarie Zirger, Kim King, Noelle Fincham, Oksana Jensen, Gabriela Waschewsky, Laurelanne Davis, Debbie Millikan, Joan Scheutz, Sandie Regan, Steve Shriver, Mary Elbertai, Eileen Ptak, Cynthia Roche-Cotter, Kristen Finnegan, Amy Forsman, Joy Beckner, Naomi Mardock, Olive Knaus, Liana Hoodes, Donita Robinson, Ilene Rachford, Lisa Hopkins, Caryn Poirier, Erin Diserens, Tammy Coselli, Debra Haines, Debra Schmidt, Hans Kueck<br><br>Defendant:<br>Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | D. Colorado<br>Case No. 1:07-cv-02188-WDM |

| PARTIES | COURT |
|---|---|
| Plaintiff:<br>Brenda Gallardo, an individual<br><br>Defendant:<br>Aurora Dairy Corporation d/b/a Aurora Organic Dairy | N.D. California<br>Case No. 3:07-cv-05331-MJJ |
| Plaintiffs:<br>Hillary White and Lynn Michalson, individually and on behalf of all others similarly situated<br><br>Defendant:<br>Aurora Dairy Corporation d/b/a Aurora Organic Dairy | S.D. New York<br>Case No. 07-CIV-9418 |
| Plaintiffs:<br>Ilsa Lee Kaye, individually and on behalf of all others similarly situated<br><br>Defendant:<br>Aurora Dairy Corporation d/b/a Aurora Organic Dairy | E.D. New York<br>Case No. 2:07-cv-04425-DRH-ETB |
| Plaintiffs:<br>Elizabeth Cockrell, individually and on behalf of all others similarly situation<br><br>Defendant:<br>Aurora Dairy Corporation d/b/a Aurora Organic Dairy | D. Colorado<br>Case No. 1:07-cv-02285-LTB |
| Plaintiffs:<br>Jim Snell, Steve Clark, John Barrera, Joseph Villari, Elida Gollomp, Claire M. Theodore and Elisabeth Banse, on behalf of themselves and all other similarly situated<br><br>Defendants:<br>Aurora Dairy Corporation, d/b/a Aurora Organic Dairy, Wild Oats Market, Inc., Costco Wholesale Corporation, Safeway Inc., Wal-Mart Stores, Inc. | D. Colorado<br>Case No. 07-cv-02449 |
| Plaintiffs:<br>Margot A. West, and Richard E. Ehly, individually and on behalf of a class of all others similarly situated<br><br>Defendant:<br>Aurora Dairy Corporation, d/b/a Aurora Organic Dairy | D. Colorado<br>Case No. 1:07-cv-02625-JLK |

| PARTIES | COURT |
|---------|-------|
| Plaintiff:<br>Fayetta Cowan<br><br>Defendants:<br>Aurora Dairy Corporation, d/b/a Aurora Organic Dairy and Wal-Mart Stores, Inc. | S.D. Indiana<br>Case No. 08-cv-00157-RLY-WTL |
| Plaintiff:<br>Channing Hesse, individually and on behalf of a class of all others similarly situated<br><br>Defendant:<br>Costco Wholesale Corporation | W.D. Washington (Seattle)<br>Case No. 07-cv-01975-MJP |
| Plaintiff:<br>Shawn Riley, individually and on behalf of all others similarly situated<br><br>Defendant:<br>Safeway Inc. | N.D. California (San Francisco)<br>Case No. 07-cv-06174-JCS |
| Plaintiffs:<br>Patrick and Caryn Hudspeth, individually and on behalf of a class of all others similarly situated<br><br>Defendant:<br>Target Corp. | D. Minnesota (St. Paul)<br>Case No. 07-cv-04755-PJS-JJG |
| Plaintiff:<br>Vicki M. Tysseling-Mattiace, individually and on behalf of a class of all others similarly situated<br><br>Defendant:<br>Wild Oats Markets, Inc. | D. Colorado (Denver)<br>Case No. 07-cv-02622-WYD-BNB |
| Plaintiff:<br>Paul Bowen, individually and on behalf of all others similarly situated<br><br>Defendant:<br>Wal-Mart Stores, Inc. | E.D. Arkansas (Little Rock)<br>Case No.<br>08-cv-00010-JLH |

| PARTIES | COURT |
|---------|-------|
| Plaintiff:<br>Nicolle DiSimone, individually and on behalf of those similarly situated<br><br>Defendants:<br>Aurora Dairy Corporation, doing business as Aurora Organic Dairy, Case Vander Eyk, Jr., doing business as Case Vander Eyk, Jr. Dairy, QAI, Inc., doing business as Quality Assurance International, and DOES 1-100, inclusive | C.D. California<br><br>Case No. 08-0746-DSF-VBK |

Dated:  February 19, 2008

Respectfully submitted,

COUNSEL FOR DEFENDANT
SAFEWAY INC.

