LATHAM & WATKINS LLP
Viviann C. Stapp (Bar No. 233036)
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: viviann.stapp@lw.com

Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice* pending)
Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice* pending)
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Emails: mark.mester@lw.com
        livia.kiser@lw.com

*Attorneys for Defendant Safeway Inc.*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| THEADORA KING, individually, and on behalf of those similarly situated, | CASE NO: |
|---|---|
| Plaintiff, | **CV-08-0999-EDL** |
| v. | |
| SAFEWAY INC., | **DEFENDANT SAFEWAY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| Defendant. | |

LATHAM&WATKINS

ATTORNEYS AT LAW
SAN FRANCISCO

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1           Defendant Safeway Inc. ("Safeway" or "Defendant"), by its counsel, as its

2    Answer and Affirmative Defenses to the Class Action Complaint of Plaintiff Theadora King

3    ("Plaintiff"), states as follows:

4           1.    This class action and representative action seeks relief on behalf of Plaintiff and

5    the members of the Class for injuries sustained by them as a result of Safeway, Inc.'s [sic]

6    ("Safeway") deceptive marketing of milk as organic when the milk is not, in fact, organic and

7    Safeway's increase in gross sales and sales price.

8    **ANSWER**:

9           Safeway denies that it deceptively marketed or sold any of its organic milk.

10   Safeway admits that Plaintiff purports to seek relief on behalf of a proposed class for Safeway's

11   allegedly "deceptive" marketing and sale of organic milk.  Safeway further denies that class

12   certification is appropriate and expressly denies that any claims in this action are appropriate for

13   class treatment.  Safeway denies that Plaintiff, or anyone else, is entitled to any relief

14   whatsoever, including, but not limited to, the relief requested in Plaintiff's Complaint.  By way

15   of further response, Safeway affirmatively states that it purchases its organic milk from dairies

16   whose products and operations are certified "USDA Organic" by one or more United States

17   Department of Agriculture ("USDA") accredited certifying agents, pursuant to the authority

18   vested in those agents by the USDA under the Organic Foods Production Act of 1990 ("OFPA")

19   and the National Organic Program ("NOP").  Except as expressly admitted, Safeway denies the

20   remaining allegations in Paragraph 1.

21          2.    During the Class Period, Defendant, which is one of the largest food and drug

22   retailers in North America, violated its duty to inform customers that the "O"-label organic milk

23   is not organic.  Defendant's nondisclosure of this material fact constitutes misrepresentation,

24   unfair, unlawful, fraudulent, and/or deceptive business practices in violation of California's

25   consumer protection laws.  The materiality of this information is proven directly by federal and

26   state regulations which, at all relevant times, required Defendant to inform consumers that milk

27   that they were purchasing was not organic.  Defendant flagrantly violated and, in some cases,

28   continue to violate these regulations.

LATHAM&WATKINS LLP

ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  **ANSWER**:

2         Safeway denies the allegations in Paragraph 2 and expressly denies committing

3  any misrepresentations or any "unfair, unlawful, fraudulent and/or deceptive business practices"

4  in California or anywhere else.  Safeway further denies that class certification is appropriate and

5  expressly denies that any claims in this action are appropriate for class treatment.  By way of

6  further response, Safeway affirmatively states that it purchases its organic milk from dairies

7  whose products and operations are certified "USDA Organic" by one or more USDA-accredited

8  certifying agents, pursuant to the authority vested in those agents by the USDA under the OFPA

9  and the NOP.

10        3.    As a result of Defendant's misbranding, concealment and nondisclosure,

11  customers are misled to purchase the organic milk and/or to pay a greater price than they would

12  otherwise pay.  Defendant has been unjustly enriched at the expense of these consumers.

13  **ANSWER**:

14        Safeway denies the allegations in Paragraph 3 and expressly denies that it

15  engaged in any "misbranding, concealment and nondisclosure" of its organic milk.

16        4.    This is a class action and a representative action brought by Plaintiff, who

17  purchased organic milk from Defendant in the State of California during the Class Period.

18  **ANSWER**:

19        Safeway admits that Plaintiff purports to bring a class action and a representative

20  action on behalf of those "who purchased organic milk from Defendant in the State of

21  California" during a defined "Class Period."  Safeway denies that class certification is

22  appropriate and expressly denies that any claims in this action are appropriate for class treatment.

23  Safeway is without knowledge or information sufficient to form a belief as to the truth or falsity

24  of the allegations contained in Paragraph 4 regarding Plaintiff and her purchasing of organic milk

25  and, on that basis, denies them.  Except as expressly admitted, Safeway denies the remaining

26  allegations in Paragraph 4.

27        5.    This Court has subject-matter jurisdiction over this representative action pursuant

28  to Bus. & Prof. Code §§ 17204 and 17535.  This Court has personal jurisdiction over the parties

LATHAM&WATKINS™

ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1 | because Plaintiff submits to the jurisdiction of the Court and Defendant Safeway, Inc.'s [sic]

2 | principal place of business is located in Pleasanton, California, and a substantial portion of the

3 | wrongdoing alleged in this Complaint took place in California, so as to render the exercise of

4 | jurisdiction over it by California courts permissible under traditional notions of fair play and

5 | substantial justice.

6 | **ANSWER**:

7 | Safeway admits that its principal place of business is in Pleasanton, California.

8 | Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 5. By way

9 | of further response, Safeway affirmatively states that it has removed this action to the United

10 | States District Court for the Northern District of California pursuant to 28 U.S.C. § 1332.

11 | 8. [Sic] This litigation may not removed to federal court under 28 U.S.C. § 1332 as

12 | amended by the Class Action Fairness Act of 2005, because the members of the Plaintiff Class

13 | are citizens of the same state, California, as Defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Further,

14 | Plaintiffs assert no federal question and/or violations of federal law.

15 | **ANSWER**:

16 | Safeway denies the allegations in Paragraph 8.

17 | 9. Venue is proper in this Court pursuant to Bus. & Prof. Code §§ 17204 and 17535

18 | and Civ. Code § 1780 (c) because Defendant conducts business in the County of Alameda and in

19 | the State of California, including marketing, advertising, and sales directed to California

20 | residents. Further, at all times mentioned in this Complaint, Defendant made misrepresentations

21 | and material omissions to residents of the County of Alameda and the State of California.

22 | **ANSWER**:

23 | Safeway admits that it conducts business in the State of California, including the

24 | County of Alameda. Safeway denies that it made any "misrepresentations and material

25 | omissions" whatsoever to Plaintiff, the residents of the State of California and the County of

26 | Alameda or anyone else. Except as expressly admitted, Safeway denies the remaining

27 | allegations in Paragraph 9. By way of further response, Safeway affirmatively states that it has

28 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  removed this action to the United States District Court for the Northern District of California

2  pursuant to 28 U.S.C. § 1332.

3          10.     The amount in controversy exceeds the jurisdictional minimum of this Court.

4  **ANSWER**:

5          Safeway admits that the amount in controversy exceeds $5,000,000.  Except as

6  expressly admitted, Safeway denies the remaining allegations in Paragraph 10.  By way of

7  further response, Safeway affirmatively states that it has removed this action to the United States

8  District Court for the Northern District of California pursuant to 28 U.S.C. § 1332.

9          11.     Plaintiff Theadora King is a resident of Alameda County, California and a citizen

10 of the State of California.  Plaintiff purchased the store-brand organic milk from Defendant

11 Safeway at its stores in California on numerous occasions throughout the class period.  This milk

12 was produced by Aurora Dairy Corp.  and branded as a private label brand by Safeway.  Plaintiff

13 utilized the organic milk produced and sold by Defendant for her own and her family's own

14 consumption.  Plaintiff decided to purchase "organic" milk, and indeed paid a premium price for

15 that "organic" milk, because she believed that it contained fewer additives and was healthier for

16 her consumption than non-organic milk.

17 **ANSWER**:

18         Safeway admits that some, but not all, of the organic milk that it sells is supplied

19 by Aurora Dairy Corporation, d/b/a Aurora Organic Dairy ("Aurora").  Safeway is without

20 knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

21 contained in Paragraph 11 regarding Plaintiff, her purchasing decisions and her use of organic

22 milk and, on that basis, denies them.  Except as expressly admitted, Safeway denies the

23 remaining allegations in Paragraph 11.

24         12.     Safeway is a Delaware corporation with its principal place of business in

25 Pleasanton, California.  Safeway is one of the largest food and drug retailers in North America.

26 As of September 8, 2007, the company operated 520 stores in the State of California, which is

27 more than one-third of its total stores nationwide.

