1 HAGENS BERMAN SOBOL SHAPIRO LLP
Shana E. Scarlett (217895)
2 715 Hearst Avenue, Suite 202
Berkeley, CA 94710
3 Telephone: (510) 725-3000
4 Facsimile: (510) 725-3001
shanas@hbsslaw.com
5
6 *Attorneys for Plaintiff Theadora King*

7 [Additional Counsel on Signature Page]

8

9 UNITED STATES DISTRICT COURT

10 NORTHERN DISTRICT OF CALIFORNIA

11 SAN FRANCISCO DIVISION

12 

| THEADORA KING, individually and on behalf of all others similarly situated, | ) ) ) | No. 08-cv-0999-EDL |
|---|---|---|
|  | ) | PLAINTIFF'S NOTICE OF MOTION |
| Plaintiff, | ) | AND MOTION TO REMAND |
|  | ) |  |
| v. | ) | ACTION FILED: January 11, 2008 |
|  | ) |  |
| SAFEWAY, INC., | ) | DATE: April 15, 2008 |
|  | ) | TIME: 9:00 a.m. |
| Defendant. | ) | DEPT: Courtroom E, 15th Floor |

010004-16  226751 V1

1  **TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

2  PLEASE TAKE NOTICE that on April 15, 2008 at 9:00 a.m., or as soon thereafter as the

3  matter may be heard in the Courtroom of the Magistrate Judge Elizabeth D. Laporte, United States

4  District Court, Northern District of California, San Francisco Division, Courtroom E, 15th Floor,

5  450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff shall and hereby does move this

6  Court, pursuant to 28 U.S.C. §§ 1447 and 1453, for an order remanding this case to state court.

7  This motion is based on this notice of motion and motion, the memorandum or points and

8  authorities in support thereof, the pleadings and records on file in this case and other such matters

9  and argument as the Court may consider in the hearing of this motion.

PL.'S NOTICE OF MOT. AND MOT. TO REMAND     - 1 -
– NO. 08-cv-0999-EDL
010004-16  226751 V1

**TABLE OF CONTENTS**

**PAGE**

I. INTRODUCTION ..................................................................................................................1

II. BURDENS OF PROOF AND STANDARD OF REVIEW .......................................................1

III. ARGUMENT ........................................................................................................................2

    A. Safeway Has Not Met Its Burden of Proving That CAFA Provides this Court with Jurisdiction over this Class Action ..............................................................2

        1. The Putative Class Consists Solely of California Citizens................................2

        2. Safeway Cannot Show that At Least One Member of the Class is of Diverse Citizenship .........................................................................................5

    B. Even If CAFA Provides this Court with Jurisdiction, the Home-State Controversy Exception Requires this Court to Decline Its Jurisdiction........................8

    C. Federal Question Jurisdiction Also Does Not Exist .......................................................9

    D. In Remanding, This Court Should Also Award "Just" Costs and Expenses, Including Reasonable Attorneys' Fees ..........................................................................10

IV. CONCLUSION ...................................................................................................................10

1
2

# TABLE OF AUTHORITIES

## FEDERAL CASES

3  *Ansley v. Ameriquest Mortg. Co.*,
4     194 F. Supp. 2d 1062 (C.D. Cal. 2002), *aff'd*, 340 F.3d 858 (9th Cir. 2003) ........................ 10

5  *Balcorta v. Twentieth Century-Fox Film Corp.*,
      208 F.3d 1102 (9th Cir. 2000) ....................................................................................... 9, 10

6  *Braco v. MCI Worldcom Communs., Inc.*,
7     138 F. Supp. 2d 1260 (C.D. Cal. 2001) ............................................................................. 10

8  *China Basin Props., Ltd. v. One Pass, Inc.*,
      812 F. Supp. 1038 (N.D. Cal. 1993) ..................................................................................... 6

9  *In re FedEx Ground Package Sys.*,
10    2006 U.S. Dist. Lexis 1218 (N.D. Ind. Jan. 13, 2006) .......................................................... 4

11 *Gibson v. Chrysler Corp.*,
      261 F.3d 927 (9th Cir. 2001) .............................................................................................. 10

