1  HAGENS BERMAN SOBOL SHAPIRO LLP
   Shana E. Scarlett (217895)
2  715 Hearst Avenue, Suite 202
   Berkeley, CA  94710
3  Telephone: (510) 725-3000
4  Facsimile: (510) 725-3001
   shanas@hbsslaw.com
5
6  *Attorneys for Plaintiff Theadora King*

7  [Additional Counsel on Signature Page]

8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12 | THEADORA KING, Individually and on Behalf of All Others Similarly Situated, | No. 08-cv-0999-EDL |
|---|---|
| Plaintiff, | ADMINISTRATIVE MOTION TO SHORTEN TIME |
| v. | |
| SAFEWAY, INC., | |
| Defendant. | ACTION FILED:  January 11, 2008 |

010004-16  227064 V1

Plaintiff Theadora King, individually and on behalf of all others similarly situated, and in support of Plaintiff's Administrative Motion to Shorten Time pursuant to Civil L.R. 6-1 and 7-11, hereby states as follows:

## I. INTRODUCTION

Plaintiff files her present Administrative Motion to Shorten Time to hear Plaintiff's Motion to Remand due to the likelihood that this matter will be transferred to the MDL proceeding pending in the Eastern District of Missouri. Should this court not change the time as requested in the Proposed Order, this matter will be swept up into an MDL proceeding thousands of miles away, despite the fact that Plaintiff raises fundamental jurisdictional questions regarding Defendant, Safeway, Inc.'s ("Safeway") removal of this case to federal court. Moreover, Plaintiff will be forced to litigate before both the JPML and the transferee court in St. Louis. Accordingly, for the reasons provided below, Plaintiff requests this Court shorten time to hear Plaintiff's Motion to Remand.

## II. BACKGROUND

**A.  The Filing of Plaintiff's Action and Defendant's Efforts to Include This Action with MDL 1907**

On January 11, 2008, Plaintiff Theadora King filed the present class action in the Superior Court of the State of California, County of Alameda against Defendant Safeway, seeking relief for the injuries sustained "as a result of Safeway's deceptive marketing of milk as organic when the milk is not, in fact, organic." Complaint, ¶ 1.[1] Notwithstanding the plain language of Plaintiff's Complaint, which seeks certification of a class under California law, consisting *solely of citizens of California*, on February 19, 2008, Safeway removed the present action to this Court, relying on the provisions of 28 U.S.C. § 1332 as amended by the Class Action Fairness Act ("CAFA") of 2005. *See* Safeway Inc.'s Notice of Removal, ¶ 3 (Dkt. #1).

One day after Safeway's removal of this matter to this Court, on February 20, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order in MDL 1907, *In re Aurora Dairy Corporation Organic Milk Marketing and Sales Practices Litigation*, consolidating

---

[1]  "Complaint" refers to the Class Action Complaint, filed January 11, 2008.

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-EDL         - 1 -

four matters involving the sale of organic milk produced by Safeway's wholesaler, Aurora Dairy Corporation, in the Eastern District of Missouri. Kurowski Decl., Ex. A (Transfer Order).[2] Thereafter, on February 26, 2008, the JPML also issued a Conditional Transfer Order (CTO-1), conditionally transferring an additional eleven actions identified by counsel for defendants as "tag-along" actions pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Kurowski Decl., Ex. B (Conditional Transfer Order (CTO-1)).

On February 26, 2008, Mark Mester of Latham & Watkins LLP, counsel for Safeway in this action, issued a letter to the Clerk of the Panel for the JPML indicating that they had "identified an additional three actions for which conditional transfer orders should issue," matters "were initially filed in state court but have since been removed to federal court." Kurowski Decl., Ex. C (Mester Letter). While the JPML has yet to act on the February 26, 2008 notification of "tag-along" actions, Plaintiff expects that the JPML will act consistently with its prior actions and issue a second conditional transfer order, conditionally transferring this matter to the Eastern District of Missouri.

**B.      Plaintiff's Efforts to Obtain a Stipulation from Safeway to Shorten Time**

In light of the above events, on March 5, 2008, counsel for Plaintiff contacted counsel for Safeway to determine Safeway's willingness to stipulate to a somewhat shortened briefing schedule in order to afford this Court a full two-week period to review a fully-briefed Motion to Remand. *See* Kurowski Decl., Exs. D-E. Thereafter, Plaintiff's counsel spoke with Kathleen P. Lally at Latham & Watkins LLP, counsel for Safeway, on the afternoon of March 5, 2008. Counsel for Safeway has indicated that her client is not willing to agree to a shortened briefing schedule. *Id.*, ¶ 3. Accordingly, in light of Safeway's unwillingness to stipulate to a shortened briefing schedule, the present Administrative Motion to Shorten Time is necessary.

---

[2]     "Kurowski Decl." refers to the Declaration of Daniel J. Kurowski in Support of the Administrative Motion to Shorten Time, filed concurrently herewith.

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-EDL        - 2 -

010004-16 227064 V1

### III.     ARGUMENT

**A.     This Court Should Shorten Time for this Court to Hear Plaintiff's Motion to Remand As Plaintiff Will Be Substantially Harmed and/or Prejudiced If the Court Does Not Change the Time Because of Likely MDL Transfer.**

Plaintiff respectfully requests this Court to shorten the schedule for this Court to hear Plaintiff's Motion to Remand in light of the strong likelihood that this matter will be transferred to the Eastern District of Missouri as part of the MDL proceedings in St. Louis.  A shortened schedule is necessary to prevent undue harm and/or prejudice to a plaintiff that has requested to return to state court.  Indeed, if this matter is conditionally transferred in advance of this Court's resolution of Plaintiff's Motion to Compel, Plaintiff (and also Safeway) will be prejudiced by having to incur significant time, expense and effort in litigating a motion to vacate the conditional transfer order before the JPML.  And, where the matter is actually transferred to St. Louis in advance of a ruling on the Motion to Compel, the parties will further incur the time, expense and effort inherent in returning the matter from St. Louis to this Court, only for it to be remanded to state court.  However, this motion practice will be rendered moot should this Court advance the schedule in this case.

