LATHAM & WATKINS LLP
Viviann C. Stapp (Bar No. 233036)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: viviann.stapp@lw.com

Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
233 South Wacker Drive
Suite 5800 Sears Tower
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mark.mester@lw.com
       livia.kiser@lw.com

*Attorneys for Defendant Safeway Inc.*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| **THEADORA KING, individually, and on behalf of those similarly situated,**<br><br>　　　　　**Plaintiff,**<br>　v.<br>**SAFEWAY INC.,**<br>　　　　　**Defendant.** | **CASE NO: 3:08-cv-00999**<br><br>―――――――<br><br>**DEFENDANT SAFEWAY INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME AND [PROPOSED] ORDER** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

Case No. 3:08-cv-00999
DEFENDANT SAFEWAY INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO SHORTEN TIME AND
[PROPOSED] ORDER

Pursuant to Civil Local Rules 6-3 and 7-11, Defendant Safeway Inc. ("Safeway" or "Defendant"), by its counsel, as its opposition to the motion to shorten time of Plaintiff Theadora King ("Plaintiff") states as follows:

### I. PLAINTIFF WILL SUFFER NO PREJUDICE WHATSOEVER IF THIS MOTION PROCEEDS ACCORDING TO THE BRIEFING SCHEDULE ESTABLISHED BY THE COURT'S LOCAL RULES

Plaintiff asks that the briefing schedule on her motion to remand be accelerated, citing the recent decision of the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel") consolidating and transferring to the Eastern District of Missouri a series of putative class actions asserting claims virtually identical to those Plaintiff seeks to raise here. The premise of Plaintiff's motion, however, is fundamentally flawed. The recent decision of the Multidistrict Panel should have no impact on the remand motion recently filed by Plaintiff, as is confirmed by a bevy of decisions by the Multidistrict Panel and a variety of other courts on this very issue. Moreover, Plaintiff's request would prejudice Safeway and could inconvenience this Court for no apparent reason or need.

In support of her manufactured claim of prejudice, Plaintiff makes two contentions. First, Plaintiff contends that if this Court does not rule on Plaintiff's motion to remand prior to a conditional transfer order being issued by the Clerk of the Multidistrict Panel, Plaintiff will supposedly be forced to "incur significant time, expense and effort in litigating a motion to vacate the conditional transfer order." Pl.'s Mot. at 3. Second, Plaintiff claims that transfer of this matter to the Eastern District of Missouri prior to a ruling on her remand motion would somehow force the parties to engage in needless motion practice attempting to return this matter from that district to this Court. See id. Both of Plaintiff's arguments, however, are misguided.

First, as the Multidistrict Panel has made clear time and again, a pending motion to remand does not provide a legitimate opposition to or basis for vacating a conditional transfer order. See In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001); In re Air Crash Disaster at Florida Everglades, 368 F. Supp. 812, 813 (J.P.M.L. 1973). Indeed, "[28 U.S.C. §] 1407 does not empower the [Multidistrict] Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

1

Case No. 3:08-cv-00999
DEFENDANT SAFEWAY INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO SHORTEN TIME AND
[PROPOSED] ORDER

1  remand;" instead, the transferee court is required to address those questions.  See In re Ivy, 901
2  F.2d 7, 9 (2d Cir. 1990); see also In re New England Mut. Life Ins. Co. Sales Practices Litig.,
3  324 F. Supp. 2d 288, 291-92 (D. Mass. 2004) (holding that transfer while a motion to remand is
4  pending in the transferor court is not a determination of jurisdiction and stating that "[i]t is clear
5  and unambiguous under federal case law, however, that an MDL transferee court may remand a
6  tag-along case to state court.").  Therefore, the existence of a pending motion to remand is
7  immaterial to any conditional transfer order that may be issued in this case -- or any challenges
8  that Plaintiff chooses to make thereto.

