HAGENS BERMAN SOBOL SHAPIRO LLP
Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Attorneys for Plaintiff Theadora King*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THEADORA KING, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | No. 08-cv-0999-MMC<br><br>ADMINISTRATIVE MOTION TO SHORTEN TIME<br><br><br>ACTION FILED: January 11, 2008 |

010004-16  227064 V2

Plaintiff Theadora King, individually and on behalf of all others similarly situated, and in support of Plaintiff's Administrative Motion to Shorten Time pursuant to Civil L.R. 6-1 and 7-11, hereby states as follows:

## I. INTRODUCTION

Plaintiff files her present Administrative Motion to Shorten Time to hear Plaintiff's Motion to Remand due to the possibility that this matter will be transferred to an MDL proceeding pending in the Eastern District of Missouri. Should this court not change the time as requested in the Proposed Order, this matter will be swept up into an MDL proceeding thousands of miles away, despite the fact that Plaintiff raises fundamental jurisdictional questions regarding Defendant, Safeway, Inc.'s ("Safeway") removal of this case to federal court. Moreover, Plaintiff and Defendant will be forced to fully litigate before both the Judicial Panel on Multidistrict Litigation and the transferee court in St. Louis. Accordingly, for the reasons provided below, Plaintiff requests this Court shorten time to hear Plaintiff's Motion to Remand.

## II. BACKGROUND

**A. The Filing of Plaintiff's Action in State Court and Defendant's Efforts to Include This Action with MDL 1907**

On January 11, 2008, Plaintiff Theadora King filed the present class action in the Superior Court of the State of California, County of Alameda against Defendant Safeway, seeking relief for the injuries sustained "as a result of Safeway, Inc.'s ("Safeway") deceptive marketing of milk as organic when the milk is not, in fact, organic . . ." Complaint, ¶ 1.[1] Notwithstanding the plain language of Plaintiff's Complaint, which seeks certification of a class under California law, consisting ***solely of citizens of California***, on February 19, 2008, Safeway removed the present action to this Court, relying on the provisions of 28 U.S.C. § 1332 as amended by the Class Action Fairness Act ("CAFA") of 2005. *See* Safeway Inc.'s Notice of Removal, ¶ 3. (Dkt. No. 1).

One day after Safeway's removal of this matter to this Court, on February 20, 2007, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order in MDL 1907, *In re*

---

[1] "Complaint" refers to the Class Action Complaint filed January 11, 2008.

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-MMC     - 1 -

010004-16 227064 V2

*Aurora Dairy Corporation Organic Milk Marketing and Sales Practices Litigation*, consolidating four matters involving the sale of organic milk produced by Safeway's wholesaler, Aurora Dairy Corporation, in the Eastern District of Missouri.  Kurowski Decl., Ex. A (Transfer Order).[2] Thereafter, on February 26, 2008, the JPML also issued a Conditional Transfer Order (CTO-1), conditionally transferring an additional eleven actions identified by counsel for defendants as "tag-along" actions pursuant to Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  Kurowski Decl., Ex. B (Conditional Transfer Order (CTO-1)).

On February 26, 2008, Mark Mester of Latham & Watkins LLP, counsel for Safeway in this action, issued a letter to the Clerk of the Panel for the JPML indicating that they had "identified an additional three actions for which conditional transfer orders should issue," matters "were initially filed in state court but have since been removed to federal court."  Kurowski Decl., Ex. C (Mester Letter).  Thereafter, on March 12, 2008, the JPML issued a second conditional transfer order, conditionally transferring this matter to the Eastern District of Missouri.[3]  Kurowski Decl., Ex. D (Conditional Transfer Order (CTO-2)).

**B.     Plaintiff's Efforts to Obtain a Stipulation from Safeway to Shorten Time**

In light of the above events, on March 18, 2008, counsel for Plaintiff contacted counsel for Safeway to determine Safeway's willingness to stipulate to a shortened briefing schedule in order to afford this Court a full two-week period to review a fully-briefed Motion to Remand (originally filed on March 5, 2008).  *See* Kurowski Decl., ¶¶ 3-4.  The next day, Plaintiff's counsel spoke with Kathleen P. Lally at Latham & Watkins LLP, counsel for Safeway.  Counsel for Safeway has again indicated that her client is not willing to agree to a shortened briefing schedule.  *Id.*, ¶¶ 3-4.

