1    LATHAM & WATKINS LLP
     Viviann C. Stapp (Bar No. 233036)
2    505 Montgomery Street, Suite 2000
     San Francisco, California  94111
3    Telephone: (415) 391-0600
     Facsimile: (415) 395-8095
4    Email: viviann.stapp@lw.com

5    Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
     Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
6    233 South Wacker Drive
     Suite 5800 Sears Tower
7    Chicago, Illinois  60606
     Telephone: (312) 876-7700
8    Facsimile: (312) 993-9767
     Email: mark.mester@lw.com
9            livia.kiser@lw.com

10   *Attorneys for Defendant Safeway Inc.*

11

12

13           **UNITED STATES DISTRICT COURT FOR THE**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15                  **SAN FRANCISCO DIVISION**

16

17

18   **THEADORA KING, individually, and**          **CASE NO:  3:08-cv-00999-MMC**
     **on behalf of those similarly situated,**
19                                                 _____
                      **Plaintiff,**
20          **v.**                                 **OPPOSITION OF DEFENDANT**
                                                   **SAFEWAY INC. TO PLAINTIFF'S**
21   **SAFEWAY INC.,**                             **MOTION TO REMAND**

22                    **Defendant.**

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1

# TABLE OF CONTENTS

2

Page

3   I.      INTRODUCTION ..................................................................................................... 1

4   II.     ARGUMENT ........................................................................................................... 4

5           A.      Safeway Properly Removed This Action Pursuant To CAFA.............................. 4

6           B.      Plaintiff's Strained "Interpretation" Of Her Class Definition Must
                    Be Rejected ......................................................................................................... 6

7
                    1.      Plaintiff's Class Definition Is Nowhere Limited To
8                           California Citizens .................................................................................... 7

9                   2.      Plaintiff's Attempts To Distinguish McMorris And Larsen
                            Are Unpersuasive...................................................................................... 9

10
                    3.      Plaintiff's Attempt To Rely On A "Disclaimer" Of CAFA
11                          Jurisdiction In Her Complaint Instead Of The Class
                            Definition Is Equally Unavailing ........................................................... 10
12
                            a.      In Roche, The Question Of Whether The Class Was
13                                  Limited To Illinois Citizens Was Not In Dispute ....................... 11

14                          b.      If Disputed, The Roche Court Observed Removal
                                    Would Have Been Proper Given The Class
15                                  Definition Then In The Complaint .............................................. 11

16                  4.      Safeway's Multiple Citizenship Further Supports The
                            Existence Of Minimal Diversity .............................................................. 12
17
            C.      Safeway's Declaration Is More Than Sufficient To Satisfy Its
18                  Burden Of Proof On Minimal Diversity ............................................................ 13

19                  1.      Ms. Donald's Declaration Fully Establishes That Out-Of-
                            State Customers Regularly Purchase Organic Milk
20                          Supplied To Safeway By Aurora ............................................................. 13

21                  2.      A Corporate Officer's Personal Knowledge Includes
                            Knowledge Of Corporate Records And Documentation ......................... 14
22
            D.      Plaintiff Has Plainly Failed To Meet Her Burden Of Proof On The
23                  Applicability Of The Home-State Exception...................................................... 16

24                  1.      Plaintiff Provided No Evidence Whatsoever Concerning
                            The Citizenship Of The Proposed Class ................................................. 16
25
                    2.      In Any Event, The Home-State Exception Should Not
26                          Apply Where Plaintiff Framed An Inartful Pleading For
                            The Express Purpose Of Avoiding Federal Jurisdiction
27                          Over A Case Of Interstate Concern ........................................................ 19

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

i

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

Page

1
2
a.     Plaintiff's Procedural Maneuverings In An Attempt To Avoid The Application Of CAFA And The Consolidated Action Should Not Be Condoned .......................... 21

3
4
E.     Plaintiff's Request For Attorneys' Fees And Costs Pursuant To Section 1447(c) Is Directly Contrary To U.S. Supreme Court And Ninth Circuit Precedents ...................................................................... 23

5     III.     CONCLUSION .................................................................................................... 24

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

ii

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1

## TABLE OF AUTHORITIES

2

Page(s)

### CASES

3

4

Anthony v. Small Tube Mfg. Corp.,
No. 06-CV-4419, 2007 WL 2844819 (E.D. Pa. Sept. 27, 2007) ........................................... 17

5

Berlowitz v. Nob Hill Masonic Management,
No. C-96-01241 MHP, 1996 WL 724776 (N.D. Cal. Dec. 6, 1996) ...................... 7, 8, 10, 11

6

7

Bodner v. Oreck Direct, LLC,
No. C 06-04756, 2006 WL 2925691 (N.D. Cal. Oct. 12, 2006)................................ 6, 14, 16

8

Dinkel v. General Motors Corp.,
400 F. Supp. 2d 289 (D. Me. 2005) ........................................................................ 7, 8, 10, 19

9

10

Durham v. Lockheed Martin Corp.,
445 F.3d 1247 (9th Cir. 2006) ............................................................................................. 24

11

Edwards v. Toys "R" Us,
527 F. Supp. 2d 1197 (C.D. Cal. 2007) ................................................................... 14, 15, 16

12

13

Evans v. Walter Indus., Inc.,
449 F.3d 1159 (11th Cir. 2006) .................................................................................. 4, 18, 19

14

Gerstenecker v. Terminix Intern., Inc.,
No. 07-CV-0164-MJR, 2007 WL 2746847 (S.D. Ill. Sept. 19, 2007)................................. 17

15

16

Grupo Dataflux v. Atlas Global Group, L.P.,
541 U.S. 567 (2004)................................................................................................... 6, 12

17

Harrington v. Mattel, Inc.,
No. C07-05110 MJJ, 2007 WL 4556920 (N. D. Cal. Dec. 20, 2007) .................................... 5

18

19

Hart v. FedEx Ground Package System Inc.,
457 F.3d 675 (7th Cir. 2006) .............................................................................................. 17

20

Hawkins v. KPMG LLP,
423 F. Supp. 2d 1038 (N.D. Cal. 2006) ............................................................................... 24

21

22

In re Air Crash Disaster at Florida Everglades,
368 F. Supp. 812 (J.P.M.L. 1973)........................................................................................ 22

23

In re Kaypro,
218 F.3d 1070 (9th Cir. 2000) ............................................................................................. 14

24

25

In re New England Mut. Life Ins. Co. Sales Practices Litig.,
324 F. Supp. 2d 288 (D. Mass. 2004) .................................................................................. 22

26

In re Prudential Ins. Co. of Am. Sales Practices Litig.,
170 F. Supp. 2d 1346 (J.P.M.L. 2001).................................................................................. 22

27

28

Kanter v. Warner-Lambert Co.,
265 F.3d 853 (9th Cir. 2001) ............................................................................................ 7, 9

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

iii

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

Page(s)

Kearns v. Ford Motor Co.,
    No. CV-05-5644-GAF(JTLX), 2005 WL 3967998 (C.D. Cal. Nov. 21, 2005),
    overruled on other grounds by Serrano v. 180 Connect, Inc.,
    478 F.3d 1018 (9th Cir. 2007) ........................................................ 3, 5, 13, 16, 17, 18

Larsen v. Pioneer Hi-Bred Intern., Inc.,
    No. 4:06-cv-0077-JAJ, 2007 WL 3341698
    (S.D. Iowa Nov. 9, 2007)........................................ 3, 6, 7, 8, 9, 10, 12, 13, 16, 17, 18, 19, 24

Lott v. Pfizer, Inc.,
    492 F.3d 789 (7th Cir. 2007) ........................................................................... 23

Lussier v. Dollar Tree Stores, Inc.,
    No. 06-35148, 2008 WL 614407 (9th Cir. March 7, 2008)........................ 4, 23, 24

Martin v. Franklin Capital Corp.,
    546 U.S. 132 (2005)......................................................................... 4, 23, 24

McMorris v. TJX Companies, Inc.,
    493 F. Supp. 2d 158 (D. Mass. 2007) ...................... 7, 8, 9, 12, 13, 16, 17, 18, 19, 22, 24, 25

Musgrave v. Aluminum Co. of America, Inc.,
    No. 3:06-cv-0029-RLY-WGH, 2006 WL 1994840 (S.D. Ind. July 14, 2006)....... 7, 8, 10, 11

Nichols v. Progressive Direct Ins. Co.,
    No. 06-146-DLB, 2007 WL 1035014 (E.D. Ky. March 31, 2007) ...................... 18

Roche v. Country Mutual Ins. Co.,
    No. 07-367-GPM, 2007 WL 2003092 (S.D. Ill. July 6, 2007) ............... 10, 11, 24

Schwartz v. Comcast Corp.,
    No. Civ.A. 05-2340, 2006 WL 487915 (E.D. Pa. Feb. 28, 2006) ...................... 17

Serrano v. 180 Connect, Inc.,
    478 F.3d 1018 (9th Cir. 2007) .......................................................... 5, 16, 17, 18

Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.,
    159 F.3d 1209 (9th Cir. 1998) .................................................... 7, 8, 10, 11

State Farm Fire & Casualty Co. v. Tashire,
    386 U.S. 523 (1967)............................................................................ 12

Weible v. United States,
    244 F.2d 158 (9th Cir. 1957) ............................................................ 9

**STATUTES**

28 U.S.C. § 1332................................................................ 4, 5, 12

28 U.S.C. § 1407................................................................ 22

**OTHER AUTHORITIES**

Black's Law Dictionary 1162 (7th ed. 1999).............................. 9

S. Rep. No. 109-14 (2005), reprinted in 2005 U.S.C.C.A.N. 3 ............. 1, 3, 5, 13, 19, 20, 21, 25

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

iv

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page(s)

**RULES**

J.P.M.L. Rule 7.5 ................................................................................................................ 2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

## STATEMENT OF ISSUES TO BE DECIDED

1.    Whether minimal diversity exists such that the Court possesses jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), where Plaintiff failed to limit her class definition to California citizens, Safeway is a dual citizen, and Safeway has introduced uncontroverted evidence that it is more likely than not that at least <u>one</u> class member is a citizen of a state other than California.

2.    Whether Plaintiff has proven by a preponderance of the evidence that the home-state exception applies, where Plaintiff has failed to introduce any evidence into the record concerning the citizenship of the proposed class and where counsel for Plaintiff in other actions has conceded the claims at issue raise matters of interstate concern.