By:_____

LATHAM & WATKINS LLP
  Viviann C. Stapp (Bar No. 233036)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:  (415) 391-0600
Facsimile:  (415) 395-8095
Email: viviann.stapp@lw.com

1  LATHAM & WATKINS LLP
   Viviann C. Stapp (Bar No. 233036)
2  505 Montgomery Street, Suite 2000
   San Francisco, California 94111
3  Telephone: (415) 391-0600
   Facsimile: (415) 395-8095
4  Email: viviann.stapp@lw.com

5

6  *Attorney for Defendant Safeway Inc.*

7

8

9                    **UNITED STATES DISTRICT COURT FOR THE**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                        **SAN FRANCISCO DIVISION**

12

13  THEADORA KING, individually, and on          CASE NO:
14  behalf of those similarly situated,

15            Plaintiff,                          _____

16       v.                                       **DECLARATION OF LAURA A. DONALD**

17  SAFEWAY INC.,

18            Defendant.

19  _____

20

21

22

23

24

25

26

27

28                                               DECLARATION OF LAURA A. DONALD
LATHAM&WATKINS⸱⸱
ATTORNEYS AT LAW

1   I, Laura A. Donald, do hereby declare as follows:

2        1.      I am Assistant Vice President and Assistant Secretary at Safeway Inc.

3   ("Safeway"). I make this declaration based upon my personal knowledge and review of available

4   documentation.

5        2.      I am knowledgeable concerning the amount and value of Safeway's sales of milk

6   provided to Safeway by Aurora Dairy Corporation ("Aurora").

7        3.      I am also knowledgeable concerning the location of Safeway retail stores in

8   California.

9        4.      During the class period alleged in Plaintiff's Complaint (i.e., December 5, 2003

10   through October 15, 2007), Safeway sold more than $5 million worth of milk supplied by Aurora

11   in California, as measured by the retail price members of the proposed class would have paid.

12        5.      Safeway has many stores in California which are close to, or encroach upon, the

13   borders of other states (e.g., Lake Tahoe, California). These stores obtained organic milk supplied

14   by Aurora through Safeway's distribution center in California. Citizens of other states (e.g.,

15   Nevada) purchase milk from these stores.

16        I declare under penalty of perjury that the foregoing is true and correct to the best of my

17   knowledge, information and belief.

18   Dated: February 19, 2008

19                                              Laura A. Donald

20

21

22

23

24

25

26

27

28
LATHAM&WATKINS ᴸᴸᴾ                                          DECLARATION OF LAURA A. DONALD]
ATTORNEYS AT LAW

*60482235*

*For Court Use Only*

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>SHANA E. SCARLETT ESQ, Bar #217895<br>HAGENS, BERMAN, SOBOL, SHAPIRO<br>715 HEARST AVENUE, STE 202<br>BERKELEY, CA 94710<br>*Telephone No:* 510-725-3000    *FAX No:* 510-725-3001 | **FILED**<br>ALAMEDA COUNTY<br><br>JAN 2 2 2008 |

*Ref. No. or File No.:*
10004-11

*Attorney for:* Plaintiff

*Insert name of Court, and Judicial District and Branch Court:*
ALAMEDA County SUPERIOR Court NORTHERN DIVISION Branch

CLERK OF THE SUPERIOR COURT
By _____ Deputy

*Plaintiff:* KING
*Defendant:* SAFEWAY

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>RG08365602 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS (AND) COMPLAINT; , CIVIL CASE COVER SHEET

*3. a. Party served:*      SAFEWAY, INC.
  *b. Person served:*     BECKY DEGEORGE, AGENT FOR SERVICE

*4. Address where the party was served:*    CSC
                                          2730 GATEWAY OAKS DRIVE, STE 100
                                          SACRAMENTO, CA 95833

*5. I served the party:*
  *a.* **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to receive service of
      process for the party (1) on: Thu., Jan. 17, 2008 (2) at: 2:05PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
  *a.* as an individual defendant

*7.* ***Person Who Served Papers:***
  a. PHIL OLIVAS

Recoverable Cost Per CCP 1033.5(a)(4)(B)
  d. *The Fee for Service was:*    $74.60

  e. I am: (3) registered California process server
        *(i)*   Employee
        *(ii)*   Registration No.:     #93-027
        *(iii)* County:             SACRAMENTO

**ONE HOUR LEGAL**
1280 BOULEVARD WAY #205
WALNUT CREEK, CA 94595
(925) 947-3470
FAX (925) 947-3480
WWW.ONEHOUR.NET

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Fri, Jan. 18, 2008

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLAINT

(PHIL OLIVAS)

hagess.10134

CM-010

*6047659*

**ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):**
Shana E. Scarlett, SBN 217895
Hagens Berman Sobol Shapiro LLP
715 Hearst Ave., Suite 202

TELEPHONE NO.: (510) 725-3000     FAX NO.: (510) 725-3001
ATTORNEY FOR (Name): Plaintiff Teddy King

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: René C. Davidson Alameda County Courthouse

CASE NAME:
King v. Safeway, Inc.