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  **ANSWER**:

2         Safeway admits the allegations in the first and second sentences of Paragraph 12.

3  Safeway further admits that, as of September 8, 2007, it operated 520 stores in the State of

4  California and 1,518 stores in the United States.  Except as expressly admitted, Safeway denies

5  the remaining allegations in Paragraph 12.

6         13.     Safeway sold its "organic" milk to Plaintiff and the Class under its store "O"

7  brand.  The "organic" milk was contained in cartons that specifically represented that the milk

8  was certified organic milk, despite the fact that it was not organic.  Aurora labels its purportedly

9  organic milk with an organic certified label.  This label is supposed to assure consumers that

10  Aurora's milk complies with the Organic Foods Production Act of 1990 (7 U.S.C. §§ 6501, *et*

11  *seq.*) and its implementing regulations (7 C.F.R. Part 205).  Plaintiff and the Class Members they

12  represent pay premium prices for Safeway's "organic" milk.

13  **ANSWER**:

14         The OFPA (7 U.S.C. 6501, et seq.) and the NOP regulations (7 C.F.R. Part 205, et

15  seq.) speak for themselves, and to the extent that the allegations in Paragraph 13 vary therewith,

16  Safeway denies those allegations.  The "cartons" referred to in Paragraph 13 further speak for

17  themselves, and to the extent that the allegations in Paragraph 13 vary therewith, Safeway denies

18  those allegations.  Safeway admits that some, but not all, of the organic milk it sells is supplied

19  by Aurora.  Safeway further admits that Aurora represents that its milk is "USDA Organic"

20  because it is, and has been at all times relevant hereto, certified organic by two certifying agents

21  -- the Colorado Department of Agriculture ("CDA") and Quality Assurance International

22  ("QAI") -- acting pursuant to the authority vested in them by the USDA under the OFPA and the

23  NOP.  Safeway is without knowledge or information sufficient to form a belief as to the truth or

24  falsity of the allegations contained in Paragraph 13 regarding Plaintiff and, on that basis, denies

25  them.  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 13

26  and expressly denies that class treatment is appropriate.

27         14.     Safeway is and has been selling milk or milk products that it represents to be

28  "organic," when, in fact, the milk is not organic throughout the time period of December 5, 2003

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  through October 15, 2007 ("class period" or "relevant time period").  Safeway sells this milk to

2  consumers directly using its own brand name "O."

3  **ANSWER**:

4          Safeway denies that it has sold "milk or milk products that it represents to be

5  'organic' when, in fact, the milk is not organic."  Safeway admits that it sells its organic milk

6  with the label "USDA Organic" because it purchases its organic milk from dairies whose

7  products and operations are certified "USDA Organic" by one or more USDA-accredited

8  certifying agents, pursuant to the authority vested in those agents by the USDA under the OFPA

9  and the NOP.  Except as expressly admitted, Safeway denies the remaining allegations in

10  Paragraph 14 and expressly denies that class treatment is appropriate.

11          15.     The market for organic milk has boomed in recent years.  According to the United

12  States Department of Agriculture ("USDA"), total milk or milk products production in the

13  United States in 2004 was 170 billion pounds.  Fluid milk or milk products sales since 1975 have

14  been steady at approximately $11 billion per year.  Currently, organic fluid milk or milk products

15  sales represent about 18% of overall sales.  In 2005, total organic dairy sales were approximately

16  $2 billion.  The organic dairy sector is annually growing at an approximate rate of 16%.

17  **ANSWER**:

18          Safeway is without knowledge or information sufficient to form a belief as to the

19  truth or falsity of the allegations contained in Paragraph 15 and, on that basis, denies them.

20  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 15.

21          16.     Consumers rely on manufacturers and sellers of milk or milk products to

22  determine what milk is in fact organic.  As Aurora Dairy, from which Safeway obtained the milk

23  labeled under its "O" brand, expressly recognizes, "Organic certification is the public's

24  assurance that products have been grown and handled according to strict procedures without

25  persistent toxic chemical inputs."  http://www.auroraorganic.com/aodweb/site/

26  itemcontent.Aspx?icategoryid=6.

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  **ANSWER**:

2         The material from Aurora's website speaks for itself, and to the extent that the

3  allegations in Paragraph 16 vary therewith, Safeway denies those allegations.  Safeway admits

4  that some, but not all, of the organic milk it sells is supplied by Aurora.  Safeway is without

5  knowledge or information sufficient to form a belief as to the truth or falsity of the allegations

6  contained in Paragraph 16 regarding upon what Plaintiff or others "rely" and, on that basis,

7  denies them.  Except as expressly admitted, Safeway denies the remaining allegations in

8  Paragraph 16.

9         17.     The USDA has set forth four requirements that must be satisfied for milk to be

10  labeled as "USDA Organic":  (a) the milk must not come from cows that have been treated with

11  Bovine Growth Hormone; (b) the milk must not come from cows that have been treated with

12  antibiotics; (c) the milk producing cows must only eat feed that has been grown without

13  pesticides; and (d) the milk must come from cows that have some "access to pasture."

14  **ANSWER**:

15         The requirements for organic production detailed in the OFPA (7 U.S.C. 6501, et

16  seq.) and the NOP regulations (7 C.F.R. Part 205, et seq.) speak for themselves, and to the extent

17  that the allegations in Paragraph 17 vary therewith, Safeway denies those allegations.  Except as

18  expressly admitted, Safeway denies the remaining allegations in Paragraph 17.

19         18.     In order to sell or label an agricultural product as organically produced, the

20  product must be produced and handled in compliance with the Organic Foods Production Act of

21  1990 ("OFPA"), See 7 U.S.C. 6505(a)(1)(A), and the USDA adopted regulations, see 7 C.F.R.

22  Part 205, et seq.

23  **ANSWER**:

24         The requirements for organic production detailed in the OFPA (7 U.S.C. 6501, et

25  seq.) and the NOP regulations (7 C.F.R. Part 205, et seq.) speak for themselves, and to the extent

26  that the allegations in Paragraph 18 vary therewith, Safeway denies those allegations.  Except as

27  expressly admitted, Safeway denies the remaining allegations in Paragraph 18.

28         19.     By marketing, selling, or otherwise representing that its milk was "organic,"

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  Safeway represented that the milk abides by these laws and regulations and that the milk is

2  "organic."

3  **ANSWER**:

4        Safeway admits that it sells its organic milk with the label "USDA Organic"

5  because it purchases its organic milk from dairies whose products and operations are certified

6  "USDA Organic" by one or more USDA-accredited certifying agents, pursuant to the authority

7  vested in those agents by the USDA under the OFPA and the NOP.  Except as expressly

8  admitted, Safeway denies the remaining allegations in Paragraph 19.

9        20.    Specifically, Safeway included labels on its "O" brand milk that stated, in whole

10  or in part, as follows:

11        **Description** :
       Organic Fat Free Milk
12        **Ingredients:**
       Organic Grade A Fat Free Milk, Vitamin A Palmitate, Vitamin D3
13        **Product Attributes:**
       Organic
14        Kosher
       FatFree
15
       **Product Details:**
16        Ultra-Pasteurized Vitamins A & D added.  USDA Organic.  Grade
       A:  Ultra-Pasteurized:  Homogenized.  Organic from the Source.
17        There's a lot that goes into a good glass of milk.  It starts with the
       land.  Our daily Pastures are environmentally friendly, maintained
18        with the use of recognized organic horticultural practices.  The
       dairy cows that produce O Organics Milk enjoy a healthy mix of
19        fresh air, plenty of exercise, clean drinking water and a
       wholesome, 100% certified organic diet - and they are not given
20        growth hormones or treated with antibiotics.  All of these practices
       support sustainable farming, which is good for the environment.
21        good for the cows and good for the milk.  That's why our O
       Organics Milk tastes like milk should, fresh and pure.  To be
22        certified organic, dairy cows must be managed under organic
       livestock practices at least one year before milking.  Their feed
23        must be grown on land that has been under organic cultivation
       practices for a minimum of three years.  Certified Organic
24

25  **ANSWER**:

26        The labels referred to in Paragraph 20 speak for themselves, and to the extent that the

27  allegations in Paragraph 20 vary therewith, Safeway denies those allegations.  Except as

28  expressly admitted, Safeway denies the remaining allegations in Paragraph 20.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

21.    On the carton of Safeway's *O* Organics Milk is the following statement:

ORGANICS

*Organic from the Source*

There's a lot that goes into a good glass of milk.  It starts with the land.  Our dairy pastures are environmentally friendly, maintained with the use of recognized organic horticultural practices.  The dairy cows that produce *O* Organics Milk enjoy a healthy mix of fresh air, plenty of exercise, clean drinking water and a wholesome, 100% certified organic diet – and they are not given growth hormones or treated with antibiotics.