12 *Gotro v. R & B Realty Group*,
      69 F.3d 1485 (9th Cir. 1995) .............................................................................................. 10

13 *Grupo Dataflux v. Atlas Global Group, L.P.*,
14    541 U.S. 567 (2004) ......................................................................................................... 7, 8

15 *Harrington v. Mattel, Inc.*,
      2007 U.S. Dist. Lexis 95401 (N.D. Cal. Dec. 20, 2007) ...................................................... 2

16 *Hart v. FedEx Ground Package Sys.*,
17    457 F.3d 675 (7th Cir. 2006) ................................................................................................ 7

18 *Lao v. Wickes Furniture Co.*,
      455 F. Supp. 2d 1045 (C.D. Cal. 2006) ................................................................................ 6

19 *Larsen v. Pioneer Hi-Bred Int'l, Inc.*,
20    2007 U.S. Dist. Lexis 83505 (S.D. Iowa Nov. 9, 2007) .................................................... 3, 7

21 *Lowdermilk v. United States Bank Nat'l Assoc.*,
      479 F.3d 994 (9th Cir. 2007) ................................................................................................ 2

22 *Marks v. Chicoine*,
23    2007 U.S. Dist. Lexis 65671 (N.D. Cal. Aug. 21, 2007) ...................................................... 5

24 *McMorris v. TJX Cos.*,
      493 F. Supp. 2d 158 (D. Mass. 2007) ........................................................................... 3, 7, 8

25 *Miedema v. Maytag Corp.*,
26    450 F.3d 1322 (11th Cir. 2006) ............................................................................................ 5

27 *Moore v. Permanente Med. Group*,
      981 F.2d 443 (9th Cir. 1992) .............................................................................................. 10
28

*Roche v. Country Mut. Ins. Co.*,
    2007 U.S. Dist. Lexis 48921 (S.D. Ill. July 6, 2007) ............................................................. 3, 4

*Schorsch v. Hewlett-Packard Co.*,
    417 F.3d 748 (7th Cir. 2005) ...................................................................................................... 10

*Serrano v. 180 Connect, Inc.*,
    478 F.3d 1018 (9th Cir. 2007) ........................................................................................ 1, 2, 6, 8

*State Farm Fire & Cas. Co. v. Tashire*,
    386 U.S. 523 (1967) ..................................................................................................................... 7

*Sundy v. Renewable Envtl. Solutions, L.L.C.*,
    2007 U.S. Dist. Lexis 75762 (W.D. Mo. Oct. 10, 2007) ...................................................... 6, 7, 8

**FEDERAL STATUTES**

28 U.S.C. § 1331 ................................................................................................................................. 10

28 U.S.C. § 1332 ............................................................................................................................ *passim*

28 U.S.C. § 1447 ............................................................................................................................ 1, 10

28 U.S.C. § 1453 ..................................................................................................................................... 1

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether this Court lacks jurisdiction over this action where Plaintiff and the putative class are citizens of California, where Safeway is also a citizen of California and where Safeway has failed to meet its burden of proof in removing this action from state court.

2. Whether even if this Court possessed jurisdiction pursuant to the Class Action Fairness Act of 2005, the "home-state" nature of the controversy would require the Court to otherwise decline that jurisdiction.

3. Whether pursuant to 28 U.S.C. § 1447(c), this Court should exercise its discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of" Safeway's improper removal of this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Theadora King, individually and on behalf of all others similarly situated and in support of Plaintiff's Motion to Remand, pursuant to 28 U.S.C. §§ 1447 and 1453, hereby states as follows:

## I.   INTRODUCTION

On January 11, 2008, Plaintiff Theadora King filed the present class action in the Superior Court of the State of California, County of Alameda against Defendant Safeway, Inc. ("Safeway"), seeking relief for the injuries sustained "as a result of Safeway's deceptive marketing of milk as organic when the milk is not, in fact, organic." Class Action Complaint, ¶ 1 ("Complaint" or "Compl."). Notwithstanding the plain language of Plaintiff's Complaint, which seeks certification of a class under California law, consisting ***solely of citizens of California***, on February 19, 2008, Safeway removed the present action to this Court, relying on the provisions of 28 U.S.C. § 1332 as amended by the Class Action Fairness Act ("CAFA") of 2005. *See* Notice of Removal, ¶ 3 (Dkt. No. 1).