Early resolution of Plaintiff's Motion to Remand is necessary because of the strong grounds in favor of remand as demonstrated in Plaintiff's concurrently filed Motion to Remand.  As explained therein, this Court lacks jurisdiction over this action where Plaintiff and the putative class are citizens of California, where Safeway is also a citizen of California and where Safeway has failed to meet its burden of proof.  Furthermore, even if this Court possessed jurisdiction pursuant to CAFA, the "home-state" nature of the controversy would require the Court to otherwise decline that jurisdiction.  As a result, Plaintiff has requested that this matter be remanded to the Superior Court of the State of California, County of Alameda.

As many courts have recognized, motions to remand should be resolved before the JPML acts on a transfer motion.  *See, e.g., Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975) ("[A] transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case."); *Tortola Rests., L.P. v. Kimberly-Clark Corp*., 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) ("This Court, as transferor Court, 'retains exclusive jurisdiction until the § 1407 transfer

becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer.'").[3] *Cf. Rio De Janeiro of the Federated Republic of Brazil v. Philip Morris, Inc.*, 239 F.3d 714, 716 (5th Cir. 2001) ("The MDL's conditional transfer order by its terms could take effect only if the district court did not remand."). Thus where, as here, the JPML has yet to enter a conditional transfer order as to this matter (and where Plaintiff intends to challenge a potential conditional transfer order should it issue prior to this Court's resolution of Plaintiff's Motion to Remand), this Court should resolve Plaintiff's Motion to Remand in advance of transfer.

Accordingly, where Plaintiff is challenging the propriety of Safeway's removal of the present matter to federal court, necessarily implicating jurisdictional issues, this Court should grant Plaintiff's requested relief, thereby permitting resolution of Plaintiff's Motion to Remand prior to transfer of this matter to St. Louis.

**B.   No Prior Time Modifications Have Taken Place in this Case and Modification of the Schedule Will Serve to Expedite Resolution of this Matter in Federal Court**

Prior to the present Motion to Shorten Time, no prior modifications to the schedule of this action, whether by stipulation or Court order, have been entered. The effect of an order granting Plaintiff's requested relief herein will serve to expedite the resolution of the fundamental jurisdictional questions at issue in Plaintiff's Motion to Remand.

**C.   Plaintiff's Motion to Shorten Time Does Not Involve a Motion to Compel Disclosure or for Sanctions**

As is readily evident, Plaintiff's present motion does not relate to a motion to compel disclosure, nor does it relate to a motion for sanctions. Instead, it relates to Plaintiff's Motion to Remand. Accordingly, Civil L.R. 6-3(a)(4) is inapplicable and compliance with Civil L.R. 37-1(a) is unnecessary.

### IV.   CONCLUSION

For the reasons provided above and in the concurrently filed Motion to Remand, Plaintiff respectfully requests this Court grant Plaintiff's present Administrative Motion to Shorten Time,

---

[3] All emphasis added and all internal quotations and citations removed, unless otherwise stated.

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-EDL          - 4 -

1  enter the attached [Proposed] Order and grant all such other relief as this Court deems necessary
2  and appropriate.

3  Dated: March 5, 2008                             Respectfully submitted

4                                                   HAGENS BERMAN SOBOL SHAPIRO LLP

5

6                                                   By          /s/ Shana E. Scarlett
                                                         SHANA E. SCARLETT (217895)
7

8                                                   715 Hearst Avenue, Suite 202
                                                    Berkeley, California  94710
9                                                   Telephone: (510) 725-3000
                                                    Facsimile: (510) 725-3001
10                                                  shanas@hbsslaw.com

11                                                  Steve W. Berman
                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
12                                                  1301 Fifth Avenue, Suite 2900
                                                    Seattle, Washington  98101
13                                                  Telephone: (206) 623-7292
                                                    Facsimile: (206) 623-0594
14                                                  steve@hbsslaw.com

15                                                  Elizabeth A. Fegan
                                                    HAGENS BERMAN SOBOL SHAPIRO LLP
16                                                  820 North Boulevard, Suite B
                                                    Oak Park, Illinois  60301
17                                                  Telephone: (708) 776-5600
                                                    Facsimile: (708) 776-5601
18                                                  beth@hbsslaw.com

19                                                  *Attorneys for Plaintiff Theadora King*

20

21

22

23

24

25

26

27

28

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-EDL         - 5 -

010004-16  227064 V1

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      /s/ Shana E. Scarlett
      SHANA E. SCARLETT

# Mailing Information for a Case 3:08-cv-00999-EDL

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,bonneym@hbsslaw.com

- **Elizabeth Anne Fegan**
  beth@hbsslaw.com

- **Livia M. Kiser**
  livia.kiser@lw.com,chefiling@lw.com

- **Mark S. Mester**
  mark.mester@lw.com,chefiling@lw.com,barbara.buti@lw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Viviann C Stapp**
  viviann.stapp@lw.com,#sfdocket@lw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
```