9        Moreover, the cases cited by Plaintiff do not change this conclusion.  Plaintiff cites
10 Bancohio Corp. v. Fox for the proposition that transfer cannot be made without proper
11 jurisdiction in the district court and that issues of remand should be resolved before the
12 Multidistrict Panel issues transfer.  See Pl.'s Mot. at 3.  The Bancohio case, however, does not
13 support this proposition.  In that case, the Sixth Circuit determined that because the state court
14 from which the case was removed was without jurisdiction in the first place (in fact, the claim
15 was exclusively federal and should have been brought in federal court), the district court to
16 which the matter was removed did not have jurisdiction.  See Bancohio Corp. v. Fox, 516 F.2d
17 29, 31 (6th Cir. 1975).  The court further held that the statute regarding Multidistrict Litigation
18 did not provide an exception to the normal rules governing removal.  See id. at 32.  Bancohio,
19 however, in no way stands for the proposition that a case subject to a pending remand motion
20 cannot be transferred and consolidated by the Multidistrict Panel; in fact, courts and the
21 Multidistrict Panel have held precisely the opposite.  Compare id. at 30-31 (noting that the
22 motion for remand had already been heard at the time of the issuance of the conditional transfer
23 order), with In re Stand 'n Seal Products Liability Litig., 469 F. Supp. 2d 1351, 1352 (J.P.M.L.
24 2007) ("Any pending motions for remand to state court, if not resolved by the time of Section
25 1407 transfer, can be presented to and decided by the transferee judge."); In re Marsh &
26 McLennan Cos. Securities Litig., 429 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006) (same); In re New
27 England Mut. Life Ins., 324 F. Supp. 2d at 291-92; see disc. supra at 1-2.
28       In addition, as Plaintiff has conceded, it is likely that the Clerk of the Multidistrict Panel

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

2

Case No. 3:08-cv-00999
DEFENDANT SAFEWAY INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO SHORTEN TIME AND
[PROPOSED] ORDER

will issue a condition transfer order for this matter in the near term. See Pl.'s Mot. at 2. To that end, the Clerk of the Multidistrict Panel informed counsel for Safeway on March 4, 2008 that she expected the conditional transfer order to issue no later than early next week (i.e., the week of March 10). See Declaration of Kathleen P. Lally ("Lally Decl.") at ¶ 4. As such, Plaintiff's proposed April 1, 2008 hearing date will likely occur several weeks after the conditional transfer order is entered. Thus, Plaintiff's proposed accelerated briefing schedule will not prevent consolidation or transfer of this action. Plaintiff is attempting to impose a hardship on Safeway without having a legitimate basis for doing so, apparently hoping this Court will ignore the fact that a pending motion to remand does not enter into the Multidistrict Panel's analysis as to whether any given matter is appropriate for transfer and consolidation. See In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d at 1347. This disparate result is likely why many courts opt to stay pre-trial proceedings pending decisions by the Multidistrict Panel, rather than accelerate those proceedings. See, e.g., Daniel v. Merck & Co., No. 05-1329-T/An, 2005 U.S. Dist. LEXIS 31955, at *2-3 (W.D. Tenn. Dec. 1, 2005) (staying decision on motion to remand pending ruling by Multidistrict Panel).

     Finally, Plaintiff's second contention (that transfer of this matter to the Eastern District of Missouri prior to a ruling on her remand motion would force the parties to engage in needless motion practice attempting to return this matter from that district to this Court) is simply incorrect. If this matter is transferred to the Eastern District of Missouri before this Court rules on the motion for remand, the assigned judge in the transferee court, the Honorable E. Richard Webber, will simply decide the motion for remand in that court. See In re Marsh & McLennan, 429 F. Supp. 2d at 1378 (holding that "Plaintiffs' motion to remand, if not resolved by the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee court."). In reality, transferee courts frequently address motions for remand. See, e.g., In re New England Mut. Life Ins., 324 F. Supp. 2d at 291-92. Thus, if the matter is not decided by the Court at the time of transfer, any briefing and hearings will simply continue before Judge Webber. See In re Wireless Tel. Replacement Prot. Programs Litig., 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002). No additional motion practice will ensue.