---

[2] "Kurowski Decl." refers to the Declaration of Daniel J. Kurowski in Support of the Administrative Motion to Shorten Time, filed concurrently herewith.

[3] In moving this Court to both shorten time and for a remand, it is important to note that pending MDL proceedings do not limit this Court's ability to decide Plaintiff's motions. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litigation Rule 1.5 ("JPML Rule") ("The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.").

1   In light of this indication, this Administrative Motion to Shorten Time is necessary, particularly
2   where Safeway has been in receipt of Plaintiff's Motion to Remand since March 5th.
3         Plaintiff proposes that the schedule on Plaintiff's Motion to Remand only be shortened by
4   one week, moving the hearing from Friday, April 25, 2008 at 9:00 a.m. to Friday, April 18, 2008
5   at 9:00 a.m.  Plaintiff proposes that Defendant file its opposition on Friday, March 28, 2008 and
6   Plaintiff file her reply on Friday, April 4, 2008.  This proposed schedule would allow the Court a
7   full 14 days to consider the papers prior to the hearing, as required by Local Rule 7-2.

### III.  ARGUMENT

**A.  This Court Should Shorten Time for this Court to Hear Plaintiff's Motion to Remand As Plaintiff Will Be Substantially Harmed and/or Prejudiced If the Court Does Not Change the Time Because of MDL Transfer.**

Plaintiff respectfully requests this Court to shorten the schedule for this Court to hear Plaintiff's Motion to Remand in light of the fact that this matter will be transferred to the Eastern District of Missouri as part of the MDL proceedings in St. Louis.  A shortened schedule is necessary to prevent undue harm and/or prejudice to a plaintiff that has requested to return to state court through a motion that *does not* require the special expertise of the MDL transferee court. Indeed, if this Court does not advance the schedule in this matter, Plaintiff (and also Safeway) will be prejudiced by having to incur significant time, expense and effort in fully briefing and litigating a motion to vacate the conditional transfer order before the JPML.  And, where the matter is actually transferred to St. Louis in advance of a ruling on the Motion to Compel, the parties will further incur the time, expense and effort inherent in returning the matter to state court from St. Louis.  However, this motion practice will be rendered moot (or considerably minimized) should this Court advance the schedule in this case.

Early resolution of Plaintiff's Motion to Remand is necessary because of the strong grounds in favor of remand as demonstrated in Plaintiff's concurrently filed Motion to Remand.[4]

---

[4] To avoid any confusion, the sole issue before the Court in this administrative motion is whether grounds exist rendering accelerated resolution of the Motion to Remand proper.  Thus, because of the limited scope of the inquiry before this Court on this administrative motion, irrelevant issues, *e.g.,* whether a Motion to Remand provides the Judicial Panel on Multidistrict Litigation with grounds to oppose or vacate a conditional transfer order or whether a case subject to a motion to remand can be transferred and consolidated by the Panel, are logically off-point.

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-MMC    - 3 -

010004-16 227064 V2

As explained therein, this Court lacks jurisdiction over this action where Plaintiff and the putative class are citizens of California, where Safeway is also a citizen of California and where Safeway has failed to meet its burden of proof. Furthermore, even if this Court possessed jurisdiction pursuant to CAFA, the "home-state" nature of the controversy would require the Court to otherwise decline that jurisdiction. As a result, Plaintiff has requested that this matter be remanded to the Superior Court of the State of California, County of Alameda.

As many courts have recognized, motions to remand should be resolved before the JPML acts on a transfer motion. Indeed, as the court in *Tortola Rests., L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D. Cal. 1997) observed, "[t]his Court, as transferor Court, retains exclusive jurisdiction until the § 1407 transfer becomes effective and as such, motions to remand should be resolved before the panel acts on the motion to transfer" (internal quotation omitted). *See, e.g., Bancohio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975) (observing that nothing in 28 U.S.C. § 1407 "provide[s] an exception to the rules normally governing removal of cases from state courts" and noting "a transfer cannot be made unless the district court properly has jurisdiction of the subject matter of the case"). *Cf. Rio De Janeiro of the Federated Republic of Brazil v. Philip Morris, Inc.*, 239 F.3d 714, 716 (5th Cir. 2001) ("The MDL's conditional transfer order by its terms could take effect only if the district court did not remand."). Thus where, as here, the JPML has entered conditional transfer order as to this matter (and where Plaintiff intends to challenge the conditional transfer order with a Motion to Vacate, thereby staying transfer), this Court should resolve Plaintiff's Motion to Remand in advance of transfer.[5]

---

Any attempts to argue otherwise merely cloud relevant issues before this Court and should be rejected.