3.    Whether this Court should deny Plaintiff's request for a fee award pursuant to 28 U.S.C. § 1447(c), because Defendant's basis for removal was objectively reasonable (<u>i.e.</u>, because the basis for removal was not "clearly foreclosed" by case law).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2      Defendant Safeway Inc. ("Safeway" or "Defendant"), by its counsel, for its opposition to

3   the motion to remand of Plaintiff Theadora King ("Plaintiff") states as follows:

4

## I.      INTRODUCTION

5      One of the central reasons Congress enacted CAFA was to curb common abuses of the

6   class action device, such as plaintiffs' lawyers filing copycat class actions and otherwise

7   engaging in forum shopping:

8      Yet another common abuse is the filing of "copy cat" class actions (i.e.,
       duplicative class actions asserting similar claims on behalf of essentially the same
9      people).  Sometimes these duplicative actions are filed by lawyers who hope to
       wrest the potentially lucrative lead role away from the original lawyers.  In other
10     instances, the "copy cat" class actions are blatant forum shopping-the original
       class lawyers file similar class actions before different courts in an effort to find a
11     receptive judge who will rapidly certify a class.  When these similar, overlapping
       class actions are filed in State courts of different jurisdictions, there is no way to
12     consolidate or coordinate the cases.  The "competing" class actions must be
       litigated separately in an uncoordinated, redundant fashion because there is no
13     state court mechanism for consolidating state court cases.  The result is enormous
       waste-multiple judges of different courts must spend considerable time
14     adjudicating precisely the same claims asserted on behalf of precisely the same
       people.  As a result, state courts and class counsel may "compete" to control the
15     cases, often harming all the parties involved.  In contrast, when overlapping cases
       are pending in different federal courts, they can be consolidated under one single
16     judge to promote judicial efficiency and ensure consistent treatment of the legal
       issues involved.

17   S. Rep. No. 109-14, at 23 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 23 (emphasis supplied).

18     As explained below, this sort of gamesmanship is precisely what Plaintiff's counsel have

19   tried to do here, by first filing a complaint against Safeway in federal court asserting CAFA

20   jurisdiction and then a month later, filing this copycat action against Safeway in state court while

21   feigning that CAFA somehow does not apply.  Compare Riley Compl., Ex. A to Kiser Decl., at

22   passim (filed December 5, 2007), with King Compl. at passim (filed January 11, 2008).  Now,

23   Plaintiff asks the Court to remand this case to state court and thereby endorse the very practice

24   that CAFA was enacted to stop, even though Plaintiff has no valid legal basis on which to do so.

25     This case is one of nineteen class actions pending against Aurora Dairy Corporation

26   ("Aurora") and retailers like Safeway who sell Aurora organic milk.  See Mar. 7, 2008

27   Supplemental Notice of Pendency of Other Actions or Proceedings (dkt #22), Ex. B to Kiser

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

1

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1    Decl.;[1] Feb. 20, 2008 Notice of Pendency of Other Actions or Proceedings (dkt #5), Ex. C to

2    Kiser Decl.  All nineteen cases, including this one, are subject to transfer and consolidation to the

3    Eastern District of Missouri (into the "Consolidated Action") pursuant to orders recently issued

4    by the Clerk of the Judicial Panel on Multidistrict Litigation ("Multidistrict Panel").  See Mar.

5    12, 2008 Conditional Transfer Order, Ex. D to Kiser Decl.; Mar. 13, 2008 Transfer Order, Ex. E

6    to Kiser Decl.; Feb. 20, 2008 Transfer Order, Ex. F to Kiser Decl.; Mar. 3, 2008 Order in Koch

7    v. Aurora, Ex. G to Kiser Decl. (assigning related case filed in same judicial district as the

8    Consolidated Action to the transferee court judge); J.P.M.L. Rule 7.5(a) (transfer of potential

9    tag-along actions filed in same district as transferee court is effectuated in accordance with local

10   rules regarding assignment of related actions).

11        Five of the nineteen cases were filed by counsel for Plaintiff in this case, including a

12   virtually identical case against Safeway originally filed in the Northern District of California

13   (i.e., Riley v. Safeway Inc., Case No. 3:07-cv-06174-SC ("Riley")), alleging federal jurisdiction

14   under CAFA.  See Riley Complaint, Ex. A to Kiser Decl., at ¶ 5.  By order of the Multidistrict

15   Panel, Riley has since been transferred to the Eastern District of Missouri (the "Transferee

16   Court") along with three of the other cases brought by Plaintiff's counsel.[2]  See Mar. 13, 2008

17   Transfer Order, Ex. E to Kiser Decl.  Plaintiff's counsel is extremely involved in the

18   Consolidated Action.  In fact, Plaintiff's counsel has moved in the Consolidated Action to be

19   appointed lead counsel.[3]  See Motion to Appoint Hagens Berman Sobol Shapiro LLP Lead

20

21   [1]    Citations to the "Kiser Decl." within this memorandum refer to the Declaration of Livia M.
     Kiser in Support of the Opposition of Defendant Safeway Inc. to Plaintiff's Motion to Remand,
22   filed herewith.

23   [2]    Although Plaintiff's counsel did not oppose transfer of the Riley action, Plaintiff's counsel
     have filed an objection with the Multidistrict Panel concerning the transfer of this case.  See Mar.
24   27, 2008 Corresp. fr. E. Fegan to Multidistrict Panel Clerk, Ex. H to Kiser Decl.; Mar. 12, 2008
     Conditional Transfer Order, Ex. D to Kiser Decl.  But contrary to Plaintiff's arguments in
25   support of her Administrative Motion to Shorten Time (dkt #30), which this Court rejected, a
     pending motion to remand is not a legitimate basis for opposing transfer and consolidation
26   because the transferee court can and should adjudicate any pending motion to remand.  See disc.
     infra at 21-23.

27   [3]    Thus, Plaintiff's contention that she or her counsel will somehow be inconvenienced if this
     matter is transferred to the Consolidated Action is in no sense credible.  See Administrative
28   Motion to Shorten Time (dkt. #30) at 3.

1    Counsel, Ex. I to Kiser Decl., at 2; but see S. Rep. No. 109-14, at 23 (2005), reprinted in 2005

2    U.S.C.C.A.N. 3, 23 ("another common abuse is the filing of "copy cat" class actions…filed by

3    lawyers who hope to wrest the potentially lucrative lead role away from the original lawyers.").

4         Plaintiff readily admits she attempted to craft her Complaint in order to avoid federal

5    jurisdiction.  See Motion to Remand at 2-3.  Unfortunately for Plaintiff, however, minimal

6    diversity is the only basis on which she contests CAFA jurisdiction, but the way in which she

7    defined her class -- which necessarily controls here -- only serves to confirm the existence of

8    minimal diversity.  Plaintiff's class is "[a]ll persons in the State of California who purchased

9    organic milk or milk products from Safeway during the time period of December 5, 2003

10   through October 15, 2007."  See Compl. at ¶ 33 (emphasis supplied).  In Plaintiff's motion to

11   remand, Plaintiff attempts to redefine her class to only "citizens" of California.  See Motion to

12   Remand at 2-5.  As shown below, however, this blatant rewrite of her pleading must be rejected

13   as a matter of law.  See disc. infra at 6-12.  Safeway has produced uncontested evidence

14   demonstrating that at least one member of Plaintiff's proposed class is not a citizen of California.

15   In addition, Safeway itself is a citizen of Delaware as well as of California.  Accordingly, there

16   can be no doubt that minimal diversity exists.

17        Plaintiff then tries to shoehorn this action into the home-state exception to CAFA.

18   Plaintiff, however, bears the burden of proof on the applicability of any exception.  She

19   nevertheless offers no proof other than the precatory assertion that she intended to limit her class

20   to California "citizens," even though her class by its plain terms is not so limited.  Because

21   Plaintiff offers no evidence in support of her assertion that two-thirds of the proposed class are

22   California citizens, she has failed to meet her burden, and the home-state exception is, in turn,

23   inapplicable as a matter of law.  See, e.g., Kearns v. Ford Motor Co., No. CV-05-5644-

24   GAF(JTLX), 2005 WL 3967998, at *7-8 (C.D. Cal. Nov. 21, 2005), overruled on other grounds

25   by Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th Cir. 2007); Larsen v. Pioneer Hi-

26   Bred Intern., Inc., No. 4:06-cv-0077-JAJ, 2007 WL 3341698, at *7 (S.D. Iowa Nov. 9, 2007)

27   (finding plaintiff failed to meet his burden to show that over two-thirds of the class consists of

28   Iowa citizens where he "presented no evidence to satisfy his burden"); see also Evans v. Walter

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

3

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1   Indus., Inc., 449 F.3d 1159, 1166 (11th Cir. 2006) ("We understand that evidence of class

2   citizenship might be difficult to produce in this case.  That difficulty, however, is to a

3   considerable degree a function of the composition of the class designed by plaintiffs.").

4   Moreover, as counsel for Plaintiff has conceded in other actions, the claims at issue here raise

5   matters of interstate concern and are the very kinds of issues that CAFA was enacted to address.

6        Finally, the denouement to Plaintiff's motion is a demand for attorneys' fees and costs

7   pursuant to 28 U.S.C. § 1447 on the purported grounds that precedent dictates an award of fees if

8   "defendant's removal is wrong as a matter of law."  See Motion to Remand at 10.  The authority

9   Plaintiff cites in support of her fee demand, however, was overruled several years ago by the

10  United States Supreme Court.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005);

11  Lussier v. Dollar Tree Stores, Inc., No. 06-35148, 2008 WL 614407, at *3-4 (9th Cir. March 7,

12  2008).  In fact, the correct standard for awarding attorneys' fees and costs pursuant to Section

13  1447(c) is whether Safeway's removal was "objectively reasonable," which turns on whether the

14  relevant case law "clearly foreclosed" Safeway's basis for removal.  See Lussier, 2008 WL

15  614407, at *3-4.  As discussed below, the grounds on which Safeway's removal petition is based

16  are not only objectively reasonable, they are dispositive in Safeway's favor.  Accordingly,

17  Plaintiff's request for attorneys' fees, along with her motion to remand, should be denied.

18                    **II.    ARGUMENT**

19        For the reasons set forth below, this case was properly removed and should not be

20  remanded to state court.  See disc. infra at 4-25.