F I L E D
ALAMEDA COUNTY
JAN 1 1 2008
CLERK OF THE SUPERIOR COURT
By _____ Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 0 8 3 6 5 6 0 2 |
|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
✓ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
✓ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
✓ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ✓ Large number of separately represented parties
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify):  6: UCL, CLRA, False adv.,Negl. Misrep., Unjust enrich., Breach Exp. Warr.
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date:
Shana E. Scarlett                                          ► _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

ORIGINAL



**M-100**

## SUMMONS
### (CITACION JUDICIAL)

*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Safeway, Inc.

F I L E D
ALAMEDA COUNTY

JAN 1 1 2008

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Theadora King

CLERK OF THE SUPERIOR COURT
By
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>René C. Davidson Alameda County Courthouse<br>1225 Fallon St.,<br>Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):* VG 0 8 3 6 5 6 0 2 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shana E. Scarlett, Hagens Berman Sobol Shapiro, LLP,
715 Hearst Avenue, Suite 202, Berkeley, CA 94710

| DATE: JAN 1 1 2008 | PAT S. SWEETEN | Clerk, by<br>*(Secretario)* | Kmil Chilton | , Deputy |
| *(Fecha)* | | | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Safeway, Inc.

under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

*6048239*

1   Shana E. Scarlett (217895)
    HAGENS BERMAN SOBOL SHAPIRO LLP
2   715 Hearst Avenue, Suite 202
    Berkeley, CA 94710
3   Telephone: (510) 725-3000
    Facsimile: (510) 725-3001
4   shanas@hbsslaw.com

5   Steve W. Berman
    HAGENS BERMAN SOBOL SHAPIRO LLP
6   1301 Fifth Avenue, Suite 2900
    Seattle, WA 98101
7   Telephone: (206) 623-7292
    Facsimile: (206) 623-0594
8   steve@hbsslaw.com

9   Elizabeth A. Fegan
    HAGENS BERMAN SOBOL SHAPIRO LLP
10  820 North Boulevard, Suite B
    Oak Park, IL 60301
11  Telephone: (708) 776-5600
    Facsimile: (708) 776-5601
12  beth@hbsslaw.com

13  Attorneys for Plaintiff

14                      SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                                 COUNTY OF ALAMEDA

16

17
    THEADORA KING, individually and on behalf )   No. RG 08365602
18  of all others similarly situated,          )
                                               )
19                              Plaintiff,     )   PROOF OF SERVICE
                                               )
20          v.                                 )
                                               )
21  SAFEWAY, INC.,                             )
                                               )   Hon. Cecilia P. Castellanos
22                              Defendant.     )
                                               )
23

24

25

26

27

28

F I L E D
ALAMEDA COUNTY

JAN 2 2 2008

CLERK OF THE SUPERIOR COURT
By_____ Deputy

ORIGINAL

1    I, the undersigned, declare:

2    1.    That declarant is and was, at all times herein mentioned, a citizen of the United

3    States and is employed in the city of Berkeley, California, over the age of 18 years, and not a party

4    to or interested in the within action; that declarant's business address is 715 Hearst Avenue, Suite

5    202, Berkeley, California 94710.

6    2.    That on January 22, 2008, declarant served the following documents by overnight

7    delivery by placing a true copy thereof in a sealed envelope addressed to the parties listed on the

8    attached Service List:

9        • Notice of Case Management Conference and Order;

10        • Notice of Judicial Assignment for All Purposes

11    3.    That there is a regular communication by mail between the place of mailing and the

12    places so addressed.

13    I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd

14    day of January, 2008, at Berkeley, California.

15

16                                KIRSTEN ERICKSON

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE - RG 08365602                - 1 -



*King v. Safeway, Inc.*
Superior Court of California, County of Alameda
Case No. RG 08365602
January 22, 2008

## Counsel for Defendant Safeway, Inc.

Registered Agent:

Corporation Service Company
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

Г Hafens Berman Sobal Shapiro LLp
Attn: Scarlett, Shana E.
715 Hearst Ave
Ste 202
L Berkeley, CA  94710-____

## Superior Court of California, County of Alameda

| King | No. RG08365602 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Safeway, Inc. | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.

Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 05/29/2008 | Department: 18 | Judge: Cecilia P. Castellanos |
|---|---|---|
| Time: 08:30 AM | Location: **Administration Building** | Clerk: May Choo |
| | **Third Floor** | Clerk telephone: (510) 267-6934 |
| | **1221 Oak Street, Oakland CA 94612** | E-mail: |
| | | Dept.18@alameda.courts.ca.gov |
| | Internet: http://www.alameda.courts.ca.gov | Fax: (510) 267-1506 |

### ORDERS

1.  You must:
    a.  **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
    b.  **Give notice** of this conference to any party not included in this notice and file proof of service;
    c.  **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than **30** calendar days before the date set for the Case Management Conference;
    d.  **File and serve** a completed Case Management Conference Statement (use of Judicial Council Form CM 110 is mandatory) at least **15** days before the Case Management Conference (CRC 3.725)

2.  If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4.  The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
    a.  Referring to ADR and setting an ADR completion date
    b.  Dismissing or severing claims or parties
    c.  Setting a trial date.

*Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/17/2008.

By _____

Deputy Clerk

## Superior Court of California, County of Alameda



## Notice of Judicial Assignment for All Purposes

Case Number: RG08365602
Case Title:    King VS Safeway, Inc.
Date of Filing: 01/11/2008

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

This case is hereby assigned for all purposes to:

| | |
|---|---|
| **Judge:** | **Cecilia P. Castellanos** |
| **Department:** | **18** |
| **Address:** | **Administration Building** |
| | **1221 Oak Street** |
| | **Oakland CA 94612** |
| **Phone Number:** | **(510) 267-6934** |
| **Fax Number:** | **(510) 267-1506** |
| **Email Address:** | **Dept.18@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULE 3.135.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Cecilia P. Castellanos
DEPARTMENT 18

Counsel are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:
http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

The parties are always encouraged to consider using various alternatives to litigation, including mediation and arbitration, prior to the Initial Case Management Conference. The Court may refer parties to alternative dispute resolution resources.

## Schedule for Department 18

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays, Tuesdays, Wednesdays and Thursdays from 9:30 a.m. to 4:30 p.m.
- Case Management Conferences are held: Initial Case Management Conferences: Tuesdays, Wednesdays, Thursdays at 8:30 a.m.
- Case Management Conference Continuances: Monday through Friday at 8:45 a.m.
- Law and Motion matters are heard: Tuesdays at 4:00 p.m. and Fridays at 1:30 p.m.
- Settlement Conferences are heard: Fridays at 9:30 a.m.
- Ex Parte matters are heard: Tuesdays and Thursdays at 9:00 a.m.

## Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email:     Dept.18@alameda.courts.ca.gov

  For all Law & Motion reservations, email Department 18 at the email address provided or fax the request to (510) 267-6990

- Ex Parte Matters
  Email:     Dept.18@alameda.courts.ca.gov

  FAX:       (510)267-6990

## Tentative Rulings

The court will issue tentative rulings in accordance with the Local Rule 3.30(c). Tentative rulings will become the Court's order unless contested. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 18
- Phone: 1-866-223-2244

Dated: 01/16/2008                    Executive Officer / Clerk of the Superior Court

                            By      _____
                                              Deputy Clerk

---

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and
not a party to this cause. I served this Notice by placing copies in envelopes addressed as
shown on the attached Notice of Initial Case Management Conference and then by sealing
and placing them for collection, stamping or metering with prepaid postage, and mailing on
the date stated below, in the United States mail at Alameda County, California, following
standard court practices.

Executed on 01/17/2008

                            By      _____
                                              Deputy Clerk

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 505 Montgomery Street, Suite 2000, San Francisco, California 94111.

On **February 19, 2008**, I served the following documents described as:

### SAFEWAY INC.'S NOTICE OF REMOVAL WITH EXHIBITS AND CIVIL COVER SHEET

### SAFEWAY INC.'S CERTIFICATION OF INTERESTED ENTITIES AND F.R.C.P. 7.1 DISCLOSURES

### SAFEWAY INC.'S LOCAL RULE 3-14 NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP's interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service.

### SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **February 19, 2008**, at San Francisco, California.

_____
Viviann C. Stapp

## SERVICE LIST

| | |
|---|---|
| Shana E. Scarlett<br>Hagens Berman Sobol Shapiro LLP<br>715 Hearst Ave., Suite 202<br>Berkeley, CA 94710 | **ATTORNEY FOR PLAINTIFF** |
| Steve W. Berman<br>Hagens Berman Sobol Shapiro LLP<br>1301 5th Ave., Suite 2900<br>Seattle, WA 98101 | **ATTORNEY FOR PLAINTIFF** |
| Elizabeth A. Fegan<br>Hagens Berman Sobol Shapiro LLP<br>820 North Blvd., Suite B<br>Oak Park, IL 60301 | **ATTORNEY FOR PLAINTIFF** |