All of these practices support sustainable farming, which is good for the environment, good for the cows and good for the milk.  That's why our *O* Organics Milk tastes like milk should – fresh and pure.

The carton also states:

ORGANICS

organic

Fat Free Milk

Vitamins A & D Added
Grade A • Pasteurized • Homogonized

"To be certified organic, dairy cows, must be managed under organic livestock practices at least on eyear [sic] before milking.  Their feed must be grown on land that has been under organic cultivation practices for a minimum of three years."

**ANSWER**:

The carton referred to in Paragraph 21 speaks for itself, and to the extent that the

allegations in Paragraph 21 vary therewith, Safeway denies those allegations.  Except as

expressly admitted, Safeway denies the remaining allegations in Paragraph 21.

22.    However, Safeway's milk was not organic according to Federal law.  In fact,

Safeway's "organic" milk was produced in large scale factory farms and otherwise failed to

comport with Federal law and thus should not have been certified organic.

**ANSWER**:

Safeway denies its milk was not organic according to "Federal law."  "Federal

law" speaks for itself, and to the extent that the allegations in Paragraph 22 vary therewith,

LATHAM&WATKINS℠
ATTORNEYS AT LAW
SAN FRANCISCO

10

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  Safeway denies those allegations.  Except as expressly admitted, Safeway denies the remaining

2  allegations in Paragraph 22.

3        23.      By marketing, selling, or otherwise representing that its milk was "organic,"

4  Costco represented that the milk abides by the laws and regulations requiring certain conditions

5  be met before the milk is labeled "organic."

6  **ANSWER**:

7              Safeway is without knowledge or information sufficient to form a belief as to the

8  truth or falsity of the allegations contained in Paragraph 23 regarding Costco and, on that basis,

9  denies them.  Except as expressly admitted, Safeway denies the remaining allegations in

10  Paragraph 23.

11        24.      Aurora was formed by the former owners of Horizon, who sold Horizon to Dean

12  Foods.  The sale left Aurora with thousands of milk cows.  Aurora then started its Colorado

13  operation which produces 10 million gallons of milk a year.  It is in essence a factory-farm

14  model, there is no opportunity for cows to graze, as depicted below:

15                          [PHOTO]

16  **ANSWER**:

17              Safeway is without knowledge or information sufficient to form a belief as to the

18  truth or falsity of the allegations concerning the formation of Aurora or of the so-called

19  "Colorado operation" contained in Paragraph 24 and, on that basis, denies them.  By way of

20  further response, Safeway affirmatively states that Aurora is, and has been at all times relevant

21  hereto, certified organic by two certifying agents -- CDA and QAI -- acting pursuant to the

22  authority vested in them by the USDA under the OFPA and the NOP.  Except as expressly

23  admitted, Safeway denies the remaining allegations in Paragraph 24.

24        25.      Aurora's primary business is selling milk for use in the private-label milk market

25  for Safeway, Costco, Wild Oats and others.

26  **ANSWER**:

27              Safeway is without knowledge or information sufficient to form a belief as to the

28  truth or falsity of the allegations concerning Aurora's "primary business" in Paragraph 25 and,

LATHAM&WATKINS<sup>LLP</sup>

ATTORNEYS AT LAW
SAN FRANCISCO

11

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  on that basis, denies them.  Safeway admits that some, but not all, of the organic milk that it sells

2  is supplied by Aurora.  Except as expressly admitted, Safeway denies the remaining allegations

3  in Paragraph 25.

4      26.    However, Aurora's milk was not organic according to Federal law.  In fact,

5  Aurora's "organic" milk was produced in large scale factory farms and otherwise failed to

6  comport with Federal law.

7  **ANSWER**:

8      Safeway denies the allegations in Paragraph 26.  By way of further response,

9  Safeway affirmatively states that Aurora is, and has been at all times relevant hereto, certified

10  organic by two certifying agents -- CDA and QAI -- acting pursuant to the authority vested in

11  them by the USDA under the OFPA and the NOP.

12      27.    On March 7, 2007, the USDA identified the following "violations by Aurora

13  Organic Dairy," from which Safeway obtained the milk Safeway sold under its own labels, of

14  federal law:

15      a.    From 2003 through 2006, for dairy animals at its Platteville, Colorado

16  facility, Aurora failed to provide a total feed ration that included pasture, failed to establish and

17  maintain pasture conditions appropriate for minimizing the occurrence and spread of diseases

18  and parasites, and failed to establish and maintain access to pasture, in willful violation of 7

19  C.F.R. §§ 205.237(a), 205.238(a)(3), and 205.239(a)(2);

20      b.    During the spring and early summer of 2006, Aurora entered conventional

21  dairy animals into organic milk or milk products production at its Dublin, Texas facility before

22  those animals completed the required one-year period of continuous organic management, in

23  willful violation of 7 C.F.R. § 205.236(a)(2);

24      c.    From 2003 through 2006, Aurora purchased for its Platteville facility,

25  from Promiseland Livestock in Falcon, Missouri, dairy animals that had been converted from

26  conventional to organic milk or milk products production, and thus had not been under

27  continuous organic management from at least the last third of gestation, in willful violation of 7

28  C.F.R. § 205.236(a)(2)(iii);

LATHAM&WATKINS™

ATTORNEYS AT LAW
SAN FRANCISCO

12

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1            d.      From on or about July 10, 2004 through on or about September 28, 2005, Aurora moved organic dairy animals from its certified Platteville facility to Wells Ranch in Gill, Colorado, a non-organic (non-certified) livestock operation for management, and thereafter returned them to the Platteville facility for organic dairy production, in willful violation of 7 C.F.R. § 205.236(b)(1);

            e.      From February 2005 through March 2006, Aurora moved organic calves from its certified Platteville facility to non-organic (non-certified) livestock operations for management, and eventually returned them to the Platteville facility for organic dairy production, in willful violation of 7 C.F.R. §§ 205.236(a)(2)(iii) and 205.236(b)(1);

            f.      From 2003 through 2006, Aurora used non-organic agricultural products, such as wheat straw and corn stalks, as bedding for organic dairy animals at its Platteville facility, in willful violation of 7 C.F.R. § 205.239(a)(3);

            g.      From on or about July 27, 2004 through on or about September 30, 2005, Aurora routinely caused organic dairy animals from Promiseland Livestock, a certified organic dairy, to be delivered to Wells Ranch, a non-organic livestock operation, for livestock management, before having them delivered to Aurora's Platteville facility for organic dairy production, in willful violation of 7 C.F.R. § 205.236(b)(1);

            h.      From December 5, 2003 through at least September 7, 2007, Aurora sold, labeled and represented its milk or milk products as being organically produced when such milk or milk products were not produced and handled in accordance with the National Organic Program regulations, in willful violation of 7 C.F.R. §§ 205.102, 205.200 and 205.400(a);

            i.      From on or about October 29, 2003 through on or about March 9, 2006, Aurora failed to notify its certifying agent immediately concerning changes to the operation of its Platteville facility regarding the termination an utilization of off-site facilities, such as Wells Ranch, contracted by Aurora to provide pasture and/or livestock management services, in willful violation of 7 C.F.R. § 205.400(f)(2);

            j.      Aurora failed to include a summary statement, supported by documentation, in the December 29, 2004 and December 28, 2005 Organic System Plans for its

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1   Platteville facility that detailed changes to the previous year's Organic System Plan regarding the

2   termination and utilization of off-site facilities, such as Wells Ranch, contracted by Aurora to

3   provide pasture and/or livestock management services, in willful violation of 7 C.F.R.

4   § 205.406(a)(1)(i);

5          k.      From 2004 through 2006, Aurora failed to maintain adequate records that

6   disclosed all activities and transaction in sufficient detail as to be readily understood and audited

7   to demonstrate compliance with the OFPA and the National Organic Program regulations

8   concerning pasture arrangements with operations identified by Aurora in its annual Organic

9   System Plan for its Platteville facility, in willful violation of 7 C.F.R. § 205.103(b);

10         l.      In the October 29, 2003 and December 29, 2004 Organic System Plans for

11  its Platteville facility, Aurora failed to include a full description of the practices and procedures

12  to be performed by Wells Ranch, in willful violation of 7 C.F.R. § 205.201(a)(1);

13         m.      In the December 28, 2005 Organic System Plan for its Platteville facility,

14  Aurora failed to include a full description of the practices and procedures to be performed by

15  Matsude Farms, Salazar, Cockroft Dairy Farm, and Ray-Glo Dairy, as at its Woodword facility,

16  in willful violation of 7 C.F.R. § 205.201(a)(1); and

17         n.      In the October 29, 2003, December 29, 2004, and December 28, 2005

18  Organic System Plans for its Platteville facility, Aurora failed to include a full description of the

19  monitoring practices and procedures to be performed and maintained to verify that its Organic

20  System Plans were effectively implemented with respect to off-site operations contracted by

21  Aurora to provide pasture and/or livestock management services, in willful violation of 7 C.F.R.

22  § 205.201(a)(3).