However, as will be demonstrated below, this Court lacks jurisdiction over this action where Plaintiff and the putative class are citizens of California, where Safeway is also a citizen of California and where Safeway has failed to meet its burden of proof. Furthermore, even if this Court possessed jurisdiction pursuant to CAFA, the "home-state" nature of the controversy would require the Court to otherwise decline that jurisdiction. As a result, Plaintiff respectfully requests that this matter be remanded to the Superior Court of the State of California, County of Alameda.

## II.   BURDENS OF PROOF AND STANDARD OF REVIEW

While the text of CAFA itself is "silent as to the burden of proof," the Ninth Circuit has "concluded that Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).[1] By contrast, to the extent a party argues against removal based on an

---
[1] All emphasis added and all internal quotations and citations removed, unless otherwise stated.

PL.'S NOTICE OF MOT. AND MOT. TO REMAND – NO. 08-cv-0999-EDL        - 1 -
010004-16 226751 V1

exception to CAFA, the burden of proof shifts as "the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." *Serrano*, 478 F.3d at 1021-1022.

As observed by the Ninth Circuit in *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994 (9th Cir. 2007), federal courts "are courts of limited jurisdiction and we will strictly construe our jurisdiction," particularly where "it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Id*. at 998-99. "Because the Court strictly construes the removal statute against removal, if there is ***any doubt*** as to the existence of federal jurisdiction, the Court should remand the matter to state court." *Harrington v. Mattel, Inc*., 2007 U.S. Dist. Lexis 95401, at *6 (N.D. Cal. Dec. 20, 2007). "This burden generally remains the same under CAFA." *Id*.

### III.    ARGUMENT

**A.    Safeway Has Not Met Its Burden of Proving That CAFA Provides this Court with Jurisdiction over this Class Action**

Pursuant to CAFA, this Court has original jurisdiction over this class action so long as "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which … any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). However, where Plaintiff and the putative class are all citizens of California and where Safeway is also a citizen of California, minimal diversity is absent, notwithstanding the fact of Safeway's Delaware incorporation. As a result, this Court does not have original jurisdiction over this putative class action and must remand.

**1.    The Putative Class Consists Solely of California Citizens**

In arguing that jurisdiction exists in this matter, Safeway first suggests minimal diversity exists because "Plaintiff's class definition does not restrict the class to California citizens." Notice of Removal, ¶ 4. However, Plaintiff's Complaint clearly limits the putative class to citizens of California. In Paragraph 33, Plaintiff draws a class definition which limits this action to a state-wide class of Californians:

> Plaintiff seeks certification of a state-wide Consumer Class defined as follows:

> All persons in the State of California who purchased organic milk or milk products from Safeway during the time period of December 5, 2003 through October 15, 2007.[2]

Compl., ¶ 33. In addition, near the outset of Plaintiff's Complaint, Plaintiff notes that: "[t]his litigation may not be removed to federal court under 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005, because ***the members of the Plaintiff Class are citizens of the same state, California, as Defendant***." Compl., ¶ 8 (emphasis added). As a consequence, and Safeway's myopic reading of Plaintiff's Complaint aside, this explicit disclaimer sufficiently demonstrates that the putative class is limited to "citizens" of California.

Notably, in *Roche v. Country Mut. Ins. Co.*, 2007 U.S. Dist. Lexis 48921, at *1 (S.D. Ill. July 6, 2007), a district court addressed a similar situation as that before this Court. In *Roche*, an Illinois plaintiff brought a class action against an Illinois insurance company regarding medical billing practices. *Id.* In examining the sufficiency of the plaintiff's complaint, the court noted that "the class is drawn to include only 'licensed healthcare providers in Illinois' … and the complaint specifically disclaim[ed] the existence of diversity jurisdiction under CAFA on the grounds that 'the proposed class consists only of medical providers within Illinois.'" *Id.* at *9 n.6. The court concluded "that Roche's allegations sufficiently restrict[ed] the proposed class to Illinois citizens," adding that "even were there a dispute as to whether the class includes non-Illinois citizens, Country, which, as noted, has the burden of proof in this instance, has not produced any evidence of this." *Id.* at *10.