3

Case No. 3:08-cv-00999
DEFENDANT SAFEWAY INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO SHORTEN TIME AND
[PROPOSED] ORDER

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

## II. PLAINTIFF IS RESPONSIBLE FOR CREATING THE SUPPOSED BRIEFING EMERGENCY

Not only will Plaintiff not suffer any prejudice by allowing briefing to proceed on a normal schedule, the current "emergency" is of Plaintiff's own making. As noted in Plaintiff's motion, Safeway filed its notice of removal on February 19, 2008. See Dkt. # 1 (Safeway Inc.'s Notice of Removal). On that day, counsel for Safeway spoke directly with counsel for Plaintiff, informed her of the notice of removal and sent her a copy via email. See Lally Decl. at ¶ 2. During that same phone call, counsel for Safeway informed counsel for Plaintiff that the Multidistrict Panel was expected to rule within the next day or two regarding the motion for the transfer and consolidation of the other related federal cases. See id. at ¶ 3 Plaintiff, therefore, was well aware of the proceedings before the Multidistrict Panel and was also well aware that this proceeding could be subject to the transfer and consolidation in the near future. See id. at ¶¶ 2-3. Indeed, counsel for Plaintiff has been very much aware of and involved in the Multidistrict Litigation, having filed no fewer than four of the actions for which conditional transfer orders have already issued.[1] See id. at Ex. A (Conditional Transfer Order); id. at Ex. B (Notice to Multidistrict Panel of Other Actions). Accordingly, having to appear in the Eastern District of Missouri can hardly be characterized as a hardship.

In sum, Plaintiff and her counsel have been aware of the removal of this action (and, presumably, her desire to remand the action) since February 19, 2008, and Plaintiff has been aware of the possibility of the potential for transfer of this action (and, consequently, her desire to have any issue of remand heard before such transfer) for months. Despite Plaintiff's knowledge of these facts and despite Plaintiff's claims in her motion that "early resolution of Plaintiff's Motion to Remand is necessary," however, Plaintiff delayed filing her motion for remand. See Pl.'s Mot. at 3. Notwithstanding her current professed sense of urgency, Plaintiff proceeded at a leisurely pace and now expects to rush Safeway and the Court. Plaintiff's proposed briefing schedule provides Safeway with less than half the time normally allocated to

---

[1] Moreover, counsel for Safeway had provided notice of the proceedings before the Multidistrict Panel on January 24, 2008. See id., Ex. B at 20-27 (showing service on counsel for each action).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

4

Case No. 3:08-cv-00999
DEFENDANT SAFEWAY INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO SHORTEN TIME AND
[PROPOSED] ORDER

file an opposition and provides the Court with far less time to consider the papers before it. See Pl.'s Proposed Order. Given the critical nature of the question at issue -- the jurisdiction of this Court -- Safeway is entitled to sufficient time to thoroughly prepare its opposition and defend its position. At minimum, Safeway is entitled to give the issue the same thoughtful consideration as Plaintiff accorded it, without needless hurry.

### III.  CONCLUSION

Through her own actions, Plaintiff has created an artificial emergency and now seeks to deprive Safeway and the court of the time necessary to address Plaintiff's motion. Despite seeking to prejudice Safeway, Plaintiff herself has not demonstrated that she will incur any prejudice whatsoever by proceeding under a normal briefing schedule. A pending motion for remand does not provide a basis for vacating a conditional transfer order. Any proceedings that are not completed in this Court will easily be transferred to the Eastern District of Missouri to join the other actions filed by Plaintiff's counsel. For these reasons and the other reasons provided herein, Safeway respectfully requests that Plaintiff's Motion to Shorten Time be denied.

Dated:  March 10, 2008                              Respectfully submitted,

/s/
Viviann C. Stapp
One of the Attorneys for Defendant
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
Telephone: (415) 391-0600
Fax: (415) 395-8095
Email: viviann.stapp@lw.com

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

5

Case No. 3:08-cv-00999
DEFENDANT SAFEWAY INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO SHORTEN TIME AND
[PROPOSED] ORDER

**[PROPOSED] ORDER**

The Court having considered the Plaintiff's Motion to Shorten Time, the papers submitted in support and opposition thereto, IT IS HEREBY ORDERED that the request is DENIED.

DATED: _____

_____
United States District Judge

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

6

Case No. 3:08-cv-00999
DEFENDANT SAFEWAY INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO SHORTEN TIME AND
[PROPOSED] ORDER