[5] Even though a conditional transfer order has issued in advance of a decision on the Motion to Remand, by advancing the schedule, this Court will have sufficient time to resolve Plaintiff's Motion to Remand prior to a decision by the JPML on a motion to vacate. Plaintiff's Notice of Opposition is due to the Panel by March 27, 2008. Once filed, the JPML Rules provide for a 15-day period for Plaintiff to file a motion to vacate the conditional transfer order. *See* JPML Rules 7.2(c)-(d). Thereafter, Safeway will have 20 days to file a response followed by an additional 5 day period for Plaintiff to file a reply. *See id*. *See also* section II(A), *supra*, footnote 3. Further, as noted in CTO-2, the conditional transfer order is not effective "until it is filed in the Office of the Clerk of the United States District Court for the District of Missouri" and "[i]f any party files a notice of opposition with the Clerk of the Panel within [the applicable] 15-day period, [a] stay will be continued until further order of the Panel." *See* Kurowski Decl., Ex. D (CTO-2).

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-MMC    - 4 -

010004-16 227064 V2

Accordingly, where Plaintiff is challenging the propriety of Safeway's removal of the present matter to federal court, necessarily implicating jurisdictional issues, this Court should grant Plaintiff's requested relief, thereby permitting resolution of Plaintiff's Motion to Remand, originally filed March 5th, prior to transfer of this matter to St. Louis.

**B.  No Prior Time Modifications Have Taken Place in this Case and Modification of the Schedule Will Serve to Expedite Resolution of this Matter in Federal Court**

No prior modifications to the schedule of this action, whether by stipulation or Court order, have been entered.  An order granting Plaintiff's requested relief herein will effectively serve to expedite the resolution of the fundamental jurisdictional questions at issue in Plaintiff's Motion to Remand.

**C.  Plaintiff's Motion Does Not Seek Sanctions or to Compel Disclosure**

As is readily evident, Plaintiff's present motion does not relate to a motion to compel disclosure, nor does it relate to a motion for sanctions.  Instead, it relates to Plaintiff's Motion to Remand.  Accordingly, Civil L.R. 6-3(a)(4) is inapplicable and compliance with Civil L.R. 37-1(a) is unnecessary.

### IV.     CONCLUSION

For the reasons provided above and in Motion to Remand filed on March 5, 2008, Plaintiff respectfully requests this Court grant Plaintiff's present Administrative Motion to Shorten Time, enter the attached proposed order and grant all such other relief as this Court deems necessary and appropriate.

Dated: March 19, 2008                         Respectfully submitted

HAGENS BERMAN SOBOL SHAPIRO LLP

By _____/s/ Shana E. Scarlett_____
     SHANA E. SCARLETT (217895)

715 Hearst Avenue, Suite 202
Berkeley, California 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-MMC      - 5 -

010004-16 227064 V2

1
2
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

3
4
5
Elizabeth A. Fegan
820 North Boulevard, Suite B
Oak Park, Illinois  60301
Telephone: (708) 776-5600
Facsimile: (708) 776-5601
beth@hbsslaw.com

6
7
*Attorneys for Plaintiff Theadora King*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-MMC     - 6 -

010004-16  227064 V2

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                              /s/ Shana E. Scarlett
                                              SHANA E. SCARLETT

ADMIN. MOT. TO SHORTEN TIME – NO. 08-cv-0999-MMC     - 7 -

010004-16  227064 V2

# Mailing Information for a Case 3:08-cv-00999-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,bonneym@hbsslaw.com

- **Elizabeth Anne Fegan**
  beth@hbsslaw.com

- **Livia M. Kiser**
  livia.kiser@lw.com,chefiling@lw.com

- **Mark S. Mester**
  mark.mester@lw.com,chefiling@lw.com,barbara.buti@lw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Viviann C Stapp**
  viviann.stapp@lw.com,#sfdocket@lw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
```