21            **A.    Safeway Properly Removed This Action Pursuant To CAFA**

22        CAFA applies to "class action" lawsuits where the proposed class consists of 100 or more

23  persons and where the primary defendants are not "States, State officials, or other governmental

24  entities against whom the district court may be foreclosed from ordering relief."  See 28 U.S.C.

25  § 1332(d)(5); 28 U.S.C. § 1332(d)(1)(B); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21

26

27

28

1   (9th Cir. 2007).[4]  If these prerequisites are satisfied, CAFA vests federal courts with "original"

2   diversity jurisdiction over class actions, provided that (1) the aggregate amount in controversy

3   exceeds $5 million and (2) any class member is a citizen of a state different from any defendant

4   (i.e., minimal diversity exists).  See id.; see also 28 U.S.C. § 1332(d)(2); Kearns, 2005 WL

5   3967998, at *1 ("The goal of the [Class Action Fairness] Act was to expand significantly the

6   jurisdiction of the federal courts over class action lawsuits as well as to limit what were seen as

7   typical abuses of the class action system at the state level.") (emphasis supplied).

8        A defendant seeking removal need merely "produce underlying facts showing only that it

9   is more likely than not" that these criteria are met.  See Harrington v. Mattel, Inc., No. C07-

10  05110 MJJ, 2007 WL 4556920, at *3 (N. D. Cal. Dec. 20, 2007) (applying a preponderance of

11  the evidence standard) (emphasis supplied).  In other words, the removing party bears the initial

12  burden of making out a prima facie case for removal under CAFA, but once that burden has been

13  met (as is the case here), the burden shifts to the party seeking remand to demonstrate either that

14  (1) the requirements of CAFA have not been met or (2) one or more of the exceptions to CAFA

15  apply to the case at bar.  See generally Serrano, 478 F.3d at 1020-22.  "Overall, [CAFA] is

16  intended to expand substantially federal court jurisdiction over class actions.  Its provisions

17  should be read broadly, with a strong preference that interstate class actions should be heard in a

18  federal court if properly removed by any defendant."  See S. Rep. No. 109-14, at 43 (2005),

19  reprinted in 2005 U.S.C.C.A.N. 3, 41; Kearns, 2005 WL 3967998, at *1.

20       As demonstrated below, Safeway has amply satisfied its burden of proof under the

21  foregoing standard as well as authority that is precisely on point, including authority relied upon

22  by Plaintiff.  See id.; disc. infra at 6-16.  As to the amount in controversy, Safeway has proffered

23  uncontested evidence that the $5 million threshold is satisfied.  See Donald Decl., Ex. 3 to

24  Safeway's Notice of Removal, at ¶ 4 ("Safeway sold more than $5 million worth of milk

25  supplied by Aurora in California…").  Moreover, Plaintiff alleges in her Complaint that the

26  _____

27  [4]     As is clear from the face of Plaintiff's Complaint as well as her remand motion, Plaintiff
    does not dispute that the prerequisites under CAFA have been satisfied.  See, e.g., Compl. at
28  ¶¶ 33-34, 54-59; Motion to Remand at passim.

1    proposed class exceeds 100 or more persons.  See Compl. at ¶ 34.  Thus, Plaintiff does not

2    contest the existence of federal jurisdiction on these grounds, and there is no dispute that these

3    criterions are satisfied here.[5]  See id.; see also Motion to Remand at passim; Bodner v. Oreck

4    Direct, LLC, No. C 06-04756, 2006 WL 2925691, at *2-3 (N.D. Cal. Oct. 12, 2006).

5        As to the existence of minimal diversity, Safeway has proffered evidence, including a

6    declaration from a corporate officer, that citizens of other states within the proposed class

7    routinely purchase organic milk in Safeway stores in California.  See Donald Decl., Ex. 3 to

8    Safeway's Notice of Removal, at ¶¶ 2-3, 5.  In addition, Safeway itself is a citizen of another

9    state -- the state of Delaware -- further supporting the existence of minimal diversity.  See, e.g.,

10   Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 578 n.6 (2004).

11       Plaintiff advances two claims to avoid the impact of the clear presence of minimal

12   diversity.  First, Plaintiff urges this Court to interpret her class definition -- which in no way even

13   mentions the word "citizen" -- as nevertheless limiting the proposed class to California citizens

14   only.  See Motion to Remand at 2-5.  Second, Plaintiff alternatively asks the Court to find

15   Safeway's declaration insufficient for purposes of meeting its burden of proof on removal,

16   because Safeway supposedly "has not demonstrated that Ms. Donald is knowledgeable regarding

17   the citizenship of Safeway's customers" and/or because her affidavit pertains to "milk" rather

18   than the "organic milk" at issue here.  See id. at 5.  As shown below, however, these claims by

19   Plaintiff are incorrect both as a matter of fact and law.  See disc. infra at 6-16.

20   **B.    Plaintiff's Strained "Interpretation" Of Her Class Definition Must Be Rejected**

21       Plaintiff's ex post facto assertion of how she intended to define her class is irrelevant.

22   See generally McMorris, 493 F. Supp. 2d at 162-64; Larsen, 2007 WL 3341698, at *4-5.  As

23   much as Plaintiff might wish she could redefine the class in her Complaint, it's simply too late:

24   plaintiffs are bound by the class definitions they put forth in their pleadings, and it is this

25   definition the Court must consider when determining the existence of minimal diversity.  See,

26   e.g., Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213

27   _____

28   [5]    This is unsurprising, as Plaintiff's counsel admits as much in the Riley Complaint.  See
     Riley Compl., Ex. A to Kiser Decl., at ¶ 5.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

6

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1   (9th Cir. 1998) (jurisdiction over removed action must be analyzed on basis of pleadings filed at

2   time of removal); <u>Dinkel v. General Motors Corp.</u>, 400 F. Supp. 2d 289, 294 (D. Me. 2005)

3   ("While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by

4   defining a proposed class in particular ways, <u>they</u> <u>lose</u> <u>that</u> <u>power</u> <u>once</u> <u>a</u> <u>defendant</u> <u>has</u> <u>properly</u>

5   <u>removed</u> <u>a</u> <u>class</u> <u>action</u> <u>to</u> <u>federal</u> <u>court</u>.") (emphasis in original); <u>Berlowitz v. Nob Hill Masonic</u>

6   <u>Management</u>, No. C-96-01241 MHP, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) ("The

7   court is bound by the class definition provided in the complaint."); <u>Musgrave v. Aluminum Co.</u>

8   <u>of America, Inc.</u>, No. 3:06-cv-0029-RLY-WGH, 2006 WL 1994840, at *2 (S.D. Ind. July 14,

9   2006) ("Plaintiffs are bound by the class as defined in their complaint."); <u>McMorris v. TJX</u>

10  <u>Companies, Inc.</u>, 493 F. Supp. 2d 158, 162-64 (D. Mass. 2007); <u>see also</u> <u>Larsen</u>, 2007 WL

11  3341698, at *4-5 (class definition of "all persons and entities in the State of Iowa" did not limit

12  class to Iowa citizens).

13      **1.    Plaintiff's Class Definition Is Nowhere Limited To California Citizens**

14          According to the exact language in Plaintiff's Complaint, Plaintiff seeks to certify the

15  following proposed class:

16      <u>All</u> <u>persons</u> <u>in</u> <u>the</u> <u>State</u> <u>of</u> <u>California</u> who purchased organic milk or milk
    products from Safeway during the time period of December 5, 2003 through

17      October 15, 2007.

18  Compl. at ¶ 33 (emphasis supplied).  Plaintiff now tries to argue, however, that "[a]ll persons in

19  the State of California" actually means just "California citizens" who made such purchases.  <u>See</u>

20  Motion to Remand at 2-3.  But Plaintiff is wrong not only as a matter of plain English, but also

21  as a matter of law.  As the Ninth Circuit has held, citizenship requires domicile, and allegations

22  of mere physical presence in California or residency are <u>insufficient</u> to allege citizenship.  <u>See</u>

23  <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001) ("[a] person residing in a

24  given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state");

25  <u>McMorris</u>, 493 F. Supp. 2d at 162-64 ("Citizenship, however is equated not with residence, but

26  with domicile...") (quotations omitted).  Consequently, pleading as class members "[p]ersons in

27  the State of California" is insufficient to allege such persons are necessarily <u>citizens</u> of

28  California, and as such, Plaintiff's class definition does not restrict the putative class to only

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

7

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1    California citizens.  See id.

2        Indeed, the very argument being advanced by Plaintiff and her counsel has been

3    considered -- and flatly rejected -- by other courts considering the minimal diversity question in

4    the context of CAFA.  For example, in McMorris, the court rejected Plaintiff's contention that a

5    class of "[r]esidents of Massachusetts" restricted the class to Massachusetts citizens.  See

6    McMorris, 493 F. Supp. 2d at 162-64.  Similarly in Larsen, Plaintiff defined the class as "[a]ll

7    persons and entities in the state of Iowa" who purchased the product at issue in that case.  See

8    Larsen, 2007 WL 3341698, at *5.  The court in Larsen, however, found that this class definition

9    did not restrict the class to Iowa citizens.  See id. ("The proposed class definition includes "[a]ll

10   persons and entities in the state of Iowa" who purchased the seed in question.  It does not limit

11   itself to only citizens of the State of Iowa.  Thus, a putative class member does not need to be

12   domiciled in Iowa to qualify as a member of the class.") (emphasis in original) (citations

13   omitted).