23  **ANSWER**:

24         Safeway does not answer for Aurora, which has not been named in this action.

25  Safeway denies the allegations in Paragraph 27.

26         28.     On August 23, 2007, Aurora entered into a Consent Agreement with the USDA.

27  This Consent Agreement contained a stipulation for probation.  The USDA found that Aurora

28  had not been in compliance with the federal organic food regulations, and placed it on a one year

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1    probationary period.  The Consent Agreement provided that Aurora was required to remove

2    organic dairy animals "currently present at Platteville that transitioned under the '80/20' rule"

3    from the plant, and instructed that such animals could only be utilized as conventional animals,

4    not certified organic animals.  Finally, the Consent Agreement also requires Aurora to address all

5    issues that were raised in the Notice of Proposed Revocation in order for its organic certification

6    not to be revoked.

7    **ANSWER**:

8         Safeway does not answer for Aurora, which has not been named in this action.

9    The Consent Agreement speaks for itself, and to the extent that the allegations in Paragraph 28

10   vary therewith, Safeway denies those allegations.  Except as expressly admitted, Safeway denies

11   the remaining allegations in Paragraph 28.

12        29.    Safeway violated, and continues to violate federal and state law (including the

13   applicable regulations by selling its milk as "organic." By mislabeling the milk, Safeway has

14   misled, and continues to mislead Plaintiff and the Class Members into paying a higher price for

15   milk that cannot be sold as "organic."

16   **ANSWER**:

17        Safeway denies the allegations in Paragraph 29 and expressly denies that class

18   treatment is appropriate.

19        30.    The milk that Safeway sold was not organic, despite Defendant's

20   misrepresentations that the milk was, in fact, organic; in that Aurora and thus Safeway had failed

21   to comply with the requirements of the OFPA.  *See* 7 C.F.R. §§ 205.102, *et seq.*, in at least the

22   following ways:

23        a.    Safeway represented its milk or milk products as "organic" when, in fact,

24   they were not, in willful violation of 7 C.F.R. § 205.102;

25        b.    Aurora failed to maintain records concerning the production and handling

26   of milk or milk products intended to be sold, labeled, or represented as "organic" in a manner

27   which fully disclosed all activities and transactions of the certified operation in sufficient detail

28   as to be readily understood and audited, in willful violation of 7 C.F.R. § 205.103(b);

LATHAM&WATKINS^{LLP}
ATTORNEYS AT LAW
SAN FRANCISCO

15

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1      c.     Aurora failed to provide its dairy cows with access to land used for

2  livestock grazing that it managed to provide feed value as required by 7 C.F.R. §205.200;

3      d.     Aurora, intending to sell, label or represent milk or milk products as

4  "organic," failed to comply with the applicable provisions of 7 C.F.R. § 205.200;

5      e.     Aurora failed to maintain an accurate organic production or handling

6  system that includes a description of practices and procedures to be performed and maintained,

7  including the frequency with which they will be performed, in willful violation of 7 C.F.R.

8  §205.201(a)(1);

9      f.     Aurora failed to maintain an accurate organic production or handling

10  system that included a description of the monitoring practices and procedures to be performed

11  and maintained, including the frequency with which they will be performed, to verify that the

12  plan is effectively implemented, in willful violation of 7 C.F.R. § 205.201(a)(3);

13      g.     Aurora, after an entire, distinct herd had been converted to organic

14  production, failed to maintain all cows under organic management from the last third of

15  gestation, in willful violation of 7 C.F.R. §205.236(a)(2)(iii);

16      h.     Aurora removed its dairy cows from an organic operation and

17  subsequently managed those cows on a non-organic (non-certified) operation before being sold,

18  labeled, or represented as organically produced, in willful violation of 7 C.F.R. § 206.236(b)(1);

19      i.     Aurora failed to provide its dairy cows with a total fee ration composed of

20  agricultural products, including pasture and forage, that are organically produced and, where

21  applicable, organically handled, in willful violation of 7 C.F.R. 205.238(a)(3);

22      j.     Aurora failed to establish and maintain living conditions for its dairy cows

23  which accommodate their health and natural behavior, in willful violation of 7 C.F.R.

24  § 205.239(a);

25      k.     Aurora failed to establish appropriate housing, pasture conditions, and

26  sanitation practices for its dairy cows to minimize the occurrence and spread of diseases and

27  parasites, in willful violation of 7 C.F.R. § 205.238(a)(3);

28      l.     Aurora failed to provide its dairy cows with suitable access to the

LATHAM&WATKINS™

ATTORNEYS AT LAW
SAN FRANCISCO

16

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  outdoors, shade, shelter, exercise areas, fresh air, and direct sunlight in willful violation of 7

2  C.F.R. § 205.239(a)(1);

3        m.    Aurora failed to provide its dairy cows with access to pasture in willful

4  violation of 7 C.F.R. § 205.239(a)(2);

5        n.    Aurora failed to provide its dairy cows with appropriate clean, dry

6  bedding, which complies with the feed requirements of § 205.237, in willful violation of 7

7  C.F.R. § 205.239(a)(3);

8        o.    Aurora failed to provide shelter designed to allow for its dairy cows'

9  natural maintenance, comfort behaviors, and the opportunity to exercise, as required by federal

10  regulation;

11        p.    Aurora failed to comply with the Organic Food Production Act of 1990

12  and applicable organic production and handling regulations of 7 C.F.R. § 205.400(a);

13        q.    Aurora failed to immediately notify its certifying agent concerning the

14  application of a prohibited substance to its dairy cows, in willful violation of 7 C.F.R.

15  § 205.400(f)(2); and

16        r.    Aurora failed to submit to its certifying agent an updated organic

17  production or handling system plan that included a summary statement, supported by

18  documentation, detailing deviations from, changes to, modifications to, or other amendments

19  made to the previous year's organic system plan during the previous year in willful violation of 7

20  C.F.R. § 205.406(a)(1)(i).

21  **ANSWER**:

22        Safeway does not answer for Aurora, which has not been named in this action.

23  Safeway denies the allegations in Paragraph 30.

24        31.    Defendant Safeway failed to conduct its own inspections and oversight to

25  determine whether Aurora was complying with the laws and/or ignored Aurora's flagrant

26  violations.  Its representations about cows having a "healthy mix of fresh air, plenty of exercise,"

27  were blatantly false.  Thus, despite the violations of federal law and regulations, Safeway

28  marketed and sold the milk or milk products under the "O" brand representing that the milk was

LATHAM&WATKINS™
ATTORNEYS AT LAW
SAN FRANCISCO
17
Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1   organic, when it was not. Defendant's conduct deceived Plaintiff and the Class Members into

2   believing that they were purchasing organic milk when they were not.

3   **ANSWER**:

4           Safeway denies having made any "blatantly false" representations whatsoever

5   concerning its organic milk. By way of further response, Safeway admits that it markets and

6   sells its organic milk with the label "USDA Organic" because it purchases its organic milk from

7   dairies whose products and operations are certified "USDA Organic" by one or more USDA-

8   accredited certifying agents, pursuant to the authority vested in those agents by the USDA under

9   the OFPA and the NOP. By way of further response, Safeway affirmatively states that some, but

10  not all, of the organic milk it sells is supplied by Aurora. Except as expressly admitted, Safeway

11  denies the remaining allegations in Paragraph 31 and expressly denies that class treatment is

12  appropriate.

13          32.    Thus, Safeway directly misrepresented to Plaintiff and the Class Members that the

14  "organic" milk it sold under its own label was certified organic, when it was not. Again, Plaintiff

15  and the Class Members would not have purchased Safeway's milk, and paid the premium for

16  Safeway's milk had they known that Safeway's milk was, in fact non-organic.

17  **ANSWER**:

18          Safeway denies making any misrepresentations whatsoever regarding the

19  certification of its organic milk to Plaintiff or anyone else. Safeway is without knowledge or

20  information sufficient to form a belief as to the truth or falsity of the allegations contained in the

21  second sentence of Paragraph 32 and, on that basis, denies them. By way of further response,

22  Safeway affirmatively states that it sells its organic milk with the label "USDA Organic" because

23  it purchases its organic milk from dairies whose products and operations are certified "USDA

24  Organic" by one or more USDA-accredited certifying agents, pursuant to the authority vested in

25  those agents by the USDA under the OFPA and the NOP. Except as expressly admitted,

26  Safeway denies the remaining allegations in Paragraph 32 and expressly denies that class

27  treatment is appropriate.