While the removing defendant did not dispute that the plaintiff limited her class to Illinois citizens, such a concession is not surprising given the express disclaimer regarding the scope of the

---

[2] While Safeway contends that "substantially identical class definitions" are found in *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158 (D. Mass. 2007) and *Larsen v. Pioneer Hi-Bred Int'l, Inc.*, 2007 U.S. Dist. Lexis 83505, at *1 (S.D. Iowa Nov. 9, 2007), this is not true. In relevant part, the McMorris class definition was drawn to include "Residents of Massachusetts," *see McMorris*, 493 F. Supp. 2d at 160, while the *Larsen* class definition involved "All persons ***and entities*** in the state of Iowa." *Larsen*, 2007 U.S. Dist. Lexis 83505, at *12 (emphasis added). Additionally, the *Larsen* case is distinguishable where the court found that the defendant met its burden of proof having presented "testimony and evidence of its records that persons with out-of-state addresses from nearly forty different states purchased [the product at issue from defendant] in Iowa, including "evidence that … out-of-state corporations purchased from Pioneer in Iowa." *Id.* at *13-15. Safeway has presented no such record evidence. *See infra* Section III.A.1.

1   putative class found in the plaintiff's complaint, and the court's observation that it "must resolve
2   doubts against removal … in the light most favorable to [the plaintiff]." *Id*. at *9; *see also In re*
3   *FedEx Ground Package Sys*., 2006 U.S. Dist. Lexis 1218, at *23-25 (N.D. Ind. Jan. 13, 2006)
4   (granting plaintiffs' motion to remand in a case against a defendant with its principal place of
5   business in Pennsylvania, where "[t]he complaint identifies the putative class action as containing
6   only those who, at the time of the filing, were (or are) Pennsylvania citizens," and agreeing with
7   the plaintiffs' reasoning "that there can be no minimal diversity (and thus no original jurisdiction)"
8   under such facts).

9         Significantly, the *Roche* court found the plaintiff sufficiently limited the class to Illinois
10  citizens where the plaintiff's complaint limited the class to "licensed healthcare providers in
11  Illinois" and where "the proposed class consist[ed] only of medical providers within Illinois."
12  *Roche*, 2007 U.S. Dist. Lexis 48921, at *9. Notably, the language in Plaintiff's Complaint before
13  this Court is stronger and more specific as to the citizenship of the class, where the class definition
14  has been explicitly limited to California citizens: "***the members of the Plaintiff Class are citizens***
15  ***of the same state, California, as Defendant***." Compl., ¶ 8 (emphasis added); *see also FedEx*, 2006
16  U.S. Dist. Lexis 1218, at *24 ("The explicit requirements found in § 1332(d)(2) necessitate a
17  showing that at least one member of the putative class action is of diverse citizenship. In trying to
18  make such a showing, *FedEx* submits three affidavits identifying people who arguably were not
19  citizens of Pennsylvania at the time the complaint was filed. This is not an adequate showing of a
20  diverse member of the putative class; anyone not a citizen of Pennsylvania at the time of the
21  complaint would not be member of the putative class.").

22        Finally, like the defendant's failure in *Roche* to produce evidence that out-of-state citizens
23  were members of the class, Safeway has produced no evidence that non-California citizens are
24  "persons in the State of California who purchased organic milk or milk products from Safeway."
25  Compl., ¶ 33; *Roche*, U.S. Dist. Lexis 48921, at *8 n.6. In the place of proof, Safeway submits
26  conjecture, *i.e.*, that citizens of neighboring states are putative class members as "Safeway has
27  many stores in California which are close to, or encroach upon, the borders of other states." Notice
28  of Removal, ¶ 6. In doing so, Safeway relies on the declaration of one of its employees, Laura A.