14       As much as Plaintiff may wish it were not so, Plaintiff's proposed class by its terms

15   includes any person who was physically in California when they purchased organic milk or milk

16   products from Safeway, regardless of whether that person was or was not a resident of

17   California, let alone a citizen of California.  See Compl. at ¶ 33 (class defined as "Persons in the

18   State of California"); see also McMorris, 493 F. Supp. 2d at 162-64; Larsen, 2007 WL 3341698,

19   at *4-5 (class definition of "all persons and entities in the State of Iowa" did not limit class to

20   Iowa citizens).  That Plaintiff may have wanted to restrict her class definition to citizens of

21   California cannot now be used as an excuse to rewrite her pleadings after the fact.  See, e.g.,

22   Sparta Surgical Corp., 159 F.3d at 1213 (jurisdiction over removed action must be analyzed on

23   basis of pleadings filed at time of removal); Berlowitz, 1996 WL 724776, at *2 ("The court is

24   bound by the class definition provided in the complaint."); Dinkel, 400 F. Supp. 2d at 294

25   ("While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by

26   defining a proposed class in particular ways, they lose that power once a defendant has properly

27   removed a class action to federal court.") (emphasis in original); Musgrave, 2006 WL 1994840,

28   at *2 ("Plaintiffs are bound by the class as defined in their complaint.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

8

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

**2.    Plaintiff's Attempts To Distinguish <u>McMorris</u> And <u>Larsen</u> Are Unpersuasive**

Plaintiff now claims that <u>McMorris</u> is somehow inapplicable, because the class definition at issue there referred to "<u>residents of</u> Massachusetts" as opposed to "<u>persons in</u> Massachusetts." <u>See</u> Motion to Remand at 3 n.2.  Plaintiff fails to explain, however, how or why this distinction matters.  <u>See id.</u>  This is not surprising, because there is no meaningful distinction between the two terms.  <u>See</u> <u>generally</u> <u>Kanter</u>, 265 F.3d at 857; <u>McMorris</u>, 493 F. Supp. 2d at 162-64. "Residence is physical, whereas domicile [<u>i.e.</u> citizenship] is generally a compound of physical presence plus an intention to make a certain definite place one's permanent abode."  <u>See</u> <u>Kanter</u>, 265 F.3d at 857 (citing <u>Weible v. United States</u>, 244 F.2d 158, 163 (9th Cir. 1957)).  Being physically present in California when purchasing organic milk from Safeway is obviously no different from being a "[p]erson in the State of California" when making such a purchase.  <u>See</u> Motion to Remand at 3 n.2.  And certainly, neither definition restricts the class to California citizens only, the critical distinction here.  <u>See</u> <u>McMorris</u>, 493 F. Supp. 2d at 162-64; <u>Larsen</u>, 2007 WL 3341698, at *5.

Similarly, Plaintiff claims <u>Larsen</u> does not apply to this case because the proposed class in <u>Larsen</u> was "[a]ll persons and entities in the state of Iowa," whereas Plaintiff's class definition omits the phrase "<u>and</u> <u>entities</u>."  <u>See</u> Motion to Remand at 3 n.2.  Again, however, this "distinction," to the extent it could even be described as such, is meaningless.  In holding that the class definition did not restrict the proposed class to Iowa citizens, the court in <u>Larsen</u> did not focus its inquiry solely on the fact that "entities" had been included in the definition of the class.[6] <u>See</u> <u>Larsen</u>, 2007 WL 3341698, at *5.  Rather, the court found minimal diversity based on the probability that a citizen of a state other than Iowa purchased the product in Iowa during the class period:

---

[6]    The phrase "and entities" is mere surplusage and subsumed by the term "person" in any event.  In fact, the law generally defines the term "person" broadly to include entities such as corporations.  <u>See</u>, <u>e.g.</u>, <u>Black's Law Dictionary</u> 1162 (7th ed. 1999) (defining the term "person" to mean both a "human being" and an "entity (such as a corporation) that is recognized by law as having the rights and duties of a human being").  It is telling, however, that Plaintiff capitalized the term "Person" in her definition of the class.  <u>See</u> Compl. at ¶ 33.  Presumably, Plaintiff intended to encompass all definitions of "Person" and not just individuals.

[B]ased on the record and potential quantity of bags sold, it is almost certain that over a ten-year period an out-of-state citizen purchased [the product] in Iowa or an Iowan purchased [the product] and has since changed his or her domicile. Therefore, the court is satisfied that there is minimal diversity in this case.

Id. (applying a preponderance of the evidence test).

In this case, Plaintiff alleges a class of "Persons" who purchased organic milk from Safeway over a nearly four-year period. See Compl. at ¶ 33. Given the frequency with which people purchase and consume milk, the long length of the class period (during which time it is "almost certain" that at least one in-state consumer purchased the product and has since changed his or her domicile) and the fact that record evidence shows that out-of-state residents routinely purchase organic milk from Safeway in the State of California, it is certainly "more likely than not" that minimal diversity exists. See id. at ¶¶ 33-34; see also Donald Decl., Ex. 3 to Safeway's Notice of Removal, at ¶ 5; Larsen, 2007 WL 3341698, at *5.

### 3. Plaintiff's Attempt To Rely On A "Disclaimer" Of CAFA Jurisdiction In Her Complaint Instead Of The Class Definition Is Equally Unavailing

Perhaps tacitly recognizing her failure to limit her class definition to California citizens, Plaintiff next claims that the fact that she attempted to disclaim the applicability of CAFA in her Complaint should somehow control this Court's determination of whether minimal diversity actually exists. See Motion to Remand at 3-4. But see Sparta Surgical Corp., 159 F.3d at 1213 (jurisdiction over removed action must be analyzed on basis of pleadings filed at time of removal); Dinkel, 400 F. Supp. 2d at 294 ("While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court.") (emphasis in original); Berlowitz, 1996 WL 724776, at *2 ("The court is bound by the class definition provided in the complaint."); Musgrave, 2006 WL 1994840, at *2 ("Plaintiffs are bound by the class as defined in their complaint."). Plaintiff's argument, however, is contrary to all authority, and even the case Plaintiff cites for this proposition (i.e., Roche), does not stand for such a rule. See disc. infra at 11-12; Roche v. Country Mutual Ins. Co., No. 07-367-GPM, 2007 WL 2003092, at *2 n.4 (S.D. Ill. July 6, 2007).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

10

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

### a.    In <u>Roche</u>, The Question Of Whether The Class Was Limited To Illinois Citizens Was <u>Not</u> In <u>Dispute</u>

In <u>Roche</u>, the plaintiff proposed a class of "licensed health care providers in Illinois" and disclaimed CAFA jurisdiction by stating "the proposed class consists only of medical providers within Illinois." <u>See Roche</u>, 2007 WL 2003092, at *2 n.4.  The defendant in that case (obviously unlike here) "[did] not dispute that the proposed class was limited to Illinois citizens." <u>Id.</u> (emphasis supplied).  Thus, the fact that the court in <u>Roche</u> concluded that the plaintiff's allegations were sufficient -- because they were left unchallenged by the defendant in that case -- in no way helps Plaintiff here.  <u>See id.</u> ("[Defendant] does not dispute that the proposed class is limited to Illinois citizens, and at this juncture, of course, [defendant] does not get the benefit of the doubt as to whether the requirements for the exercise of federal subject matter jurisdiction are met.").

### b.    If Disputed, The <u>Roche</u> Court Observed Removal Would Have Been Proper Given The Class Definition Then In The Complaint

Plaintiff strains to make <u>Roche</u> relevant, speculating that the fact the class definition there was left unchallenged flows from the fact that an "express disclaimer" was plead in the complaint's jurisdictional allegations.  <u>See</u> Motion to Remand at 3-4.  Such speculation, however, not only proves nothing, it is directly contradicted by the decision in <u>Roche</u>.  <u>See Roche</u>, 2007 WL 2003092, at *2 n.4.  After observing that the allegations were sufficient because they were left unchallenged, the court held that "<u>if further discovery in state court were to disclose evidence that non-Illinois citizens are members of the class, [defendant] would be entitled to remove on this basis.</u>"  <u>See id.</u> (emphasis supplied).  Thus, the authority on which Plaintiff purports to rely actually <u>supports</u> the rule that it is the class definition -- not a disclaimer of CAFA jurisdiction or after-the-fact assertions about what a plaintiff intended or hoped its class definition would be -- which controls the makeup of a proposed class.  <u>See id.</u>  This, of course, is not surprising, since courts have long held that it is the class definition itself which a court must evaluate.  <u>See Berlowitz</u>, 1996 WL 724776, at *2 ("The court is bound by the class definition provided in the complaint."); <u>Musgrave</u>, 2006 WL 1994840, at *2 ("Plaintiffs are bound by the class as defined in their complaint."); <u>see also Sparta Surgical Corp.</u>, 159 F.3d at 1213

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1   (jurisdiction over removed action must be analyzed on basis of pleadings filed at time of

2   removal).  Consequently, Plaintiff's proposed class of "[a]ll persons in the State of California"

3   does not restrict the putative class to "citizens of California."  See McMorris, 493 F. Supp. 2d at

4   162-64; Larsen, 2007 WL 3341698, at *4-5.

5   **4.    Safeway's Multiple Citizenship Further Supports The Existence Of Minimal Diversity**

6           Independently, Safeway's multiple citizenship also satisfies CAFA's minimal diversity

7   requirement.  "Minimal" diversity is rooted in Article III, Section 2 of the United States

8   Constitution, which courts have long construed to permit federal jurisdiction in cases where

9   diversity of citizenship exists between any two parties on opposite sides of an action.  See State

10  Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-31 (1967).  The United States Supreme

11  Court recently noted that minimal diversity may well be satisfied in any situation where one of

12  the parties has multiple citizenship:

13          We understand "minimal diversity" to mean the existence of at least one party
            who is diverse in citizenship from one party on the other side of the case, even
            though the extra-constitutional "complete diversity" required by our cases is
14          lacking.  It is possible, though far from clear, that one can have opposing parties
            in a two-party case who are co-citizens, and yet have minimal Article III
15          jurisdiction because of the multiple citizenship of one of the parties. Although the
            Court has previously said that minimal diversity requires "two adverse parties
16          [who] are not co-citizens," State Farm Fire & Casualty Co. v. Tashire, 386 U.S.
            523, 531, 87 S. Ct. 1199, 18 L. Ed. 2d 270 (1967), the Court did not have before it
17          a multiple-citizenship situation.

18  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 578 n.6 (2004).  Plaintiff argues that

19  State Farm forecloses this argument, but as the Supreme Court recognized in Grupo, the two-

20  party/multiple citizenship case was not before the State Farm court.  See id.