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1

2        33.    Plaintiff seeks certification of a state-wide Consumer Class defined as follows:

3              All persons in the State of California who purchased organic milk
               or milk products from Safeway during the time period of
4              December 5, 2003 through October 15, 2007.

5    **ANSWER**:

6              Safeway admits that Plaintiff purports to seek certification of a "state-wide

7    Consumer Class." Safeway denies that class certification of any kind is appropriate and

8    expressly denies that any claims in this action are appropriate for class treatment. Safeway

9    further denies the appropriateness of the definition and description of the proposed class. Except

10   as expressly admitted, Safeway denies the remaining allegations in Paragraph 33.

11       34.    Plaintiff is informed and believes that the Class consists of many thousands of

12   persons throughout the State of California, making individual joinder of all Class Members

13   impracticable.

14   **ANSWER**:

15             Safeway denies the allegations in Paragraph 34 and expressly denies that class

16   treatment is appropriate.

17       35.    Questions of law and fact are common to the Plaintiff Class and predominate over

18   questions affecting only individual member, including, *inter alia*, the following:

19             a.    Whether the alleged conduct by Defendant violated laws as alleged in this

20   Complaint;

21             b.    Whether Defendant engaged in unfair, unlawful and/or fraudulent business

22   practices by failing to disclose that the milk labeled as organic milk was not organic;

23             c.    Whether Defendant violated federal and/or state regulations by failing to

24   disclose that the milk labeled as organic milk was not organic;

25             d.    Whether Plaintiff and the members of the Class were unconscionably

26   induced into purchasing organic milk without adequate disclosures that the milk was not organic;

27             e.    Whether Defendant violated California law, including the Unfair

28   Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*, §§ 17500, *et seq.*, and/or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO                                19                Case No. Cv-08-0999-EDL
                                                              DEF. SAFEWAY INC.'S ANSWER AND AFF.
                                                              DEFENSES TO PLAINTIFF'S
                                                              CLASS ACTION COMPLAINT

1    California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*;

2         f.    Whether Defendant made misrepresentations to Plaintiff and the members

3    of the Class about milk labeled as organic;

4         g.    Whether Plaintiff and the members of the Class are entitled to equitable

5    and/or injunctive relief;

6         h.    Whether Defendant's unlawful, unfair and/or deceptive practices harmed

7    Plaintiff and the members of the Class; and

8         i.    Whether Defendant was unjustly enriched by its deceptive practices.

9    **ANSWER**:

10        Safeway denies the allegations in Paragraph 35 and expressly denies that class

11   treatment is appropriate.

12   36.    Plaintiff's claims are typical of the claims of the Class Members as described

13   above; the claims arise form [sic] the same course of conduct by Safeway and the relief sought is

14   common.

15   **ANSWER**:

16        Safeway denies the allegations in Paragraph 36 and expressly denies that class

17   treatment is appropriate.

18   37.    Plaintiff will fairly and adequately represent and protect the interests of all Class

19   Members.  Plaintiff is represented by counsel competent and experienced in both consumer

20   protection and class action litigation.

21   **ANSWER**:

22        Safeway is without knowledge or information sufficient to form a belief as to the

23   truth or falsity of the allegations contained in Paragraph 37 regarding Plaintiff and her counsel

24   and, on that basis, denies them.  Except as expressly admitted, Safeway denies the remaining

25   allegations in Paragraph 37 and expressly denies that class treatment is appropriate.

26   38.    A class action is superior to other available methods for the fair and efficient

27   adjudication of this controversy, since joinder of all the individual Class members is

28   impracticable.  Furthermore, because the damages suffered, and continued to be suffered, by

LATHAM&WATKINS™

ATTORNEYS AT LAW
SAN FRANCISCO

20

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  each individual Class member may be relatively small, the expense and burden of individual

2  litigation would make it very difficult or impossible for individual Class members to redress the

3  wrongs done to each of them individually and the burden imposed on the judicial system would

4  be enormous.

5  **ANSWER**:

6  Safeway denies the allegations in Paragraph 38 and expressly denies that class

7  treatment is appropriate.

8  39.    In addition, the prosecution of separate actions by the individual Class members

9  would create a risk of inconsistent or varying adjudications with respect to individual Class

10  members, which would establish incompatible standards of conduct for defendants.  In contrast,

11  the conduct of this action as a class action presents far fewer management difficulties, conserves

12  judicial resources and the parties' resources, and protects the rights of each Class member.

13  **ANSWER**:

14  Safeway denies the allegations in Paragraph 39 and expressly denies that class

15  treatment is appropriate.

16  **FIRST CAUSE OF ACTION**

17  **VIOLATIONS OF THE CLRA**

18  **(Cal. Civ. Code §§ 1750, *et seq.*)**

19  40.    The preceding paragraphs of this Complaint are realleged and incorporated by

20  reference.  Plaintiff asserts this claim for violations of the CLRA on behalf of herself and the

21  members of the Class.

22  **ANSWER**:

23  Safeway repeats and realleges its answers to the preceding paragraphs as if fully

24  set forth herein.  Safeway admits that Plaintiff purports to assert this claim under California Civil

25  Code §§ 1750, et seq., on behalf of herself and the members of a proposed class.  California Civil

26  Code §§ 1750, et seq., speaks for itself, and to the extent that the allegations in Paragraph 40

27  vary therewith, Safeway denies those allegations.  Safeway expressly denies that it has

28  committed any violations of the CLRA.  Except as expressly admitted, Safeway denies the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  remaining allegations in Paragraph 40 and expressly denies that class treatment is appropriate.

2      41.      Plaintiff and the members of the Class are consumers who purchase goods (food

3  products) from Defendant for personal, family, or household purposes.

4  **ANSWER**:

5          Safeway is without knowledge or information sufficient to form a belief as to the

6  truth or falsity of the allegations contained in Paragraph 41 and, on that basis, denies them.

7  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 41 and

8  expressly denies that class treatment is appropriate.

9      42.      Representing that goods (including food products) have approval, characteristics,

10  uses, or benefits which they do not have and advertising goods with intent not to sell them as

11  advertised constitute unfair or deceptive trade practices under the provisions of the CLRA, Cal.

12  Civ. Code §§ 1770(a)(5), (9), (14) and (17).

13  **ANSWER**:

14          California Civil Code §§ 1770(a)(5), (9), (14) and (17) speak for themselves, and

15  to the extent that the allegations in Paragraph 42 vary therewith, Safeway denies those

16  allegations.  Except as expressly admitted, Safeway denies the remaining allegations in

17  Paragraph 42.

18      43.      Plaintiff and the members of the Class have all been directly and proximately

19  injured by Defendant's conduct, and such injury includes the purchase of milk labeled as

20  organic, but which was not organic, that they would not have purchased were they truthfully and

21  fully informed of material facts concerning the fact that the milk was not organic.

22  **ANSWER**:

23          Safeway denies that Plaintiff or anyone else has been injured by "the purchase of

24  milk labeled as organic" from Safeway and further denies that it has sold milk "labeled as

25  organic, but which was not organic."  Safeway is without knowledge or information sufficient to

26  form a belief as to the truth or falsity of the allegations concerning the purchasing decisions of

27  Plaintiff or anyone else contained in the second sentence of Paragraph 43 and, on that basis,

28

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

22

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1   denies them.  Except as expressly admitted, Safeway denies the remaining allegations in

2   Paragraph 43 and expressly denies that class treatment is appropriate.

3          44.      Pursuant to Cal. Civ. Code § 1780(a), Plaintiff seeks an order enjoining

4   Defendant from engaging in the methods, acts, or practices alleged herein.  Pursuant to Cal. Civ.

5   Code § 1782, if Defendant does not rectify its illegal acts within 30 days, Plaintiff intends to

6   amend this complaint to add claims for:  a) actual damages; b) restitution of money to Plaintiff

7   and class members; c) punitive damages; d) attorneys' fees and costs; and e) other relief that this

8   Court deems proper.

9   **ANSWER**:

10         Safeway admits that Plaintiff purports to seek, among other relief, an order

11  enjoining Safeway.  Safeway denies that Plaintiff, or anyone else, is entitled to any relief

12  whatsoever, including, but not limited to, the relief requested in Plaintiff's Complaint.  Safeway

13  further denies that Plaintiff has complied with California Civil Code § 1782.  Except as expressly

14  admitted, Safeway denies the remaining allegations in Paragraph 44 and expressly denies that

15  class treatment is appropriate.