1   Donald, an Assistant Vice President and Assistant Secretary. *Id.*, Ex. 3, ¶ 1 (Declaration of
2   Laura A. Donald ("Donald Decl.")). But, while declaring to have knowledge regarding "the
3   amount and value of Safeway's milk sales" and "the location of Safeway retail stores in
4   California," *Id*. at ¶¶ 2-3, Safeway has not demonstrated that Ms. Donald is knowledgeable
5   regarding the *citizenship* of Safeway's customers, even though she concludes that "[c]itizens of
6   other states (*e.g.*, Nevada) purchase milk from these stores." *Id*. at ¶ 5. *See*, *e.g.*, *Marks v.
7   Chicoine*, 2007 U.S. Dist. Lexis 65671, at *6 n.2 (N.D. Cal. Aug. 21, 2007) (denying summary
8   judgment and recognizing that "[a] declaration is a statement of facts which are personally known
9   to the person making the declaration" and that "[t]he facts in a declaration must be admissible in
10  evidence, i.e., evidentiary facts and not conclusions or argument"). And, while Safeway contends
11  generically that Nevada residents "purchase milk" from Safeway, Plaintiff's Complaint concerns
12  purchases of not just "milk" but "organic milk." Compl., ¶ 33. This lack of specificity further
13  demonstrates Safeway's failure to meet its removal burden. *Miedema v. Maytag Corp*., 450 F.3d
14  1322 (11th Cir. 2006) (affirming district court's remand of a state law class action involving the
15  defective manufacture of certain appliances brought on behalf of Florida residents under Florida
16  law, where a declaration submitted by defendant in support of removal was based on the total
17  number of appliances sold and where the complaint did not allege that every such appliance sold
18  during the class period was defective).

19   Accordingly, the plain language of Plaintiff's Complaint belies any argument that Plaintiff
20  failed to limit the class in this case to citizens of California, particularly where Safeway has not met
21  its burden of establishing a prima facie case of removal jurisdiction.

22  **2.  Safeway Cannot Show that At Least One Member of the Class is of Diverse Citizenship**

23   Because the putative class is limited to California citizens, Safeway cannot show that "any
24  member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.
25  § 1332(d)(2)(A). As a logical result, where the class consists of California citizens, and where

1   Safeway is a citizen of California maintaining its principal place of business in California,[3] no
2   members of the class are citizens "of a State different" than Safeway. Thus, minimal diversity
3   under CAFA is absent. *See*, *e.g.*, *Lao v. Wickes Furniture Co.*, 455 F. Supp. 2d 1045, 1061 (C.D.
4   Cal. 2006) ("For the purpose of diversity jurisdiction, a corporation is a citizen of any state where it
5   is incorporated and of the state where it has its principal place of business. Here, Wickes is
6   incorporated under the laws of the State of Delaware. Thus, to defeat jurisdiction under CAFA it
7   must be established that California is Wickes' principal place of business.") (questioned on other
8   grounds by *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018 (9th Cir. 2007)).

9   For example, in *Sundy v. Renewable Envtl. Solutions, L.L.C.*, 2007 U.S. Dist. Lexis 75762,
10  at *1, after determining that the defendant, a Delaware corporation, maintained its principal place
11  of business in Missouri, the court turned to the issue of "whether [the defendant] has demonstrated
12  the minimal diversity required by CAFA." *Id.* at *10. In doing so, the Court recognized that
13  "[t]his requirement is satisfied if there is at least one member of the class who is not a citizen of
14  either Missouri or Delaware." *Id.* In ruling in favor of the plaintiffs, the court noted that the
15  defendant "failed to sustain their burden of demonstrating there is a member of the class who is
16  neither a citizen of Missouri nor a citizen of Delaware, and have therefore failed to demonstrate
17  federal jurisdiction exists." *Id.* Like the defendant in *Sundy*, Safeway has also failed to
18  demonstrate that federal jurisdiction exists.