21          The language used by Congress in enacting CAFA squarely raises this issue.  Pursuant to

22  CAFA, jurisdiction exists wherever "any member of a class of plaintiffs is a citizen of a State

23  different from any defendant."  See 28 U.S.C. § 1332(d)(2)(A).  It is uncontested that Safeway is

24  a citizen of Delaware as well as California.  See Compl. at ¶ 12; Safeway's Notice of Removal at

25  ¶ 5.  Therefore, even assuming Plaintiff had defined her class as being limited to California

26  citizens (though she clearly did not), minimal diversity would be satisfied, because Safeway is a

27  citizen of Delaware.  See Grupo Dataflux, 541 U.S. at 578 n.6.  Particularly given the fact that

28  the "goal of the [Class Action Fairness] Act was to expand significantly the jurisdiction of the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

12

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1    federal courts over class action lawsuits as well as to limit what were seen as typical abuses of

2    the class action system at the state level," the Court should find that Safeway's multiple-

3    citizenship independently suffices to support the minimal diversity required in this case.  See,

4    e.g., Kearns, 2005 WL 3967998, at *1 (emphasis supplied); S. Rep. No. 109-14, at 43 (2005),

5    reprinted in 2005 U.S.C.C.A.N. 3, 41.

6              **C.    Safeway's Declaration Is More Than Sufficient To
                       Satisfy Its Burden Of Proof On Minimal Diversity**

7              As noted above, it is reasonable to infer from the class definition alone that it is "more

8    likely than not" that minimal diversity exists.  See disc. supra at 6-12; see also McMorris, 493 F.

9    Supp. 2d at 162-64; Larsen, 2007 WL 3341698, at *4-5.  Even if it were not, however, Safeway

10   submitted additional (and uncontested) evidence demonstrating that at least one class member

11   was a "[p]erson in the State of California who purchased organic milk or milk products from

12   Safeway during the time period of December 5, 2003 through October 15, 2007" but was not a

13   California citizen.  See Donald Decl., Ex. 3 to Safeway's Notice of Removal, at ¶ 5; see also

14   McMorris, 493 F. Supp. 2d at 162-64; Larsen, 2007 WL 3341698, at *4-5.  Plaintiff now

15   contends that Safeway has produced no evidence that out-of-state citizens were members of the

16   proposed class, because the declaration of its corporate officer, Ms. Laura Donald, is purportedly

17   somehow defective.  See Motion to Remand at 4-5.  That assertion, however, is simply wrong.

18             **1.    Ms. Donald's Declaration Fully Establishes That Out-Of-State Customers
19                     Regularly Purchase Organic Milk Supplied To Safeway By Aurora**

20             In her declaration, Ms. Donald sets forth facts sufficient to establish that Safeway has

21   many stores that encroach upon the borders of other states, all of which were supplied with

22   organic milk by Aurora and, further, that citizens of other states purchase that milk from stores

23   located within the State of California.  See Donald Decl., Ex. 3 to Safeway's Notice of Removal,

24   at ¶ 5.  Plaintiff offers no contrary evidence into the record to dispute these facts.  See Motion to

25   Remand at 4-5.  Rather, Plaintiff makes the bare assertion that Ms. Donald's declaration lacks

26   sufficient foundation because "Safeway has not demonstrated that Ms. Donald is knowledgeable

27   regarding the citizenship of Safeway's customers."  Motion to Remand at 5.  Plaintiff also

28   (somewhat desperately) tries to suggest that Ms. Donald failed to indicate that the milk being

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

13

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1   purchased by citizens of states other than California is, in fact, the organic milk at issue in

2   Plaintiff's Complaint.  See id.  Both contentions, however, are false as well as misleading.  See

3   disc. infra at 14-16.

### 2.    A Corporate Officer's Personal Knowledge Includes Knowledge Of Corporate Records And Documentation

Courts treat statements of fact contained in the declaration of a corporate officer (such as

Ms. Donald) as admissible evidence so long as such statements of fact are based on the officer's

personal knowledge, which includes personal knowledge of the contents of the company's

business records.  See, e.g., In re Kaypro, 218 F.3d 1070, 1075 (9th Cir. 2000) ("Personal

knowledge may be inferred from a declarant's position" in a corporation.); Bodner, 2006 WL

2925691, at *2-3 ("sufficient facts have been submitted for this court to sustain a removal motion

and to analyze whether subject matter jurisdiction exists in this action" where corporate

defendant submitted declaration of corporate officer); Edwards v. Toys "R" Us, 527 F. Supp. 2d

1197, 1201-02 & n.5 (C.D. Cal. 2007) (rejecting plaintiff's contention that corporate officer's

declaration, which was based in part on review of business records, to lack foundation, noting the

long-settled rule that "[c]orporate officers are considered to have personal knowledge of the acts

of their corporations" and that "[s]uch a declarant may properly testify to information contained

in the business records so long as it is within his personal knowledge").

In Edwards, plaintiffs contended that a declaration by a corporate officer containing

information derived from "business records and other sources" lacked sufficient foundation to be

admissible.  See Edwards, 527 F. Supp. 2d at 1200.  In particular, plaintiffs in Edwards

challenged the declaration of the Chief Information Officer who, plaintiffs contended, had no

personal knowledge of matters in which he was not directly involved.  See id. at 1200-01.  The

court, however, rejected that contention, observing that corporate officers are considered to have

personal knowledge of the acts of their corporations, and therefore, the declaration of the Chief

Information Officer, which was based in part on business records within his or her personal

knowledge, did not lack foundation.  See id. at 1201-02.  Accordingly, the court overruled

plaintiffs' foundation objection.  See id.

1    In this case, as was the case in <u>Edwards</u>, Ms. Donald is an officer of the corporation, the

2    Assistant Vice President and Assistant Secretary.  <u>See</u> Donald Decl., Ex. 3 to Safeway's Notice

3    of Removal, at ¶ 1; <u>Edwards</u>, 527 F. Supp. 2d at 1201-02.  Thus, her personal knowledge of the

4    acts of Safeway may properly be inferred, as may her knowledge of the contents of Safeway's

5    business records.  <u>See</u> <u>Edwards</u>, 527 F. Supp. 2d at 1202 n.5 ("It is also permissible to infer from

6    a declarant's position within a company or business that he has personal knowledge of the

7    contents of the company's business records.").  Indeed, as in <u>Edwards</u>, Ms. Donald's declaration

8    by its terms is based not only on her personal knowledge, but also on her review of Safeway's

9    records.  <u>See</u> Donald Decl., Ex. 3 to Safeway's Notice of Removal, at ¶ 1 (stating her declaration

10    is made "based upon [her] personal knowledge and review of available documentation");

11    <u>Edwards</u>, 527 F. Supp. 2d at 1201-02.

12    In this case, Ms. Donald's personal knowledge (including that obtained from her review

13    of company records) permitted her to state under oath the following salient facts:

- Safeway has many stores in California that are close to or encroach upon the borders of other states;
- These stores obtained organic milk supplied by Aurora through Safeway's distribution center in California;
- Citizens of other states purchase milk in these California stores.

17    Donald Decl., Ex. 3 to Safeway's Notice of Removal, at ¶ 5.[7]  Ms. Donald is perfectly entitled to

18    rely on Safeway's business records given her position as a high level corporate officer within the

19    company.  <u>See</u> <u>Edwards</u>, 527 F. Supp. 2d at 1202 n.5; Donald Decl., Ex. 3 to Safeway's Notice

20    of Removal, at ¶ 5.

21    Significantly, like the plaintiffs in <u>Edwards</u>, Plaintiff here has offered no evidence

22    whatsoever that "rebuts the inference of personal knowledge flowing from [Ms. Donald's]

23    position."  <u>See</u> Motion to Remand at <u>passim</u>; <u>Edwards</u>, 527 F. Supp. 2d at 1202.  Accordingly,

24    Plaintiff's foundation objection to Ms. Donald's declaration should be overruled.  <u>See</u> <u>Edwards</u>,

---

[7]    That Safeway has such knowledge within its records should come as no surprise, given the automation of the checkout process and the offering by Safeway (consistent with the practices of other grocery stores) of customer cards which, when scanned at check out, provide customers "good shopper" discounts in exchange for data concerning customer purchasing habits.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

15

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

527 F. Supp. 2d at 1202.  Moreover, the facts proffered by Ms. Donald are more than sufficient to establish minimal diversity.  See Donald Decl., Ex. 3 to Safeway's Notice of Removal, at ¶ 5; see also disc. supra at 15; Bodner, 2006 WL 2925691, at *2-3; Edwards, 527 F. Supp. 2d at 1201-02.  Given this, there can be no doubt that this Court's exercise of jurisdiction under CAFA is proper.  See id.; see also McMorris, 493 F. Supp. 2d at 162-64; Larsen, 2007 WL 3341698, at *4-5.

### D.    Plaintiff Has Plainly Failed To Meet Her Burden Of Proof On The Applicability Of The Home-State Exception

Plaintiff asserts almost in passing that the case should be remanded based on the home-state exception in CAFA, but then fails to proffer a scintilla of proof in support of her contention that the exception actually applies.  See Motion to Remand at 8-9; see also Serrano, 478 F.3d at 1020-22 (party seeking remand of case removed under CAFA bears burden of proof to establish CAFA exception).  Plaintiff's failure to proffer any evidence, however, is fatal to her claim.  See, e.g., Kearns, 2005 WL 3967998, at *7-8; McMorris, 493 F. Supp. 2d at 164-66; Larsen, 2007 WL 3341698, at *7.  Moreover, the Court should further reject Plaintiff's attempt to shoehorn this case into the home-state exception, given that this case is clearly of interstate concern and completely subsumed by the substantially identical Riley case, which Plaintiff's counsel filed in federal court pursuant to CAFA and which neither Plaintiff nor anyone else has argued should be subject to remand.[8]  See disc. infra at 19-23.  Consequently, the home-state exception simply does not apply.