16                          **SECOND CAUSE OF ACTION**

17                      **FALSE AND MISLEADING ADVERTISING**

18                      **(Cal.  Bus.  & Prof.  Code §§ 17500, *et seq.*)**

19         45.      The preceding paragraphs of this Complaint are realleged and incorporated by

20  reference.  Plaintiff asserts this claim for violations of Cal. Bus. & Prof. Code §§ 17500, *et seq.*

21  on behalf of himself [sic] and the members of the Class.

22  **ANSWER**:

23         Safeway repeats and realleges its answers to the preceding paragraphs as if fully

24  set forth herein.  Safeway admits that Plaintiff purports to assert this claim under California

25  Business and Professions Code §§ 17500, et seq., on behalf of herself and the members of a

26  proposed class.  California Business and Professions Code §§ 17500, et seq., speaks for itself,

27  and to the extent that the allegations in Paragraph 45 vary therewith, Safeway denies those

28  allegations.  Safeway expressly denies that it has committed any violations of the California

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

23

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1    Business and Professions Code.  Except as expressly admitted, Safeway denies the remaining

2    allegations in Paragraph 45 and expressly denies that class treatment is appropriate.

3        46.    In violation of Section 17500, in connection with its sales of non-organic milk,

4    Defendant made or disseminated statements which are untrue or misleading, and which

5    Defendant knew (or by the exercise of reasonable care should have known) to be untrue or

6    misleading.

7    **ANSWER**:

8        California Business and Professions Code §§ 17500, et seq. speaks for itself, and

9    to the extent that the allegations in Paragraph 46 vary therewith, Safeway denies those

10   allegations. Safeway denies making any "untrue or misleading" statements in California or

11   anywhere else.  By way of further response, Safeway affirmatively states that it sells its organic

12   milk with the label "USDA Organic" because it purchases its organic milk from dairies whose

13   products and operations are certified "USDA Organic" by one or more USDA-accredited

14   certifying agents, pursuant to the authority vested in those agents by the USDA under the OFPA

15   and the NOP.  Except as expressly admitted, Safeway denies the remaining allegations in

16   Paragraph 46.

17       47.    As a result of the violations of California law alleged herein, Defendant has been,

18   and will be, unjustly enriched at the expense of Plaintiff, the members of the Class and the

19   general public.  Specifically, Defendant has been unjustly enriched by their receipt of monies

20   from consumers who purchased milk labeled organic that was not organic which is advertised

21   and/or otherwise marketed in this State, and is promoted and sold by Defendant through

22   advertising and marketing materials containing the false and misleading statements alleged

23   herein.

24   **ANSWER**:

25       Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

26   including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

27   admitted, Safeway denies the remaining allegations in Paragraph 47 and expressly denies that

28   class treatment is appropriate.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1   48.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff requests that this Court

2   enter such orders or judgments as may be necessary to restore to any person in interest any

3   money which may have been acquired by means of such unfair competition, and for such other

4   relief as set forth below.

5   **ANSWER**:

6   Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

7   including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

8   admitted, Safeway denies the remaining allegations in Paragraph 48 and expressly denies that

9   class treatment is appropriate.

10  **THIRD CAUSE OF ACTION**

11  **NEGLIGENT MISREPRESENTATION**

12  49.     The preceding paragraphs of this Complaint are realleged and incorporated by

13  reference.  Plaintiff asserts this claim for negligent misrepresentation on behalf of himself [sic]

14  and the members of the Class.

15  **ANSWER**:

16  Safeway repeats and realleges its answers to the preceding paragraphs as if fully

17  set forth herein.  Safeway admits that Plaintiff purports to assert this claim for negligent

18  misrepresentation on behalf of herself and members of a proposed class.  Except as expressly

19  admitted, Safeway denies the remaining allegations in Paragraph 49 and expressly denies that

20  class treatment is appropriate.

21  50.     Defendant owed a duty to Plaintiff and members of the Class to exercise

22  reasonable case [sic] in making representations about organic milk.

23  **ANSWER**:

24  The allegations in Paragraph 50 are legal conclusions for which no answer is

25  required.  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph

26  50 and expressly denies that class treatment is appropriate.

27  51.     These representations were negligently and recklessly made to potential

28  customers and the general public through uniform misbranding, concealment and non-disclosure,

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  through mass media and point-of-sale advertising, and through other information prepared or

2  disseminated by Defendant.  As a direct and proximate result of these misrepresentations,

3  omissions and concealment, Plaintiff and the Class members have been damaged in and amount

4  to be proven at trial.

5  **ANSWER:**

6          Safeway denies making any "negligent[] and reckless[]" statements to anyone in

7  California or anywhere else.  Safeway further denies that the Plaintiff, or anyone else, is entitled

8  to any relief whatsoever, including, but not limited to, the relief requested in Plaintiff's

9  Complaint.  By way of further response, Safeway affirmatively states that it sells its organic milk

10  with the label "USDA Organic" because it purchases its organic milk from dairies whose

11  products and operations are certified "USDA Organic" by one or more USDA-accredited

12  certifying agents, pursuant to the authority vested in those agents by the USDA under the OFPA

13  and the NOP.  Except as expressly admitted, Safeway denies the remaining allegations in

14  Paragraph 51 and expressly denies that class treatment is appropriate.

15          52.    Defendant at all times knew that Plaintiff and the Class members relied (or should

16  be presumed to have relied) upon the labeling and lack of labeling provided by Defendant, and

17  the materiality of such labeling is established as a matter of state and federal Law [sic].

18  Defendant's concealment, misbranding and non-disclosure were intended to influence

19  consumers' purchasing decisions and were done with reckless disregard for the rights of

20  consumers.  Plaintiff's and Class members' reliance was reasonably foreseeable by Defendant.

21  **ANSWER:**

22          Safeway denies that it engaged in any "concealment, misbranding and non-

23  disclosure" whatsoever of its organic milk.  The allegations in Paragraph 52 regarding "the

24  materiality" of Safeway's labeling are legal conclusions for which no answer is required.

25  Safeway is without knowledge or information sufficient to form a belief as to the truth or falsity

26  of the allegations contained in Paragraph 52 regarding upon what Plaintiff or others "relied" and,

27  on that basis, denies them.  Except as expressly admitted, Safeway denies the remaining

28  allegations in Paragraph 52 and expressly denies that class treatment is appropriate.

LATHAM&WATKINS LLP

ATTORNEYS AT LAW
SAN FRANCISCO

26

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1

## FOURTH CAUSE OF ACTION

2

## COMMON LAW UNJUST ENRICHMENT

3       53.     This Cause of Action is pled in the alternative to all contract-based claims and/or

4   causes of action at law.

5   **ANSWER**:

6               Safeway admits that Plaintiff purports to plead her claim for unjust enrichment in

7   the alternative.  Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

8   including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

9   admitted, Safeway denies the remaining allegations in Paragraph 53.

10      54.     Defendant has received a benefit from Plaintiff and the Class Members in the

11  form of the prices Plaintiff and the Class Members paid for Defendant's "organic" milk or milk

12  products during the relevant time period.

13  **ANSWER**:

14              Safeway denies the allegations in Paragraph 54 and expressly denies that class

15  treatment is appropriate.

16      55.     Defendant is aware of its receipt of the above-described benefit.

17  **ANSWER**:

18              Safeway denies the allegations in Paragraph 55.

19      56.     Defendant received the above-described benefit to the detriment of Plaintiff and

20  each of the other members of the Class.

21  **ANSWER**:

22              Safeway denies the allegations in Paragraph 56 and expressly denies that class

23  treatment is appropriate.

24      57.     Defendant continues to retain the above-described benefit to the detriment of

25  Plaintiff and the Class Members.

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

27

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1    **ANSWER**:

2            Safeway denies the allegations in Paragraph 57 and expressly denies that class

3    treatment is appropriate.

4        58.    Under the circumstances, it would be inequitable for Defendant to retain the

5    above described benefit.

6    **ANSWER**:

7            Safeway denies the allegations in Paragraph 58 and expressly denies that class

8    treatment is appropriate.

9        59.    As a result of Defendant's unjust enrichment, Plaintiff and the Class Members

10    have sustained damages in an amount to be determined at trial and seek full disgorgement and

11    restitution of Defendant's enrichment, benefits, and ill-gotten gains acquired as a result of the

12    unlawful or wrongful conduct alleged above.