19  Safeway also suggests that minimal diversity exists where Plaintiff is a citizen of California
20  and where Safeway is a citizen of California and Delaware. In doing so, Safeway relies on one
21  selectively quoted decision by the U.S. Supreme Court. Notice of Removal, ¶ 5 (quoting *Grupo*

---

[3] Unlike defendants in other cases, *see*, *e.g.*, *Sundy v. Renewable Envtl. Solutions, L.L.C.*, 2007 U.S. Dist. Lexis 75762, at *1 (W.D. Mo. Oct. 10, 2007), Safeway concedes that it maintains its principal place of business in California and is thus a citizen of California. *See* Notice of Removal, ¶ 5 ("Safeway is a Delaware corporation with its principal place of business in the State of California and thus, is a dual citizen of Delaware and California.") (citing 28 U.S.C. § 1332(c)(1)). In light of this concession, it is also evident that Safeway cannot demonstrate the existence of complete diversity necessary under non-CAFA based diversity jurisdiction. *See*, *e.g.*, *China Basin Props., Ltd. v. One Pass, Inc.*, 812 F. Supp. 1038, 1041 (N.D. Cal. 1993) ("One Pass is a citizen of both California and Delaware for diversity purposes. Because Plaintiff is also a citizen of California, the parties lack complete diversity and the Court is without jurisdiction to hear Plaintiff's claims against One Pass.").

1   *Dataflux v. Atlas Global Group, L.P*., 541 U.S. 567, 578 n.6 (2004)).  However, *Grupo* is of no

2   assistance to Safeway where the Court commented on the issue of minimal diversity as *dicta*, did

3   so contrary to existing precedent and without citation to supporting authority.

4         As selectively quoted by Safeway, the Court in *Grupo* addressed "minimal diversity" as

5   follows:

6         We understand "minimal diversity" to mean the existence of at least
    one party who is diverse in citizenship from one party on the other
7   side of the case, even though the extraconstitutional "complete
    diversity" required by our cases is lacking.  It is possible, ***though far
8   from clear***, that one can have opposing parties in a two-party case
    who are cocitizens, and yet have minimal Article III jurisdiction
9   because of the multiple citizenship of one of the parties.

10  *Grupo*, 541 U.S. at 578 n.6 (emphasizing language from *Grupo* excluded by Safeway).  In addition

11  to omitting the language "though far from clear" in quoting *Grupo* to this Court, Safeway excluded

12  another sentence which immediately followed the above quotation, in which the Court attempted to

13  distinguish contrary precedent:  "Although the Court has previously said that minimal diversity

14  requires 'two adverse parties [who] are not co-citizens,' the Court did not have before it a multiple-

15  citizenship situation."  *Id*. (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531

16  (1967)).  *But see State Farm*, 386 U.S. at 531 ("[T]his Court and the lower courts have concluded

17  that Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on

18  diversity, ***so long as any two adverse parties are not co-citizens***.").  *Compare id.* (construing the

19  federal interpleader statute) *with Hart v. FedEx Ground Package Sys*., 457 F.3d 675, 676-677 (7th

20  Cir. 2006) ("For many years, it has permitted minimal diversity suits under the federal interpleader

21  statute, 28 U.S.C. § 1335.  In 2005, it did the same thing for large class actions, when it enacted

22  CAFA.").

23        Of the three courts[4] quoting the *Grupo* footnote's reference to minimal diversity in the

24  context of CAFA, only the *Sundy* court has analyzed its applicability to CAFA with respect to a

---

[4] The three cases include *Sundy*, 2007 U.S. Dist. Lexis 75762, at *10 n.4, and two cases cited by Safeway, *McMorris*, 493 F. Supp. 2d at 163 and *Larsen*, 2007 U.S. Dist. Lexis 83505, at *11-12.

removing defendant's citizenship.[5] Indeed, in *Sundy*, the court explicitly declined "to adopt Defendants' formulation as a correct statement of law" where defendant "suggest[ed] that minimal diversity exists unless a member of the class is a citizen of both Missouri and Delaware" in an action filed in Missouri by Missouri citizens against a Delaware corporation doing business in Missouri. *Sundy*, 2007 U.S. Dist. Lexis 75762, at *11 n.4. And, in doing so, the court also rejected outright the defendant's reliance "on dicta from the Supreme Court's opinion in *Grupo Dataflux v. Atlas Global Group, L.P*. [where,] in addition to being dicta, that passage acknowledged this proposition was 'possible, though far from clear,' did not reference any supporting authority, and noted the existence of contrary authority." *Id*.