### 1.    Plaintiff Provided No Evidence Whatsoever Concerning The Citizenship Of The Proposed Class

As Judge Young observed in McMorris, it is crucial to note that the plaintiff bears the burden of proof in showing under the home-state exception that two-thirds of the proposed class are citizens of the state to which remand is being sought.  See McMorris, 493 F. Supp. 2d at 164-

---

[8]    To say the Riley and King complaints are "substantially identical" is an understatement.  To aid the Court in comparing the two complaints, Safeway has utilized word processing tools to run a redline comparison of the two complaints.  See Riley/King Compl. Comparison, Ex. J to Kiser Decl.  As the Court can see, Plaintiff's counsel used the copy and paste function liberally, and nearly all of the allegations in the Complaint in this case are identical to the allegations in Riley.  See id.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

16

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

66; see also Serrano, 478 F.3d at 1021-22; Hart v. FedEx Ground Package System Inc., 457 F.3d 675, 681 (7th Cir. 2006) (placing the burden of proving the exceptions on plaintiffs "is important to ensure that the named plaintiffs will not be able to evade federal jurisdiction with vague class definitions or other efforts to obscure the citizenship of class members"); Gerstenecker v. Terminix Intern., Inc., No. 07-CV-0164-MJR, 2007 WL 2746847, *2 (S.D. Ill. Sept. 19, 2007) (where plaintiff's class definition does not restrict class to citizens, plaintiff must provide evidence of class members' citizenship to prevail on CAFA exception).[9]

The single paragraph in her motion that Plaintiff devotes to the home-state exception merely assumes that two-thirds or more of the members of Plaintiff's proposed class are citizens of California, relying on the tautological argument that Plaintiff's class definition (according to Plaintiff) necessarily limits the putative class to California citizens. See Motion to Remand at 9. As noted above, however, Plaintiff's class definition is not so limited. See disc. supra at 6-12. Moreover, because Plaintiff has offered no actual evidence in support of her contention, Plaintiff has failed to meet her burden of proof as a matter of law. See Kearns, 2005 WL 3967998, at *7-8; McMorris, 493 F. Supp. 2d at 165-66; Larsen, 2007 WL 3341698, at *7.

Courts considering the applicability of any CAFA exception, including the home-state exception, are clear: a plaintiff seeking to remand to state court must provide actual evidence that two-thirds of the class members are citizens of the state to which plaintiff seeks to remand the case. See, e.g., Kearns, 2005 WL 3967998, at *7-8; McMorris, 493 F. Supp. 2d at 165-66; see also Anthony v. Small Tube Mfg. Corp., No. 06-CV-4419, 2007 WL 2844819, at *10 (E.D. Pa. Sept. 27, 2007) ("The class is composed of all employees of the U.S. Gauge facility over an

---

[9]    To the extent that Plaintiff responds by seeking extensive discovery to establish the citizenship of the proposed class, Plaintiff's request, along with her motion to remand, should be denied. See Schwartz v. Comcast Corp., No. Civ.A. 05-2340, 2006 WL 487915, at *4 (E.D. Pa. Feb. 28, 2006) ("Allowing substantial, burdensome discovery on jurisdictional issues would be contrary to the intent of these [CAFA] provisions to encourage the exercise of federal jurisdiction over class actions.  For example, in assessing the citizenship of the various members of a proposed class, it would in most cases be improper for the named plaintiffs to request that the defendant produce a list of all class members (or detailed information that would allow the construction of such a list), in many instances a massive, burdensome undertaking that will not be necessary unless a proposed class is certified . . . I will make a jurisdictional determination based upon the evidence available at this stage of the litigation.").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

17

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1    approximately thirty-five year period.  Plaintiffs provided no evidence that these individuals

2    were ever, or have remained, domiciled in Pennsylvania.  Though this may be a reasonable

3    inference, it does not satisfy the plaintiff's burden of proof. Individual employees may retire and

4    move away.  Employees may change jobs and move to another State or country.  Employees may

5    also commute from an out-of-state location.  None of these facts are accounted for in plaintiff's

6    motion…Thus, plaintiff has failed to demonstrate the citizenship of the class.  This alone is

7    sufficient to deny plaintiff's motion to remand.").

8            Here, Plaintiff offered no evidence whatsoever.  <u>See</u> Motion to Remand at <u>passim</u>.  This

9    failure to make any showing necessarily means Plaintiff has failed to meet her burden and that

10    this Court should find that the case does not qualify for the home-state exception:

11            In this case, the proposed class is described as "all persons who purchased a
        vehicle through the CPO program at Claremont Ford and other Ford dealerships
12        located in California from June 23, 2001 through the present."  Both Plaintiff and
        [Defendant] take it for granted that this class is made up almost entirely of
13        citizens of California.  For that reason, neither discusses the possibility that this
        exception might apply.  While they may well be (and likely are) correct, the
14        burden is on [Defendant][10] to establish that this exception does not apply, and it
        has not met that burden. Without some evidence provided by [Defendant] (for
15        example, an analysis of the registration records of the 79,000 cars sold through
        the program), the Court cannot simply assume that one-third of the CPO buyers
16        might not be citizens of other states or countries…[T]he fraction of the plaintiff
        class with California citizenship has not been adequately established…Therefore,
17        the Home State Controversy exception does not apply.

18    <u>Kearns</u>, 2005 WL 3967998, at *7-8; <u>Nichols v. Progressive Direct Ins. Co.</u>, No. 06-146-DLB,

19    2007 WL 1035014, at *3 (E.D. Ky. Mar. 31, 2007) ("The "home state" exception requires that

20    two-thirds or more of the proposed plaintiff classes are citizens of Kentucky. While at first blush

21    this would seem reasonably plausible given Plaintiffs' proposed statewide class, Plaintiffs also

22    propose a class period of approximately five years.  To conclude that over this period at least

23

24    [10]    As one of the early cases addressing CAFA, <u>Kearns</u> erroneously placed the burden of
        proving the CAFA exceptions on the defendant.  <u>See</u> <u>Kearns</u>, 2005 WL 3967998, at *5.
25    Controlling authority has subsequently clarified, however, that it is a plaintiff who bears this
        burden.  <u>See</u> <u>Serrano</u>, 478 F.3d at 1021-22 (burden is on plaintiff as the party seeking remand to
26    prove a CAFA exception).  Subsequent decisions, however, have not changed what plaintiffs
        must do to discharge their burden of proving the home-state exception: provide <u>evidence</u>
27    concerning the citizenship of the proposed class.  <u>See</u> <u>Kearns</u>, 2005 WL 3967998, at *7-8;
        <u>McMorris</u>, 493 F. Supp. 2d at 165-66; <u>Larsen</u>, 2007 WL 3341698, at *7; <u>Evans</u>, 449 F.3d at
28    1166.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

18

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1   two-thirds of these persons remained citizens of the state would be sheer speculation at this

2   stage."); see also Larsen, 2007 WL 3341698, at *7 (finding plaintiff failed to meet his burden to

3   show that over two-thirds of the class consists of Iowa citizens where he "presented no evidence

4   to satisfy his burden"); McMorris, 493 F. Supp. 2d at 165-66 ("In this case, the McMorris class

5   simply asserts that all the named plaintiffs are citizens of Massachusetts and 'it is clear that at

6   least two-thirds ... of the members of the putative class are citizens of Massachusetts.' Pls.'

7   Mem. at 9. This Court rules that such a bare assertion cannot sustain the burden of proof.");

8   Evans, 449 F.3d at 1166 ("We understand that evidence of class citizenship might be difficult to

9   produce in this case. That difficulty, however, is to a considerable degree a function of the

10  composition of the class designed by plaintiffs."). Consequently, the Court cannot properly

11  remand this case based on the home-state exception. See id.

12
13                          **2.    In Any Event, The Home-State Exception Should Not
                                    Apply Where Plaintiff Framed An Inartful Pleading For
                                    The Express Purpose Of Avoiding Federal Jurisdiction
                                    Over A Case Of Interstate Concern**

14          Congress passed CAFA, however, in order to ensure truly interstate class actions remain

15  in federal court. See Dinkel, 400 F. Supp. 2d at 294; S. Rep. No. 109-14, at 5 (2005), reprinted

16  in 2005 U.S.C.C.A.N. 3, 6 ("Because interstate class actions typically involve more people, more

17  money, and more interstate commerce ramifications than any other type of lawsuit, the

18  Committee firmly believes that such cases properly belong in federal court."). In turn, Congress

19  recognized that truly local class actions should remain in state court. See S. Rep. No. 109-14, at

20  5 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 6.

21          The theory underlying the home-state exception presumes that if "two-thirds or more of

22  the members of the plaintiff class and the primary defendants are citizens of the state in which

23  the suit was filed . . . local interests therefore presumably would predominate." See id. In

24  providing for the home-state exception, Congress addressed the question of whether the plaintiffs

25  have proposed a "natural" class -- i.e., a class that encompasses all of the parties and claims that

26          one would expect to include in any given class action, as opposed to proposing a
            class that appears to be gerrymandered solely to avoid federal jurisdiction by
27          leaving out certain potential class members or claims. If the federal court
            concludes evasive pleading is involved, that factor would favor the exercise of
28          federal jurisdiction.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

19

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1   S. Rep. No. 109-14, at 37 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 36 (emphasis supplied).

2        Evasive pleading is precisely what Plaintiff's counsel has done by attempting to draft the

3   Complaint in this case for the express purpose of masquerading an interstate class action as a

4   case of "local" interest. Compare Riley Compl., Ex. A to Kiser Decl., at ¶ 5  (filed December 5,

5   2007, pursuant to CAFA jurisdiction), with King Compl. at ¶ 8 (filed January 11, 2008,

6   expressly disclaiming CAFA jurisdiction).  Plaintiff's counsel filed a substantially identical class

7   action in federal court, pursuant to CAFA, asserting claims on behalf of an inclusive class,

8   conceding the case's interstate nature. See Riley Compl., Ex. A to Kiser Decl., at ¶ 5 (asserting

9   jurisdiction based on CAFA).  The Riley Complaint seeks to certify a national class (or

10  alternatively a class of California residents and/or domiciliaries), alleging Safeway "operated

11  1,738 stores in the Western, Southwestern, Rocky Mountain, and Mid-Atlantic regions of the

12  United States and in western Canada." See Riley Compl., Ex. A to Kiser Decl., at ¶ 10.

13       A month later, however, Plaintiff's counsel filed this case in state court asserting

14  substantially identical allegations and claims while purporting (but failing) to limit the class to

15  only California citizens and intentionally omitting parties for the express purpose of avoiding

16  federal jurisdiction. See King Compl. at ¶ 8 (disclaiming CAFA jurisdiction); Motion to

17  Remand at 3; disc. supra at 6-12.  The Complaint in this case purportedly seeks to certify a class

18  limited to a geographic region where Safeway "operated 520 stores . . . which is more than one-

19  third of its total stores nationwide" and unsuccessfully attempts to eliminate all non-citizens from

20  the class. See King Compl. at ¶ 12.  In addition, Plaintiff conveniently failed to name Aurora as

21  a defendant even though the majority of the factual allegations and liability are premised on