13    **ANSWER**:

14            Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

15    including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

16    admitted, Safeway denies the remaining allegations in Paragraph 59 and expressly denies that

17    class treatment is appropriate.

18                    **FIFTH CAUSE OF ACTION**

19                    **BREACH OF EXPRESS WARRANTY**

20        60.    Plaintiff hereby incorporates the preceding paragraphs by reference.

21    **ANSWER**:

22            Safeway repeats and realleges its answers to the preceding paragraphs as if fully

23    set forth herein.

24        61.    Aurora sold its "organic" milk or milk products to retailers who sold that milk or

25    milk products to Plaintiff and the Class Members.

26    **ANSWER**:

27            Safeway does not answer for Aurora, which has not been named in this action.

28    Safeway admits that some, but not all, of the organic milk that it sells is supplied by Aurora.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1   Safeway further admits that it sells its organic milk with the "USDA Organic" seal, because it

2   purchases its organic milk from dairies whose products and operations are certified "USDA

3   Organic" by one or more USDA-accredited certifying agents, pursuant to the authority vested in

4   those agents by the USDA under the OFPA and the NOP.  Safeway is without knowledge or

5   information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61

6   regarding Plaintiff, the proposed class members and Aurora's customers and, on that basis,

7   denies them.  Except as expressly admitted, Safeway denies the remaining allegations in

8   Paragraph 61 and expressly denies that class treatment is appropriate.

9       62.    At all times relevant to this action, Defendant falsely represented that its milk or

10  milk products were "organic" when they were not produced in compliance with the applicable

11  organic certification requirements, laws, standards and regulations.

12  **ANSWER:**

13       Safeway denies the allegations in Paragraph 62.

14       63.    By its statements and representations about the "organic" status of its milk or milk

15  products, Defendant warranted the production process and condition of that "organic" milk or

16  milk products purchased by Plaintiff and the Class Members.

17  **ANSWER:**

18       Safeway denies the allegations in Paragraph 63 and expressly denies that class

19  treatment is appropriate.

20       64.    Defendant made these representations and warranty statements to induce Plaintiff

21  and the Class Members to purchase Defendant's "organic" milk or milk products or was a

22  material factor in the decision of Plaintiff and the Class Members to purchase the milk or the

23  milk products.

24  **ANSWER:**

25       Safeway denies the allegations in Paragraph 64 and expressly denies that class

26  treatment is appropriate.

27       65.    Due to its conduct alleged herein, Defendant's "organic" milk or milk products

28  failed to conform to each of these warranties.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

29

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1    **ANSWER**:

2           Safeway denies the allegations in Paragraph 65.

3           66.    As a result of Defendant's conduct, Plaintiff and the Class Members have been

4    damaged.

5    **ANSWER**:

6           Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

7    including, but not limited to, the relief requested in Plaintiff's Complaint.  Except as expressly

8    admitted, Safeway denies the remaining allegations in Paragraph 66 and expressly denies that

9    class treatment is appropriate.

10          67.    Within a reasonable time after Plaintiff and the Class Members knew or should

11   have known of the failure to conform, Plaintiff, individually and on behalf of the Class, placed

12   Defendant on notice thereof.

13   **ANSWER**:

14          Safeway denies the allegations in Paragraph 67 and expressly denies that class

15   treatment is appropriate.

16                           **SIXTH CAUSE OF ACTION**

17              **(California's Business & Professions Code §§ 17200, *et seq*.)**

18          68.    The preceding paragraphs of this Complaint are realleged and incorporated by

19   reference.  Plaintiff asserts this claim for violations of California's UCL, Bus. & Prof. Code

20   §§ 17200, *et seq.*, on behalf of himself [sic] and the members of the Class.

21   **ANSWER**:

22          Safeway repeats and realleges its answers to the preceding paragraphs as if fully

23   set forth herein.  Safeway admits that Plaintiff purports to assert this claim under California's

24   Business and Professions Code §§ 17200, et seq., on behalf of herself and the members of a

25   proposed class.  California's Business and Professions Code §§ 17200, et seq., speaks for itself,

26   and to the extent that the allegations in Paragraph 68 vary therewith, Safeway denies those

27   allegations.  Safeway expressly denies that it has committed any violations of the California

28

LATHAM&WATKINS
ATTORNEYS AT LAW
SAN FRANCISCO                              30                   Case No.  CV-08-0999-EDL
                                                               DEF. SAFEWAY INC.'S ANSWER AND AFF.
                                                               DEFENSES TO PLAINTIFF'S
                                                               CLASS ACTION COMPLAINT

1    Business and Professions Code.  Except as expressly admitted, Safeway denies the remaining

2    allegations in Paragraph 68 and expressly denies that class treatment is appropriate.

3        69.    Defendant's statements and representations constitute unfair, unlawful and

4    deceptive trade practices that have the capacity to and do deceive consumers, in violation of the

5    UCL.

6    **ANSWER**:

7        The UCL speaks for itself, and to the extent that the allegations in Paragraph 69

8    vary therewith, Safeway denies those allegations.  Safeway expressly denies engaging in any

9    "unfair, unlawful and deceptive trade practices" of any kind or deceiving consumers in

10    California or anywhere else.  Except as expressly admitted, Safeway denies the allegations in

11    Paragraph 69.

12        70.    All of the wrongful conduct alleged herein occurs and continues to occur in the

13    conduct of Defendant's business.  Defendant's wrongful conduct is part of a pattern or

14    generalized course of conduct that is repeated in the State of California on hundreds, if not

15    thousands, of occasions daily.

16    **ANSWER**:

17        Safeway denies the allegations in Paragraph 70 and expressly denies committing

18    any "wrongful conduct" in the State of California or anywhere else.

19        71.    Plaintiff has suffered injury in fact and has lost money or property as a result of

20    Defendant's unfair, unlawful and/or deceptive practices by paying a higher price for milk labeled

21    as organic that was not organic.

22    **ANSWER**:

23        Safeway denies the allegations in Paragraph 71 and expressly denies that class

24    treatment is appropriate.

25        72.    Plaintiff requests that this Court enter such orders or judgments as may be

26    necessary to enjoin the Defendant from continuing its unfair, unlawful, and/or deceptive

27    practices, to restore to any person in interest any money which may have been acquired by

28    means of such unfair competition and to disgorge any profits realized by Defendant as a result of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

31

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1  its unfair, unlawful and/or deceptive practices, as provided in Cal. Bus. & Prof. Code § 17203

2  and Cal. Civ. Code § 3345, and for such other relief as set forth in the Prayer for Relief.

3  **ANSWER**:

4      Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

5  including, but not limited to, the relief requested in Plaintiff's Complaint. California Business

6  and Professions Code § 17203 and California Civil Code § 3345 speak for themselves, and to the

7  extent that the allegations in Paragraph 72 vary therewith, Safeway denies those allegations.

8  Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 72.

9                      **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff, individually and on behalf all others similarly situated,

11  respectfully requests that this Court enter a judgment against Defendant and in favor of Plaintiff,

12  and grant the following relief:

13      A.    Determine that this action may be maintained as a Class action with respect to a

14  state-wide Consumer Class; that the court certify a class action with respect to particular issues if

15  appropriate, and that the Court designate and appoint Plaintiff and her counsel to serve as Class

16  Representative and Class Counsel;

17      B.    Declare, adjudge and decree the conduct of the Defendant as alleged herein to be

18  unlawful, unfair and/or deceptive;

19      C.    Grant Plaintiff and all Class Members awards of actual, compensatory, punitive

20  and/or exemplary damages in such amount to be determined at trial and as provided by

21  applicable law;

22      D.    Restore to Plaintiff and all Class Members all money or property which may have

23  been acquired by means of such unfair competition and disgorgement all profits received by

24  Defendant due to its unlawful, unfair and/or deceptive practices;

25      E.    An injunction ordering Defendant to stop the unlawful, unfair and deceptive

26  conduct alleged herein;

27      F.    Grant Plaintiff and all Class Members awards of statutory damages, attorney's

28  fees and costs;

LATHAM&WATKINS℠
ATTORNEYS AT LAW
SAN FRANCISCO

32

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1    G.    Grant Plaintiff and the Class Members their costs of suit, including reasonable

2  attorneys' fees, and expenses as provided by law; and

3    H.    Grant Plaintiff and the Class Members such other, further, and different relief as

4  the nature of the case may require or as may be determined to be just, equitable, and proper by

5  this Court.