Accordingly, because minimal diversity (and complete diversity) is absent in this case, this Court must remand this matter to the Superior Court of the State of California, County of Alameda.

**B.     Even If CAFA Provides this Court with Jurisdiction, the Home-State Controversy Exception Requires this Court to Decline Its Jurisdiction**

Even if this Court found that it has jurisdiction over this class action pursuant to CAFA, this Court must decline its jurisdiction because of the "home-state controversy" exception since more than two-thirds of the class members are from California and Safeway is also from California. As explained by the Ninth Circuit:

> Section 1332(d)(4)(B) sets forth what has been dubbed the 'home-state controversy' exception:
>
> > A district court *shall decline to exercise jurisdiction* under [§ 1332(d)(2)]…(B) where two-thirds or more of the members of all proposed plaintiff classes in the aggregate and the primary defendants, are citizens of the State in which the action was originally filed.

*Serrano*, 478 F.3d at 1022-23 (quoting 28 U.S.C. § 1332(d)(4)(B)). To start, because Plaintiff has named only one Defendant, there can be no doubt that that Safeway is a "primary defendant" in

---

[5] The only other court to come close to analyzing the *Grupo* issue did not directly decide the issue. *See McMorris*, 493 F. Supp. 2d at 163-64 (observing that "[t]he Supreme Court recently noted that minimal diversity may well be satisfied in any situation where one of the parties has multiple citizenship," but observing the issue to be "left open" and ultimately not dispositive to the court's ruling where the defendant "sufficiently alleged a 'reasonable probability' that at least one member of the McMorris class is domiciled in a state other than Massachusetts or Delaware, the two states in which TJX is domiciled").

1  this case.  Likewise, there can be no doubt that this matter was originally filed in California and

2  that Safeway is a citizen of California, maintaining its principal place of business within the state.

3        To the extent that a dispute exists, it only exists as to the issue of whether "two-thirds or

4  more of the members of all proposed plaintiff classes" are citizens of California.  28 U.S.C.

5  § 1332(d)(4)(B).  However, this too is a non-issue because the membership of the proposed

6  plaintiff class is limited to citizens of California.[6]  *See supra* Section III.A.1.  Thus, where this

7  matter was filed in California under California law, where all "of the members of all proposed

8  plaintiff classes" are citizens of California and where Safeway, the only and therefore primary

9  defendant, is also a citizen of California, this Court must decline its jurisdiction.

10 **C.      Federal Question Jurisdiction Also Does Not Exist**

11       In addition, because Plaintiff's Complaint seeks relief solely under California law, no

12 questions of federal law are implicated.  *See* Compl., ¶¶ 40-72.  While Safeway submits in a

13 footnote that "alternate grounds for removal may exist, namely federal question jurisdiction based

14 on principles of complete preemption," it has only reserved "the right to raise issues of complete

15 preemption…in support of a motion to dismiss at the appropriate time."  Notice of Removal, ¶ 3

16 n1.  As a result, Safeway has waived such arguments as a ground for removal (or at a minimum has

17 a failed to carry its burden of proving its applicability).  Nevertheless, even if this Court found that

18 Safeway did not waive the ability to raise the issue on removal, the Ninth Circuit has ruled that a

19 defense of complete preemption is insufficient to invoke federal question jurisdiction.  *See*, *e.g.*,

20 *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000) ("[T]he

21 'complete preemption' doctrine does not abrogate the standard rule that a defense of preemption

---

[6] As previously noted, Safeway argues that it "has many stores in California which are close to, or encroach upon the borders of other states," to conclude that "[c]itizens of other states, (e.g., Nevada) purchase milk from these stores."  Notice of Removal, Ex. 3, ¶ 5 (Donald Decl.).  During the class period, California's population far surpassed the combined population of its neighboring states.  According to the U.S. Census Bureau, 36,457,549 people were estimated to live in California during the class period, compared with 2,495,529 in Nevada, 6,166,318 in Arizona and 3,700,758 in Oregon during the same time period.  *See* U.S. Census Bureau, State & County Quick Facts http://quickfacts.census.gov/qfd/index.html (last visited Feb. 29, 2008).  Of the combined population (48,820,154), California's population comprises approximately 74.7% of the total.  While the focus of 28 U.S.C. § 1332(d)(4)(B) is on citizenship rather than population, this figure is nevertheless illustrative that the requirement that two-thirds of the class be citizens of California is met in this case.