22  whether Aurora's milk was organic or not. See id. at passim.  This is no surprise since Aurora is

23  a Delaware corporation with its principal place of business in Colorado. See Aurora's Articles of

24  Incorporation and Certificate of Good Standing, Ex. K to Kiser Decl.  Given that all of Plaintiff's

25  claims against Safeway are based on Aurora's alleged misconduct and, further, that the organic

26  milk at issue was supplied by Aurora to Safeway pursuant to an agreement between those parties

27  (see, e.g., King Compl. at ¶¶ 11, 16, 25), Aurora undoubtedly constitutes a "primary defendant,"

28  easily rendering the home-state exception inapplicable on its face. See, e.g., id. at ¶ 24.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

20

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1    Congress passed CAFA to facilitate the resolution of large class actions of interstate

2    concern, and Plaintiff's argument that this case should be remanded must be considered in light

3    of the conduct of Plaintiff's counsel in these and other proceedings, the larger context in which

4    the lawsuit was filed, as well as the <u>Riley</u> Complaint.  <u>See</u> S. Rep. No. 109-14, at 23 (2005),

5    <u>reprinted</u> <u>in</u> 2005 U.S.C.C.A.N. 3, 23 ("When these similar, overlapping class actions are filed in

6    State courts of different jurisdictions, there is no way to consolidate or coordinate the cases . . .

7    As a result, state courts and class counsel may 'compete' to control the cases, often harming all

8    the parties involved."  In contrast, when overlapping cases are pending in different federal

9    courts, "they can be consolidated under one single judge to promote judicial efficiency and

10   ensure consistent treatment of the legal issues involved.").  When all of these factors are

11   considered, it is clear that this Court should reject Plaintiff's naked attempt at manipulation and

12   deny Plaintiff's motion to remand.  <u>See</u> <u>id.</u>; disc. <u>infra</u> at 21-23.

13       **a.**    **Plaintiff's Procedural Maneuverings In An Attempt To Avoid The Application
     Of CAFA And The Consolidated Action Should Not Be Condoned**

14   The filing of this Complaint by Plaintiff's counsel -- in state court and in which a large

15   portion of its potential class has been strategically eliminated -- constitutes cynical game-playing

16   antithetical to the very core of CAFA.  <u>See</u>, <u>e.g.</u>, S. Rep. No. 109-14, at 37 (2005), <u>reprinted</u> <u>in</u>

17   2005 U.S.C.C.A.N. 3, 36.  The Multidistrict Panel had already transferred the substantially-

18   identical <u>Riley</u> case and, of course, also found this case subject to transfer and consolidation.

19   <u>See</u> Mar. 12, 2008 Conditional Transfer Order, Ex. D to Kiser Decl.; Mar. 13, 2008 Transfer

20   Order, Ex. E to Kiser Decl.  In fact, this Court would have been divested of jurisdiction over this

21   action -- and this motion -- on March 27, 2008 had Plaintiff's counsel not interposed a bad-faith

22   objection to transfer and consolidation of this case.  <u>See</u> <u>id.</u>

23   Indeed, although Plaintiff's counsel did not oppose transfer of the <u>Riley</u> action, Plaintiff's

24   counsel filed an objection with the Multidistrict Panel for <u>this</u> case.  <u>See</u> Mar. 27, 2008 Corresp.

25   fr. E. Fegan to Multidistrict Panel Clerk, Ex. H to Kiser Decl.; Mar. 12, 2008 Conditional

26   Transfer Order, Ex. D to Kiser Decl.  The only conceivable reason Plaintiff had for doing so,

27   however, is merely to <u>delay</u> transfer, because as Plaintiff certainly knows, a pending motion to

28   remand is <u>not</u> a legitimate basis for opposing transfer and consolidation.  <u>See</u> <u>In re Prudential Ins.</u>

1  Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001); In re New

2  England Mut. Life Ins. Co. Sales Practices Litig., 324 F. Supp. 288, 291-92 (D. Mass. 2004);

3  In re Air Crash Disaster at Florida Everglades, 368 F. Supp. 812, 813 (J.P.M.L. 1973).  The only

4  legitimate basis a plaintiff has for opposing transfer and consolidation is if the case does not

5  involve "one or more common questions of fact" with the transferred cases.  See 28 U.S.C. §

6  1407.  That is obviously not true here, given that the Riley and King complaints are substantially

7  identical (as Plaintiff and her counsel well know).  Compare Riley Complaint, Ex. A to Kiser

8  Decl., at passim (filed December 5, 2007), with King Compl. at passim (filed January 11, 2008);

9  Riley/King Compl. Comparison, Ex. J to Kiser Decl.

10        Plaintiff appears to have filed her baseless objection with the Multidistrict Panel as a

11  maneuver to try to prevent the Transferee Court from hearing this motion.  See disc. supra at 21-

12  22.  As is made clear by the case law and Multidistrict Litigation rules, however, a transferee

13  court can and should adjudicate any pending motion to remand; with all of the cases before it, the

14  transferee court is in the unique position to identify and prevent the very jurisdictional

15  gamesmanship being attempted here.  See In re Prudential Ins. Co., 170 F. Supp. 2d at 1347; In

16  re New England Mut. Life Ins. Co., 324 F. Supp. 2d at 291-92; In re Air Crash Disaster, 368 F.

17  Supp. at 813.  In this case, the Transferee Court has all of the cases filed by Plaintiff's counsel

18  before it, including Riley, and is in the best position to deduce whether, in fact, all of the primary

19  defendants have been properly named in any given lawsuit as well as to determine the impact of

20  judicial admissions in the other pleadings made by Plaintiff's counsel.[11]  Plaintiff's counsel,

21  obviously, is fully aware of this, and seeks to prevent it through procedural maneuvering.  Such

22  conduct, however, is clearly improper and should not be condoned.  See McMorris, 493 F. Supp.

23  2d at 166-68 ("The consolidated cases are, of course, solely concerned with the rights of the

24

25

26  [11]   Indeed, the Transferee Court has already ordered plaintiffs to file a consolidated complaint
    in the Consolidated Action.  See Kiser Decl. at ¶ 13.  Accordingly, had this case been properly
27  transferred to the Eastern District of Missouri, it would have undoubtedly been consolidated into
    the Consolidated Complaint in which Aurora will also have been named as a primary defendant,
28  avoiding this very circumstance.

1   putative class members and the rights of [Defendant].  It would be unseemly and unprofessional

2   for attorneys to jockey for position (and their own potential monetary advantage).").

3       **E.      Plaintiff's Request For Attorneys' Fees And Costs Pursuant To Section 1447(c)
                  Is Directly Contrary To U.S. Supreme Court And Ninth Circuit Precedents**

4           Plaintiff concludes her brief with a demand for attorneys' fees and costs.  See Motion to

5   Remand at 10.  In support of this demand, Plaintiff cites to a string of cases, which purport to

6   hold that "28 U.S.C. § 1447 makes an award of attorney fees the norm."  See id.  Unfortunately

7   for Plaintiff, all of the precedents she relies upon for this proposition were overruled three years

8   ago by the United States Supreme Court in Martin v. Franklin Capital Corp., 546 U.S. 132

9   (2005).  Compare Motion to Remand at 10, with Martin, 546 U.S. at 136-37.

10          In fact, the correct statement of the law is found in Martin, where the United States

11  Supreme Court resolved "a conflict among the Circuits concerning when attorney's fees should

12  be awarded under § 1447(c)."  See Martin, 546 U.S. at 136 (describing a split between the Fifth

13  Circuit, which permitted a fee award only where "defendant lacked objectively reasonable

14  grounds to believe the removal was legally proper," and the Ninth Circuit, which allowed a fee

15  award even where "the defendant's position may be fairly supportable").  The Supreme Court

16  rejected the Ninth Circuit's more permissive test for awarding attorneys' fees and instead

17  adopted the Fifth Circuit's test, holding that "absent unusual circumstances, attorney's fees

18  should not be awarded when the removing party has an objectively reasonable basis for

19  removal."  See id. (emphasis supplied); see also Lussier, 2008 WL 614407, at *3-4 ("Resolving a

20  circuit split on the issue, Martin explicitly rejected the view that attorney's fees should

21  presumptively, or automatically, be awarded on remand.").

22          Elaborating on the Supreme Court's "objectively reasonable" test, the Ninth Circuit

23  subsequently held that when considering an award for fees and costs under Section 1447(c), "the

24  test is whether the relevant case law clearly foreclosed the defendant's basis of removal."  See

25  Lussier, 2008 WL 614407, at *3-4 (emphasis supplied) (citing Lott v. Pfizer, Inc., 492 F.3d 789,

26  791-93 (7th Cir. 2007)) ("if clearly established law did not foreclose a defendant's basis for

27  removal, then a district court should not award attorneys' fees"); see also Durham v. Lockheed

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

23

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1  Martin Corp., 445 F.3d 1247 (9th Cir. 2006) (accord).  In addition, when applying the Martin

2  "objectively reasonable" test, federal courts in this district have denied an award of fees and

3  costs under Section 1447(c) where "other courts have upheld federal jurisdiction under similar

4  circumstances."  See, e.g., Hawkins v. KPMG LLP, 423 F. Supp. 2d 1038, 1053 (N.D. Cal.

5  2006).

6          For all the reasons set forth above, the Court's exercise of jurisdiction over this case is

7  entirely proper, because the case was properly removed pursuant to CAFA.  See disc. supra at 1-

8  23; see also McMorris, 493 F. Supp. 2d at 162-64; Larsen, 2007 WL 3341698, at *4-5.  The

9  authority cited by Plaintiff not only does not "clearly foreclose" Safeway's basis for removal, it

10  actually supports Safeway's position.  Compare, e.g., Roche, 2007 WL 2003092, at *2 n.4 and

11  disc. supra at 10-12, with Motion to Remand at 3-4.  This fact is underscored by the virtually

12  identical class action filed by Plaintiff's counsel against Safeway in the Northern District of

13  California asserting CAFA as the basis for jurisdiction.  See Riley Compl., Ex. A to Kiser Decl.,

14  at passim.  Consequently, even were this Court to reject the persuasive reasoning of the courts in

15  Larsen and McMorris (and call into question CAFA jurisdiction in the related Riley case),

16  Plaintiff's request for fees and costs must be rejected, since Safeway's basis for removal is not

17  only objectively reasonable but should ultimately prevail.  See Martin, 546 U.S. at 141 ("when

18  an objectively reasonable basis exists, fees should be denied"); Lussier, 2008 WL 614407, at *3-

19  4; Hawkins, 423 F. Supp. 2d at 1053; McMorris, 493 F. Supp. 2d at 162-64; Larsen, 2007 WL

20  3341698, at *4-5.