6  **ANSWER**:

7    Safeway denies that Plaintiff, or anyone else, is entitled to any relief whatsoever,

8  including, but not limited to, the relief requested in Plaintiff's Complaint.  Safeway further

9  denies that class certification is appropriate and expressly denies that any claims in this action

10  are appropriate for class treatment.  Except as expressly admitted, Safeway denies the remaining

11  allegations in the Paragraph entitled "Prayer for Relief."

12  **DEMAND FOR TRIAL BY JURY**

13    Plaintiff, by counsel, requests a trial by jury on those causes of actions set forth

14  herein.

15  **ANSWER**:

16

17    Safeway admits that Plaintiff purports to seek a jury trial for the causes of action

18  in Plaintiff's Complaint.  Except as expressly admitted, Safeway denies the remaining allegations

    in the Paragraph entitled "Demand for Trial by Jury."

19

20  **FIRST AFFIRMATIVE DEFENSE**

21    1.    The Complaint fails to state any claim upon which relief can be granted.

22  **SECOND AFFIRMATIVE DEFENSE**

23    2.    The claims of Plaintiff and members of the proposed class for equitable relief are

24  barred by the fact that Plaintiff and the members of the proposed class have an adequate remedy

25  at law.

26  **THIRD AFFIRMATIVE DEFENSE**

27    3.    The claims of Plaintiff and members of the proposed class are barred, in whole or

28  in part, to the extent that Plaintiff and/or members of the proposed class suffered no legal injury.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
SAN FRANCISCO

33

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1    **FOURTH AFFIRMATIVE DEFENSE**

2    4.    The claims of Plaintiff and/or members of the proposed class may be barred, in

3    whole or in part, by the doctrines of waiver, estoppel and/or laches.

4    **FIFTH AFFIRMATIVE DEFENSE**

5    5.    Plaintiff and members of the proposed class may be barred, in whole or in part, from

6    recovery because they have made statements and/or taken actions that estop them from asserting

7    their claims.

8    **SIXTH AFFIRMATIVE DEFENSE**

9    6.    The claims of Plaintiff and/or members of the proposed class may be barred, in

10    whole or in part, by the applicable statutes of limitations.

11    **SEVENTH AFFIRMATIVE DEFENSE**

12    7.    The claims in Plaintiff's Complaint are barred, in whole or in part, because

13    Plaintiff and members of the proposed class cannot meet their burden of showing that any acts,

14    conduct, statements or omissions on the part of Safeway were misleading or likely to mislead.

15    **EIGHTH AFFIRMATIVE DEFENSE**

16    8.    The claims in Plaintiff's Complaint are barred, in whole or in part, because

17    Plaintiff and members of the proposed class were not actually misled or deceived by and/or did

18    not rely on any statements or omissions on the part of Safeway in deciding whether to purchase

19    the organic milk sold by Safeway.

20    **NINTH AFFIRMATIVE DEFENSE**

21    9.    Plaintiff's Complaint is barred, in whole or in part, by the Supremacy Clause of

22    the United States Constitution and by the doctrine of preemption.  Allowing state law to override

23    or alter the decisions of the USDA and the requirements of the OFPA and the NOP regulations

24    conflicts with both Federal law and the policies underlying Federal law and would stand as an

25    obstacle to the Federal objective of creating unified organic food standards throughout the

26    United States.

27

28

LATHAM&WATKINS⊔⊔

ATTORNEYS AT LAW
SAN FRANCISCO

34

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1

**TENTH AFFIRMATIVE DEFENSE**

2        10.    The claims in Plaintiff's Complaint are barred, in whole or in part, because the

3   USDA has primary jurisdiction over all or part of the subject matter hereto.

4

**ELEVENTH AFFIRMATIVE DEFENSE**

5        11.    If any persons or entities claiming to be members of the proposed class have

6   released claims, they may be barred from recovery, in whole or in part, by such releases.

7

**TWELFTH AFFIRMATIVE DEFENSE**

8        12.    The claims of Plaintiff and members of the proposed class may be barred, in

9   whole or in part, to the extent that they may have failed to mitigate damages.

10

**THIRTEENTH AFFIRMATIVE DEFENSE**

11        13.    Plaintiff and/or members of the proposed class may be barred from recovery, in

12   whole or in part, if in this or other tribunals they have brought actions and have received

13   judgments or awards on some or all claims asserted herein.

14

**FOURTEENTH AFFIRMATIVE DEFENSE**

15        14.    If any persons claiming to be members of the proposed class have resolved the

16   same or similar claims as those alleged in Plaintiff's Complaint, they may be barred from

17   recovery, in whole or in part, on the ground that they are subject to the defense of accord and

18   satisfaction.

19

**FIFTEENTH AFFIRMATIVE DEFENSE**

20        15.    The claims of Plaintiff and/or the members of the proposed class are barred, in

21   whole or in part, to the extent that they engaged in unlawful, inequitable or improper conduct.

22

**SIXTEENTH AFFIRMATIVE DEFENSE**

23        16.    The claims of Plaintiff and/or the members of the proposed class are barred, in

24   whole or in part, by the doctrines of res judicata and/or collateral estoppel.

25

**SEVENTEENTH AFFIRMATIVE DEFENSE**

26        17.    The claims of Plaintiff and/or the members of the proposed class are barred, in

27   whole or in part, because Plaintiff and members of the proposed class failed to exhaust

28   administrative remedies.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

35

Case No. Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2          18.     The claims of Plaintiff and members of the proposed class are barred, in whole or

3    in part, because Safeway purchased organic milk from dairies that complied with the applicable

4    Federal laws and regulations governing the production, marketing, labeling and sale of organic

5    foods and were certified by a Federal agency to label their products "USDA Organic."

6

### NINETEENTH AFFIRMATIVE DEFENSE

7          19.     The claims in Plaintiff's Complaint are barred, in whole or in part, by the doctrine

8    set forth in Diaz v. Kay-Dix Ranch, 9 Cal. App. 3d 588 (1970).

9

### TWENTIETH AFFIRMATIVE DEFENSE

10         20.     The claims in Plaintiff's Complaint are barred, in whole or in part, by the doctrine

11   set forth in Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163

12   (1999).

13

### TWENTY-FIRST AFFIRMATIVE DEFENSE

14         21.     The claims of Plaintiff and members of the proposed class for punitive damages

15   are barred, in whole or in part, by California law and the Constitution of the United States.

16

### TWENTY-SECOND AFFIRMATIVE DEFENSE

17         22.     Plaintiff's action cannot be maintained as a class action because Plaintiff cannot

18   meet the requirements for class certification.  Further, certification of the proposed class would

19   result in the denial of due process to Safeway, as well as to the proposed class.

20

### TWENTY-THIRD AFFIRMATIVE DEFENSE

21         23.     This action is not appropriate for class treatment because the claims necessarily

22   turn on individual purchasing habits and patterns for each Plaintiff and proposed class member.

23

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24         24.     Plaintiff and her counsel have failed to join as parties to this action all persons and

25   entities that would be necessary parties for adjudication of the claims of Plaintiff and/or members

26   of the proposed class.

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

36

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT

1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

2      25.    Plaintiff's claims for damages under the Consumer Legal Remedies Act are

3   defective, since no statutorily-required notice was served upon Safeway thirty days <u>prior</u> to the

4   filing of suit as required by Cal. Civ. Code § 1782(a).

5

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

6      26.    The claims in Plaintiff's Complaint are barred, in whole or in part, because the

7   California Department of Health Services and/or the California Department of Food and

8   Agriculture have primary jurisdiction over all or part of the subject matter hereto.

9

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

10      27.    Safeway has insufficient knowledge or information upon which to form a belief as

11   to whether it may have additional affirmative defenses that govern the claims asserted by

12   Plaintiff and on behalf of persons claimed to be members of the proposed class.  Safeway,

13   therefore, reserves the right to raise additional defenses as appropriate.

14      WHEREFORE, Safeway prays:

15          (a)    That Plaintiff and all members of the proposed class take nothing

16   by reason of this suit;

17          (b)    For attorneys fees and costs;

18          (c)    That the certification of the proposed class herein be denied; and

19          (d)    For any other and further relief as the Court deems just and proper.

20

21   Dated:  February 26, 2008                          Respectfully submitted,

22

23                                    /s/ _____
                                      Viviann C. Stapp
24                                    One of the Attorneys for Defendant
                                      Latham & Watkins LLP
25                                    505 Montgomery Street, Suite 2000
                                      Telephone: (415) 391-0600
26                                    Fax: (415) 395-8095
                                      Email: viviann.stapp@lw.com

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

37

Case No.  Cv-08-0999-EDL
DEF. SAFEWAY INC.'S ANSWER AND AFF.
DEFENSES TO PLAINTIFF'S
CLASS ACTION COMPLAINT