PL.'S NOTICE OF MOT. AND MOT. TO REMAND     - 9 -
– NO. 08-cv-0999-EDL
010004-16 226751 V1

does not create federal question jurisdiction."). Accordingly, federal question jurisdiction under 28 U.S.C. § 1331 is also absent.

### D. In Remanding, This Court Should Also Award "Just" Costs and Expenses, Including Reasonable Attorneys' Fees

Pursuant to 28 U.S.C. § 1447(c), this Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of" Safeway's improper removal of this case. *See id.*; *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir. 1995). This Court may award attorneys' fees when defendant's removal is wrong as a matter of law. *Balcorta*, 208 F.3d at 1106 n.6 (affirming fee award based on district court's correct decision to remand); *Moore v. Permanente Med. Group*, 981 F.2d 443, 448 (9th Cir. 1992) (indicating that bad faith need not be demonstrated to award fees).

In numerous other cases, courts have awarded such attorneys fees. *See*, *e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932, 950 (9th Cir. 2001) ($28,650); *Ansley v. Ameriquest Mortg. Co.*, 194 F. Supp. 2d 1062, 1065 (C.D. Cal. 2002) ($3,600), *aff'd*, 340 F.3d 858 (9th Cir. 2003); *Braco v. MCI Worldcom Commc'ns., Inc.*, 138 F. Supp. 2d 1260, 1270 (C.D. Cal. 2001) ($7,500); *accord Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 751-52 (7th Cir. 2005) ("Defendants should recognize that 28 U.S.C. § 1447(c) makes an award of attorneys' fees the norm for improper removal…. [W]e invite the plaintiffs to file (in the district court) an appropriate request for reimbursement of the additional legal expenses to which they have been put by HP's efforts to move this litigation from state to federal court."). Accordingly, Plaintiff requests this Court grant just attorneys' fees and expenses incurred in litigating Plaintiff's Motion to Remand.

### IV.  CONCLUSION

Simply put, in a case brought by a California citizen under California law, against a company that is California citizen and limited to California citizens, Safeway cannot demonstrate that this case belongs in federal court. Accordingly for the reasons provided above and in her

//
//
//

1  Motion to Remand, Plaintiff respectfully requests this Court to remand this matter to the Superior
2  Court for the State of California, County of Alameda, grant an award of reasonable attorneys' fees
3  and costs, and grant all such other relief as this Court deems necessary and appropriate.

Dated: March 5, 2008      Respectfully submitted

               HAGENS BERMAN SOBOL SHAPIRO LLP


By       /s/ Shana E. Scarlett
  SHANA E. SCARLETT (217895)

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, Illinois 60301
Telephone: (708) 776-5600
Facsimile: (708) 776-5601
beth@hbsslaw.com

*Attorneys for Plaintiff Theadora King*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on March 5, 2008 I electronically filed the foregoing with the Clerk of |
| 3 | the Court using the CM/ECF system which will send notification of such filing to the e-mail |
| 4 | addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify |
| 5 | that I have mailed the foregoing document or paper via the United States Postal Service to the non- |
| 6 | CM/ECF participants indicated on the attached Manual Notice List. |

                                                /s/ Shana E. Scarlett
                                                  SHANA E. SCARLETT

# Mailing Information for a Case 3:08-cv-00999-EDL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,bonneym@hbsslaw.com

- **Elizabeth Anne Fegan**
  beth@hbsslaw.com

- **Livia M. Kiser**
  livia.kiser@lw.com,chefiling@lw.com

- **Mark S. Mester**
  mark.mester@lw.com,chefiling@lw.com,barbara.buti@lw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Viviann C Stapp**
  viviann.stapp@lw.com,#sfdocket@lw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
```