21                          **III.   CONCLUSION**

22          For all the reasons set forth herein, Plaintiff cannot escape federal jurisdiction and the

23  Judicial Panel on Multidistrict Litigation.  Plaintiff failed to limit her class definition to

24  California citizens.  Minimal diversity, therefore, exists, not only because non-California citizens

25  purchased organic milk in California but also because Safeway is a citizen of Delaware as well

26  as California.  Plaintiff, in turn, made no attempt to meet her burden of proof on the home-state

27  exception.  Plaintiff then asked for fees to which she clearly is not entitled, basing her argument

28  on precedent overruled by the United States Supreme Court three years ago.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

24

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1    As McMorris teaches, this sort of jurisdictional gamesmanship is properly rejected,

2  particularly where (as was true in McMorris) the gamesmanship is poorly executed and legally

3  flawed.  See McMorris, 493 F. Supp. 2d at 166-68.  Indeed, Congress passed CAFA for the

4  express purpose of ending the abuse of the class action device embodied by Plaintiff's

5  Complaint, namely filing copycat actions that put the financial interests of counsel ahead of the

6  interests of the proposed class.  See S. Rep. No. 109-14, at 23 (2005), reprinted in 2005

7  U.S.C.C.A.N. 3, 23; disc. supra at 1.

8    Safeway has met its burden of showing that the prerequisites exist for jurisdiction under

9  CAFA, and Plaintiff has failed to meet her burden of showing any exception applies.  For these

10  reasons and the other reasons provided herein, Safeway respectfully requests that Plaintiff's

11  Motion to Remand be denied.  Safeway further requests whatever other relief the Court deems

12  appropriate.

13  Dated:  April 4, 2008                    Respectfully submitted,

14

15                                           /s/Viviann C. Stapp
                                             Viviann C. Stapp
16                                           One of the Attorneys for Defendant Safeway Inc.
                                             Latham & Watkins LLP
17                                           505 Montgomery Street, Suite 2000
                                             Telephone: (415) 391-0600
18                                           Fax: (415) 395-8095
                                             Email: viviann.stapp@lw.com

19                                           Mark S. Mester (Ill. Bar No. 6196140) (pro hac vice)
                                             Livia M. Kiser (Ill. Bar No. 6275283) (pro hac vice)
20                                           233 South Wacker Drive
                                             Suite 5800 Sears Tower
21                                           Chicago, Illinois  60606
                                             Telephone: (312) 876-7700
22                                           Facsimile: (312) 993-9767
                                             Email:    mark.mester@lw.com
23                                                     livia.kiser@lw.com

24

25

26

27

28

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

25

Case No. 3:08-cv-00999-MMC
OPPOSITION OF DEFENDANT SAFEWAY INC.
TO PLAINTIFF'S MOTION TO REMAND

1

**[PROPOSED] ORDER**

2      The Court having considered Plaintiff's Motion to Remand, the papers submitted in

3  support and opposition thereto, IT IS HEREBY ORDERED that the motion is DENIED.

4      Defendant showed by a preponderance of the evidence that the following prerequisites

5  for jurisdiction under CAFA are satisfied: (1) the proposed class consists of 100 or more persons;

6  (2) the aggregate amount in controversy exceeds $5 million; and (3) any class member is a

7  citizen of a state different from any defendant (i.e., minimal diversity exists).[1]  See 28 U.S.C. §

8  1332(d)(2); 28 U.S.C. § 1332(d)(5); Serrano v. 180 Connect, Inc., 478 F.3d 1018, 1020-21 (9th

9  Cir. 2007).  If Defendant carries its burden, and thereby establishes jurisdiction, then Plaintiff

10  bears the burden of proof on whether any exception to jurisdiction applies under the Act that

11  would require this Court to decline to exercise jurisdiction.  See, e.g., id.; 28 U.S.C. §

12  1332(d)(4)(B).  The parties do not contest whether the number of class members is 100 or more

13  persons or whether the amount in controversy exceeds $5 million.  Based on the evidence in the

14  record, the Court finds these prerequisites are satisfied.  The sole issue is whether minimal

15  diversity exists.

16      It is not contested that the sole Defendant, Safeway Inc., is a citizen of both Delaware and

17  California.  Plaintiff argues that minimal diversity is lacking because her proposed class is

18  restricted solely to California citizens.  See Motion to Remand at 2-5.  Defendant, in turn,

19  maintains that Plaintiff's class definition includes non-citizens and that even if restricted solely

20  to California citizens, Article III minimal diversity still exists as a result of Safeway's dual

21  citizenship.  See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 578 n.6 (2004).

22      Plaintiff defines her class as "[a]ll persons in the State of California who purchased

23  organic milk or milk products from Safeway during the time period of December 5, 2003

24  through October 15, 2007."  See Compl. at ¶ 33.  Contrary to Plaintiff's assertions, pleading

25  mere physical presence, i.e. alleging a class of "persons in the State of California," is insufficient

26

27  [1]    The Court notes that the other prerequisite for jurisdiction is satisfied as no States, State
officials, or other governmental entities are named as defendants.  See 28 U.S.C. §
28  1332(d)(5)(A).

1   to allege citizenship.  <u>See</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).

2   Plaintiff could have easily restricted her class to citizens by defining her class as "all California

3   citizens who purchased organic milk or milk products."  Plaintiff failed to do so and is bound by

4   the class definition as it existed in her Complaint at the time of removal.  <u>See</u> <u>Sparta Surgical</u>

5   <u>Corp. v. National Ass'n of Securities Dealers, Inc.</u>, 159 F.3d 1209, 1213 (9th Cir. 1998)

6   (jurisdiction over removed action must be analyzed on basis of pleadings filed at time of removal

7   without reference to subsequent amendments); <u>Dinkel v. General Motors Corp.</u>, 400 F. Supp. 2d

8   289, 294 (D. Me. 2005) ("While plaintiffs undoubtedly possess some power to seek to avoid

9   federal jurisdiction by defining a proposed class in particular ways, <u>they</u> <u>lose</u> <u>that</u> <u>power</u> <u>once</u> <u>a</u>

10  <u>defendant</u> <u>has</u> <u>properly</u> <u>removed</u> <u>a</u> <u>class</u> <u>action</u> <u>to</u> <u>federal</u> <u>court</u>.") (emphasis in original);

11  <u>Berlowitz v. Nob Hill Masonic Management</u>, No. C-96-01241 MHP, 1996 WL 724776, at *2

12  (N.D. Cal. Dec. 6, 1996) ("The court is bound by the class definition provided in the

13  complaint.").  Accordingly, the Court finds Plaintiff's class is not limited solely to citizens of

14  California.  <u>See</u>, <u>e.g.</u>, <u>McMorris v. TJX Companies, Inc.</u>, 493 F. Supp. 2d 158, 162-64 (D. Mass.

15  2007); <u>Larsen v. Pioneer Hi-Bred Intern., Inc.</u>, No. 4:06-cv-0077-JAJ, 2007 WL 3341698, at *4-

16  5 (S.D. Iowa Nov. 9, 2007).

17         Defendant has introduced evidence in the record showing it is more likely than not that

18  one or more class members exist who are not citizens of California but who nevertheless

19  purchased organic milk or milk products from Safeway during the four-year time period.  <u>See</u>

20  <u>id.</u>; Declaration of Laura A. Donald, Ex. 3 to Safeway's Notice of Removal, at ¶ 5; <u>Bodner v.</u>

21  <u>Oreck Direct, LLC</u>, No. C 06-04756, 2006 WL 2925691, at *2-3 (N.D. Cal. Oct. 12, 2006);

22  <u>Edwards v. Toys "R" Us</u>, 527 F. Supp. 2d 1197, 1201-02 & n.5 (C.D. Cal. 2007).  Consequently,

23  minimal diversity is satisfied, and this Court possesses jurisdiction pursuant to CAFA.[2]  <u>See</u> 28

24  U.S.C. § 1332(d)(2) (requiring "<u>any</u> member of a class of plaintiffs is a citizen of a State

25  different from any defendant") (emphasis supplied).

26

27  [2]    The Court notes that the Supreme Court has observed that Safeway's dual citizenship may
      also satisfy Article III minimal diversity.  <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S.
28  567, 578 n.6 (2004).

1        Plaintiff further asserts that even if jurisdiction is proper, the home-state exception in

2    CAFA nonetheless requires this Court to decline to exercise jurisdiction and remand this case to

3    state court.  See 28 U.S.C. § 1332(d)(4)(B).  The home-state exception applies where "two-thirds

4    or more of the members of all proposed plaintiff classes in the aggregate, and the primary

5    defendants, are citizens of the State in which the action was originally filed."  See id.  As noted

6    above, however, Plaintiff's class definition is not restricted to California citizens, and Plaintiff

7    has failed to introduce any evidence concerning the citizenship of the proposed class.  Moreover,

8    Plaintiff's counsel conceded in other pleadings that this is a case of interstate concern, and that

9    the policies underlying CAFA would not be furthered by remanding this case to state court.  See

10   Complaint filed in Riley v. Safeway Inc., Case No. 3:07-cv-06174-SC.  Consequently, the Court

11   finds Plaintiff has failed to sustain her burden of proof on the home-state exception.  See Kearns

12   v. Ford Motor Co., No. CV-05-5644-GAF(JTLX), 2005 WL 3967998, at *7-8 (C.D. Cal. Nov.

13   21, 2005), overruled on other grounds by Serrano, 478 F.3d at 1021-22; see also McMorris, 493

14   F. Supp. 2d at 164-66; Larsen, 2007 WL 3341698, at *7; Evans v. Walter Indus., Inc., 449 F.3d

15   1159, 1166 (11th Cir. 2006).  Therefore, Plaintiff's motion to remand is denied.  Plaintiff's

16   request for attorneys' fees and costs is likewise denied.

17

18   DATED:  _____

19                                           MAXINE M. CHESNEY

20                                           United States District Judge

21

22

23

24

25

26

27

28