Shana E. Scarlett (217895)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

*Attorney for Plaintiff Theadora King*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THEADORA KING, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>SAFEWAY, INC.,<br><br>　　　　　　　　　　　　Defendant. | No. 08-cv-0999-MMC<br><br>PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND<br><br><br><br><br>Action filed:  January 11, 2008 |

010004-16 232503 V1

**TABLE OF CONTENTS**

PAGE

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................3

    A. Plaintiff's Motion to Remand Clearly Demonstrates That CAFA Jurisdiction Is Absent .........................................................................................................................3

        1. Safeway's Own Case Law Belies Its Argument That Only the Class Definition Controls Subject Matter Jurisdiction...................................................3

        2. Safeway's Delaware Incorporation Cannot Alter the Conclusion That Minimal Diversity Is Absent ..............................................................................6

        3. Safeway's Corporate Officer Provides No Evidence of Citizenship.................7

    B. Plaintiff's Motion to Remand Also Demonstrates That the Home-State Controversy Exception Has Been Met ........................................................................8

    C. It Is Plainly Reasonable for Plaintiff to Request Reimbursement of "Just" Costs and Expenses Where It Was Objectively Unreasonable for Safeway to Remove This Action ................................................................................................................10

III. CONCLUSION ...................................................................................................................11

# TABLE OF AUTHORITIES

## CASES

*In re "Agent Orange" Products Liability Litigation*
   No. 381, 1980 U.S. Dist. Lexis 9945 (J.P.M.L. Jan. 29, 1980) ............................................ 10

*Berlowitz v. Nob Hill Masonic Management*
   No. C-96-01241 MHP, 1996 U.S. Dist. Lexis 22599 (N.D. Cal. Dec. 6, 2006) ..................... 4

*Brooks v. GAF Materials Corp.*
   532 F. Supp. 2d 779 (D.S.C. 2008) ....................................................................................... 1

*County of Sutter v. Magenheimer*
   No. 2:07-cv-1206-GEB-KJM, 2007 U.S. Dist. Lexis 80730 (E.D. Cal. Oct. 23,
   2007) .................................................................................................................................... 10

*Dinkel v. General Motors Corp.*
   400 F. Supp. 2d 289 (D. Me. 2005) ....................................................................................... 4

*Eden Housing Management v. Muhammad*
   No. C 07-04325-SBA, 2007 U.S. Dist. Lexis 90294 (N.D. Cal. Nov. 28, 2007) ................. 11

*In re FedEx Ground Package System, Inc. Employment Practices Litigation*
   No. 3:05-MD-527 RM, 2006 U.S. Dist. Lexis 1218 (N.D. Ind. Jan. 13, 2006) ......... 4, 5, 7, 8

*Garbie v. DaimlerChrysler Corp.*
   211 F.3d 407 (7th Cir. 2000) ................................................................................................. 1

*Grupo Dataflux v. Atlas Global Group, L.P.*
   541 U.S. 567 (2004) ............................................................................................................... 6

*Harrington v. Mattel, Inc.*
   No. C07-05110 MJJ, 2007 U.S. Dist. Lexis 95401 (N.D. Cal. Dec. 20, 2007) ..................... 3

*Hart v. FedEx Ground Package System*
   457 F.3d 675 (7th Cir. 2006) ................................................................................................. 7

*Kanter v. Warner-Lambert Co.*
   265 F.3d 853 (9th Cir. 2001) ................................................................................................. 8

*Kitson v. Bank of Edwardsville*
   240 F.R.D. 610 (S.D. Ill. 2006) ............................................................................................. 1

*Lao v. Wickes Furniture Co.*
   455 F. Supp. 2d 1045 (C.D. Cal. 2006) ................................................................................. 5

*Larsen v. Pioneer Hi-Bred International, Inc.*
   No. 4:06-cv-0077 JAJ, 2007 U.S. Dist. Lexis 83505 (S.D. Iowa Nov. 9, 2007) ................ 4, 6

*Lee v. Carter-Reed Co.*
   No. 06-cv-1173 (DMC), 2006 U.S. Dist. Lexis 87817 (D.N.J. Dec. 4, 2006) ...................... 2

*Lowdermilk v. United States Bank National Association*
   479 F.3d 994 (9th Cir. 2007) ................................................................................................. 1

*Martin v. Franklin Capital Corp.*
      546 U.S. 132 (2005) ............................................................................................................. 11

*McMorris v. TJX Cos., Inc.*
      493 F. Supp. 2d 158 (D. Mass. 2007)................................................................................. 4, 6

*Musgrave v. Aluminum Co. of America, Inc.*
      No. 3:06-cv-0029-RLY-WGH, 2006 U.S. Dist. Lexis 48192 (S.D. Ind. July 14,
      2006).......................................................................................................................................... 4

*Roche v. Country Mut. Ins. Co.*
      No. 07-367-GPM, 2007 U.S. Dist. Lexis 48921 (S.D. Ill. July 6, 2007) .................... 1, 3, 4, 6

*Schwartz v. Comcast Corp.*
      No. 05-2340, 2005 U.S. Dist. Lexis 15396 (E.D. Pa. July 28, 2005)...................................... 8

*Schwartz v. Comcast Corp.*
      No. 05-2340, 2006 U.S. Dist. Lexis 7499 (E.D. Pa. Feb. 28, 2006) ....................................... 4

*Serrano v. 180 Connect, Inc.*, 478 F. 3d 1018 (9th Cir. 2007) ............................................................ 5

*Solectron United States, Inc. v. FedEx Ground Package System*
      520 F. Supp. 2d 904 (W.D. Tenn. 2007) ................................................................................ 5

*Sparta Surgical Corp. v. Nat. Association of Sec.s Dealers, Inc.*
      159 F.3d 1209 (9th Cir. 1998) ................................................................................................ 4

*State Farm Fire & Casualty Co. v. Tashire*
      386 U.S. 523 (1967) ................................................................................................................ 7

*Sundy v. Renewable Environmental Solutions, L.L.C.*
      No. 07-5069-CV-SW-ODS, 2007 U.S. Dist. Lexis 75762 (W.D. Mo. Oct. 10,
      2007)..................................................................................................................................... 5, 6

*Wershba v. Apple Computer, Inc.*
      91 Cal. App. 4th 224 (2001) .................................................................................................... 2

**FEDERAL STATUTES**

28 U.S.C. §§ 1332, *et seq.* ........................................................................................................... 5, 8

28 U.S.C. § 1407 ............................................................................................................................. 9

Plaintiff, Theadora King, individually and on behalf of all others similarly situated, and as the Reply in Support of the Motion to Remand, hereby states as follows:

## I.    INTRODUCTION

Lacking the statutory and case law necessary to support its removal of Plaintiff's action to this Court, Safeway resorts to extensive quotation of senate commentary on the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 and 1711-15, ("CAFA").[1] Safeway does so in an attempt to frame Plaintiff's Motion to Remand as improper and her Complaint the result of procedural or jurisdictional "gamesmanship."[2] Though Safeway takes umbrage with the explicit limitations in Plaintiff's Complaint, there is nothing impermissible with a plaintiff drafting her complaint in order to remain in her chosen forum, particularly if that forum is located in the same county as a defendant's corporate headquarters and principal place of business. As the Ninth Circuit recently noted in *Lowdermilk v. United States Bank National Ass'n.,* 479 F.3d 994 (9th Cir. 2007), even under the post-CAFA landscape, federal courts remain "courts of limited jurisdiction and we will strictly construe our jurisdiction," and it remains "well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction."[3] *Id.* at 998-99.[4] That Plaintiff wishes to

---

[1] Safeway's reliance on Senate commentary throughout its Opposition is inappropriate, particularly considering that there has been no argument in this matter that 28 U.S.C. § 1332 is ambiguous and where the commentary occurred *subsequent* to CAFA's enactment. *See Kitson v. Bank of Edwardsville*, 240 F.R.D. 610 (S.D. Ill. 2006) ("There is no reason to believe that the Judiciary Committee report on CAFA played any role in shaping debate and consideration of the statute. In fact, the text of the report states that it did not. As Senator Patrick Leahy points out in his 'Additional Views' in the report, the report was never circulated to the Senate before the enactment of CAFA . . . . Thus, it can hardly be said that the Judiciary Committee report was instrumental in the 'genesis and evolution' of CAFA.") (citing S. Rep. No. 109-14 at 79 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 73). *See also id*. ("[S]tatements after enactment do not count; the legislative history of a bill is valuable only to the extent it shows genesis and evolution, making 'subsequent legislative history' an oxymoron.").

[2] "Motion to Remand" refers to Plaintiff's Notice of Motion and Motion to Remand, filed March 5, 2008.

[3] All internal citations and quotations omitted and all emphasis added, unless otherwise stated.

[4] Courts continue to recognize the role of the plaintiff as master of her complaint in issuing decisions pursuant to CAFA. *See Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 782 (D.S.C. 2008) ("It is well established that the plaintiff is the master of his complaint. Thus, Plaintiffs [can] limit[] the damages alleged in their complaint to escape possible removal to federal court under CAFA.") (alteration in original); *Roche v. Country Mut. Ins. Co*., No. 07-367-GPM, 2007 U.S. Dist. Lexis 48921, at *17 (S.D. Ill. July 6, 2007) (quoting *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) for its proposition that "[p]laintiffs as masters of the complaint may include

remain in California courts is not surprising as California has among the strongest consumer protection laws in the nation. *See generally Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 242 (2001) (recognizing same).

Ultimately, while Safeway can file a lengthy opposition, color its arguments with general principles of law often taken out of their proper context, and ignore cases contrary to its positions, Safeway cannot escape the result that the intersection of law and fact before this Court operates to exclude federal jurisdiction. Indeed, the law and facts establish the following:

- As the proponent of removal, it is Safeway's burden of proof to establish removal jurisdiction.
- Plaintiff, through the combination of two paragraphs in her Complaint, expressly limited the scope of her action to include only citizens of California, thereby pleading to avoid federal jurisdiction.
- Case law establishes that a defendant cannot meet its burden of proving the existence of federal jurisdiction where the plaintiff class and a corporate defendant are citizens of the same state, even in situations where the defendant maintains its principal place of business in one state and is incorporated in a second state.
- Even if federal jurisdiction existed, the home-state controversy exception of CAFA requires this Court to relinquish that jurisdiction where Plaintiff's Complaint operates to exclude citizens of states other than California from membership in Plaintiff's putative class, where Safeway is a citizen of California and where Safeway was sued in California under California law.

*See generally infra;* ¶¶ 8, 33;[5] Motion to Remand. Under such circumstances, Plaintiff has made a clear case that remand is appropriate. And, because this Court is to exercise "any doubts as to the existence of federal jurisdiction," should any doubts remain, they weigh in favor remand, even

---

(or omit) claims or parties in order to determine the forum"); *Lee v. Carter-Reed Co.,* No. 06-cv-1173(DMC), 2006 U.S. Dist. Lexis 87817, at *1 (D.N.J. Dec. 4, 2006) (granting motion to remand all the while "[b]earing in mind that removal statutes are to be strictly construed [and] that the plaintiff is the master of his complaint").

[5]     All ¶ __ references are to the Class Action Complaint, filed January 11, 2008.

under CAFA. *Harrington v. Mattel, Inc*., No. C07-05110 MJJ, 2007 U.S. Dist. Lexis 95401, *6 (N.D. Cal. Dec. 20, 2007). Accordingly, for the reasons provided herein and in Plaintiff's Motion to Remand, Plaintiff respectfully requests to return this action to the Superior Court of California for the County of Alameda.

## II.  ARGUMENT

### A.  Plaintiff's Motion to Remand Clearly Demonstrates That CAFA Jurisdiction Is Absent

As clearly set out in Plaintiff's Motion to Remand, jurisdiction is absent under the facts of this case. Consistent with its Notice of Removal, Safeway's Opposition disregards Plaintiff's explicit limitation of the scope of her action, set forth near the outset of her Complaint: "This litigation may not be removed to federal court under 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005, ***because the members of the Plaintiff class are citizens of the same state, California, as Defendant***." ¶ 8. Safeway's attempt to disregard this plain language must fail.

#### 1.  Safeway's Own Case Law Belies Its Argument That Only the Class Definition Controls Subject Matter Jurisdiction

Construing the issue of "whether CAFA's requirement of minimal diversity of citizenship [was] met," the court in *Roche*, 2007 U.S. Dist. Lexis 48921, at *1, concluded that minimal diversity was absent where both the plaintiff and defendant were citizens of the same state, Illinois, and where the proposed class was drawn to include only Illinois citizens. *Id.* at *8. In doing so, the court recognized that when combined, the class definition and the plaintiff's act of disclaiming "the existence of diversity jurisdiction under CAFA . . . sufficiently restrict[ed] the proposed class to Illinois citizens." *Id.* at *9-*10 n.4. *Roche,* like the other cases relied upon by Plaintiff, demonstrate that a remand is appropriate under the facts of the case before this Court.

In opposing remand, Safeway argues it is only one paragraph which controls the resolution of subject matter jurisdiction: the class definition. *See generally* Opp. at 6-8.[6] Rather than take Plaintiff's Complaint at face value, Safeway attempts to characterize Plaintiff's Motion to Remand

---

[6]  "Opp." or "Opposition" refers to Opposition of Defendant Safeway, Inc. to Plaintiff's Motion to Remand, filed April 4, 2008.

as an "ex post facto assertion," appearing to go so far as to contend that Plaintiff might "wish she could redefine the class in her Complaint." Opp. at 6.

However, as recognized even in the case law relied upon by Safeway, it is the ***pleading*** which establishes whether subject matter jurisdiction exists and Plaintiff need not redefine her action because Plaintiff's Complaint sufficiently limits her action and the class to California citizens. The cases relied on by Safeway establish that "ex post facto assertions" involve factual situations where a plaintiff attempts to "unring the bell" of a deficient complaint by filing an amended complaint in order to facilitate a remand to state court. *See Sparta Surgical Corp. v. Nat. Ass'n of Sec.s Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (holding that an amended complaint filed after removal was of "no moment" to the court as ***jurisdiction must be analyzed on the basis of the pleadings*** filed at the time of removal without reference to subsequent amendments.")[7] *See also Schwartz v. Comcast Corp.*, No. 05-2340, 2006 U.S. Dist. Lexis 7499, at *2 (E.D. Pa. Feb. 28, 2006) (holding in an earlier opinion "that the issue of subject matter jurisdiction must be determined according to allegations of citizenship set forth in plaintiff's original complaint" where "plaintiff filed an amended complaint and motion to remand"); *Roche,* 2007 U.S. Dist. Lexis 48921, at *8 (ruling on subject matter jurisdiction by considering the class definition together with an explicit limitation of the class); *In re FedEx Ground Package Sys., Inc. Employment Practices Litig.*, No. 3:05-MD-527 RM, 2006 U.S. Dist. Lexis 1218, *23-*24 (N.D.

---

[7]  Moreover, the other cases relied on by Safeway for its point are likewise inapplicable. *See Dinkel v. General Motors Corp.,* 400 F. Supp. 2d 289, 294 (D. Me. 2005) (construing a federal court's jurisdiction under the issue of commencement rather than diversity); *Berlowitz v. Nob Hill Masonic Mgmt.*, No. C-96-01241 MHP, 1996 U.S. Dist. Lexis 22599, at *6 (N.D. Cal. Dec. 6, 2006) (observing that "[t]he court is bound by the class definition provided in the complaint" ***in ruling on a motion for class certification***); *Musgrave v. Aluminum Co. of Am., Inc.*, No. 3:06-cv-0029-RLY-WGH, 2006 U.S. Dist. Lexis 48192, *6-*7 (S.D. Ind. July 14, 2006) (declining to apply a CAFA exception and where the plaintiffs broadly alleged without any other limitation "that the class include[d] 'former mine workers, adjoining landowners and/or other individuals who worked/lived at or near the Squaw Creek Mining Operations . . . [and] their spouses, widows, widowers, and families with children'" and where the complaint did not contain any other limitations on the class); *McMorris v. TJX Cos., Inc.*, 493 F. Supp. 2d 158, 162-64 (D. Mass. 2007) (finding that the complaint did not limit class to Massachusetts citizens where the class definition was comprised of "[r]esidents of Massachusetts" and where the complaint did not contain any other limitations on the class); *Larsen v. Pioneer Hi-Bred Int'l., Inc.*, No. 4:06-cv-0077 JAJ, 2007 U.S. Dist. Lexis 83505, at *27 (S.D. Iowa Nov. 9, 2007) (finding that the complaint did not limit class to Iowa citizens where the class definition was comprised of "all persons and entities in the State of Iowa" and where the complaint did not contain any other limitations on the class).

Ind. Jan. 13, 2006) ("the *complaint* identifies the putative class action as containing only those who, at the time of filing, were (or are) Pennsylvania citizens").

As the Court is aware, Plaintiff relies on the language of her Complaint, not on post-removal assertions. Because Plaintiff's Complaint limits the putative class to California citizens, Safeway, a citizen of California, cannot meet its burden of showing that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). In cases ignored by Safeway in its Opposition, district courts have established that minimal diversity is absent in such situations. *See Sundy v. Renewable Envtl. Solutions, L.L.C.,* No. 07-5069-CV-SW-ODS, 2007 U.S. Dist. Lexis 75762, at *1 (W.D. Mo. Oct. 10, 2007) (recognizing in an action brought against a Delaware corporation with its principal place of business in Missouri that "the minimal diversity required by CAFA . . . is satisfied if there is at least one member of the class who is not a citizen of either Missouri or Delaware"); *In re FedEx Ground*, 2006 U.S. Dist. Lexis 1218, at *23-*24 (agreeing with plaintiffs that no minimal diversity (and thus, no original jurisdiction) existed where defendant FedEx Ground was a Delaware corporation with its principal place of business in Pennsylvania,[8] and where "[t]he complaint identifies the putative class action as containing only those who, at the time of the filing, were (or are) Pennsylvania citizens"). *See also Lao v. Wickes Furniture Co.,* 455 F. Supp. 2d 1045, 1061 (C.D. Cal. 2006) (recognizing in an action against a Delaware incorporated employer brought on behalf of the defendant's California employees that "jurisdiction under CAFA" is absent where the plaintiff can establish "that California is [the employer's] principal place of business") (*questioned on other grounds* by *Serrano v. 180 Connect, Inc.*, 478 F. 3d 1018 (9th Cir. 2007)).

Interestingly, Safeway contends that *Roche* does not help Plaintiff's argument. *See* Opp. at 11-12. In analyzing *Roche,* Safeway focuses its attention on the fact that the defendant in *Roche* did not dispute whether the class was limited to Illinois citizens (a point noted by Plaintiff in the Motion to Remand at 3) to ultimately conclude that the *Roche* decision supports Safeway's removal. Opp.

---

[8] *See Solectron United States, Inc. v. FedEx Ground Package Sys.*, 520 F. Supp. 2d 904, 910 (W.D. Tenn. 2007) ("The parties agree . . . that FedEx Ground is incorporated in Delaware and has its principal place of business in Pennsylvania.").

at 11. This is not so for no less than three reasons. First, the *Roche* decision verifies Plaintiff's ability to narrowly draw her Complaint, including but not limited to the class definition, observing that for "[w]hatever the reason, where, as here, a class action is tailored to avoid even minimal diversity of citizenship, it is not within the scope of federal subject matter jurisdiction under CAFA." *Roche*, 2007 U.S. Dist. Lexis 48921, at \*30-\*31. Indeed, the court noted that removal could be blocked not only though a narrow class definition, but also when combined with a specific disclaimer or through stipulation or affidavit. *Id.* at \*8 n.4. Second, the *Roche* court found the plaintiff's disclaimer of jurisdiction sufficient, where the proposed class consisted "only of medical providers within Illinois." *See id.* at \*9 n.4. While the *Roche* court approved a relatively weak attempt to disclaim minimal diversity, the disclaimer before *this Court* is much stronger and clearly limits the proposed class to "citizens of the same state as Defendant, California." ¶ 33. Finally, even though Safeway disputes Plaintiff's construction of her putative class, Safeway, like the defendant in *Roche* has not met its burden of proof in removing Plaintiff's action. *See* Motion to Remand at 4-5; *infra* Section (II)(B). Thus, to the extent a dispute exists, that dispute is of no consequence.

As a result, this Court should grant Plaintiff's Motion to Remand.

### 2. Safeway's Delaware Incorporation Cannot Alter the Conclusion That Minimal Diversity Is Absent

Next, even though Safeway is a dual-citizen of both Delaware and California, Safeway's location of incorporation cannot alter the conclusion that minimal diversity is absent under the facts of this case. As with its Notice of Removal, Safeway continues to rely in its Opposition on *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 578 n.6 (2004), but this time does not selectively quote the decision. *Compare* Opp. at 12 *with* Notice of Removal ¶ 5.[9] While Safeway also continues to rely on two of the three CAFA decisions that cite *Grupo Dataflux*, *i.e.*, *McMorris*, 493 F. Supp. 2d 158 and *Larsen*, 2007 U.S. Dist. Lexis 83505, at \*1, it continues to disregard the only decision actually analyzing that decision and its impact under CAFA. *See generally* Opp. at 4-24. *See also Sundy*, 2007 U.S. Dist. Lexis 75762 at \*11 n.4 (rejecting a defendant's attempt to

---

[9] "Notice of Removal" refers to Safeway, Inc.'s Notice of Removal, filed February 19, 2008.

1    rely on *Grupo Dataflux*, noting it to be dicta, contrary to precedent and without supporting
2    citations).

3    Safeway attempts to distinguish *Grupo Dataflux* from the Court's earlier decision in *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967), by arguing that "as the Supreme Court recognized in Grupo, the two-party/multiple citizenship case was not before the State Farm court." Opp. at 12. However, as recognized not only in *Sundy,* but also by the Seventh Circuit (cited by Safeway), it is the *State Farm* analysis that is applicable under CAFA. *See Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 677 (7th Cir. 2006) (recognizing that Congress has long permitted "minimal diversity suits under the federal interpleader statute" and "[i]n 2005, it did the same thing for large class actions, when it enacted CAFA"). *See also State Farm*, 386 U.S. at 531 (construing the federal interpleader statute and noting that "Article III poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, ***so long as any two adverse parties are not co-citizens***"). As a result, it is clear that federal jurisdiction cannot exist in this case because all of the parties (including the class as limited in the Complaint) to this litigation are co-citizens of the same state, California.

### 3.     Safeway's Corporate Officer Provides No Evidence of Citizenship

Safeway's long diatribe regarding its corporate officer misses Plaintiff's point entirely.[10] Plaintiff does not dispute the general fact that a corporate officer can testify and/or declare on behalf of the corporate entity based on knowledge gleaned from corporate records. Rather, the point is that neither Ms. Donald's declaration, nor Safeway's documents, constitutes evidence of ***citizenship***. While Safeway now contends that its Ms. Donald's personal knowledge is based on records of

---

[10]    In any event, Ms. Donald's declaration is irrelevant because Plaintiff limits the scope of her Complaint to citizens of California. For example, one court has held:

> The explicit requirements found in § 1332(d)(2) necessitate a showing that at least one member of the putative class action is of diverse citizenship. In trying to make such a showing, FedEx Ground submits three affidavits identifying people who arguably were not citizens of Pennsylvania at the time the complaint was filed. This is not an adequate showing of a diverse member of the putative class; anyone not a citizen of Pennsylvania at the time of the complaint ***would not be*** a member of the putative class.

*In re FedEx Ground*, 2006 U.S. Dist. Lexis 1218 at *24.

Safeway's automated checkout process and data related to its customer card program (*see* Opp. at 15 n.7), the fact remains that Safeway has not produced evidence of citizenship. In Safeway's own words, "citizenship requires domicile, and allegations of mere physical presence . . . or residency are <u>insufficient</u> to establish citizenship." Opp. at 7 (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)) (emphasis in original). While Safeway's automated checkout process and customer card program will be helpful in constructing a notice program to California citizens after class certification, Safeway has not carried its burden that such processes and programs, and therefore Ms. Donald's declaration based on the same, establishes ***citizenship*** and not just "mere physical presence . . . or residency." Opp. at 7.

### B. Plaintiff's Motion to Remand Also Demonstrates That the Home-State Controversy Exception Has Been Met

Because minimal diversity is absent in this case, Defendant cannot meet its burden to show that jurisdiction exists in this case. As such, it is unnecessary for this Court to rule on Plaintiff's alternative argument, whether the home-state controversy exception to CAFA requires this Court to decline to exercise jurisdiction over Plaintiff's action. Nevertheless, should the Court choose to rule on this argument in order to further support the position that a remand is appropriate, this Court should do so in Plaintiff's favor because the facts of this case fit within the plain language of the exception.

It is undisputed that Plaintiff's action was originally filed in Alameda County, California and that Safeway, maintaining its principal place of business in Pleasanton, California, is a citizen of California. *See, e.g.,* ¶¶ 5, 9, 12. Because Plaintiff's Complaint limits the membership of the class to citizens of California, it is also clear that "two-thirds or more of the members of all proposed plaintiff classes in the aggregate" are citizens of California. 28 U.S.C. § 1332 (d)(4)(B); ¶¶ 8, 33-34. *See also In re FedEx Ground*, 2006 U.S. Dist. Lexis 1218 at *24 (rejecting a defendant's attempt to argue that non-citizens were class members, observing "anyone not a citizen of Pennsylvania at the time of the complaint ***would not be*** a member of the putative class."); *Schwartz v. Comcast Corp.*, No. 05-2340, 2005 U.S. Dist. Lexis 15396, at *9-*10 (E.D. Pa. July 28, 2005) (observing as dicta that a plaintiff's post-removal amended complaint "clearly precludes" diversity

1  jurisdiction under CAFA's "home state controversy" and "local controversy" exceptions where
2  "[t]he amended complaint is clear that all class members are citizens of Pennsylvania and, thus,
3  more than two thirds of the class members are citizens of Pennsylvania and not diverse from
4  Comcast," a Delaware corporation with its principal place of business in Pennsylvania).

5  It is likewise clear that Safeway, as the only Defendant in this action is a "primary
6  defendant." Remarkably, Safeway goes so far as to contend that its milk supplier, Aurora Dairy
7  Corporation, who is not a party to this litigation, "undoubtedly constitutes a 'primary defendant,'
8  easily rendering the home-state exception inapplicable on its face." Opp. at 20. Tellingly, Safeway
9  cites no case law in support of its proposition that a non-party to a lawsuit is or can be considered a
10 "primary defendant." *See generally* Opp. It is basic law, however, that Aurora Dairy cannot be a
11 "primary defendant" because it is not even a defendant. *See, e.g.,* Black's Law Dictionary at 429
12 (7th ed. 1999) (defining "defendant" in relevant part as "[a] person sued in a civil proceeding").
13 While Aurora Dairy produced the "organic" milk and sold it to Safeway, the allegations of
14 Plaintiff's Complaint make clear that Safeway and Safeway alone sold the milk at issue in this case
15 to Plaintiff and it is Safeway that "sold its 'organic' milk to Plaintiff and the Class under its store
16 'O' brand . . . contained in cartons that specifically represented that the milk was certified organic
17 milk, despite the fact that it was not organic." ¶ 13. It is also Safeway that Plaintiff alleges made
18 representations to consumers concerning the "organic" nature of its "O" brand milk, including
19 through Safeway's labeling of its store brand milk. ¶¶ 19-22.

20 Offensively, Safeway argues that this Court should disregard the plain language of the
21 home-state controversy statute by contending that Plaintiff filed a "bad-faith," "baseless" objection
22 to transfer and consolidation with the Judicial Panel on Multidistrict Litigation ("Panel"). *See* Opp.
23 at 21-22. In doing so, Safeway concludes that there is only one "legitimate basis a plaintiff has for
24 opposing transfer and consolidation . . . if the case does not involve 'one or more common questions
25 of fact' with the transferred cases." *Id.* at 22 (quoting 28 U.S.C. § 1407). Yet, the text of Section
26 1407 itself provides no less than three bases for opposing transfer and consolidation, namely (1) the
27 existence of "one or more common questions of fact," (2) that a transfer "will be for the
28 convenience of parties and witnesses" and (3) that a transfer "will promote the just and efficient

conduct of such actions." *See* 28 U.S.C. § 1407(a).  And, though Safeway rejects the effect of a motion to remand in Panel proceedings, the Panel itself has considered the fact of a pending motion to remand as a relevant factor in deciding whether to transfer an action.  *See In re "Agent Orange" Prods. Liab. Litig.,* No. 381, 1980 U.S. Dist. Lexis 9945, *7-*8 (J.P.M.L. Jan. 29, 1980) (denying transfer of two actions brought by the same plaintiff to consolidated proceedings, despite the existence of "significant common questions of fact," where "on balance we are persuaded that this factor is outweighed by other factors, including [the fact that] the disposition of . . . the remand motion in Coffey I could eliminate the actions from federal court").

Accordingly because the clear language of Plaintiff's Complaint limits her action to citizens of California against a single, and therefore primary defendant, who is also a citizen of California, demonstrates that Plaintiff can meet the "home-state controversy" exception.

**C.  It Is Plainly Reasonable for Plaintiff to Request Reimbursement of "Just" Costs and Expenses Where It Was Objectively Unreasonable for Safeway to Remove This Action**

If one fact is abundantly clear from Plaintiff's Complaint, her Motion to Remand and this Reply, the plain and explicit language in Plaintiff's Complaint clearly foreclosed Safeway's removal of this action.[11]  As noted above and in the Motion to Remand, it is a clear and long standing principle that Plaintiff is "master of her complaint," possessing the ability to avoid federal jurisdiction.  This principle did not change under CAFA's amendments to Section 1332.  Instead of taking Plaintiff's Complaint at face value, Safeway chose to selectively read Plaintiff's Complaint and file its Notice of Remand.  In doing so, Safeway acted objectively unreasonable.

However, not only did Safeway ignore the plain language of Plaintiff's Complaint, which explicitly excluded federal jurisdiction, in doing so it relied on dicta from *Grupo Dataflux* to

---

[11] Because Safeway contended that it had "independent grounds for removal under CAFA," it "has not raised preemption principles at this time as a basis for removal." Notice of Removal ¶ 3 n.1. However, if it did, that would be further evidence that Safeway's removal was objectively unreasonable because "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *See, e.g., County of Sutter v. Magenheimer*, 2:07-cv-1206-GEB-KJM, 2007 U.S. Dist. Lexis 80730, at *2-*4 (E.D. Cal. Oct. 23, 2007) (recognizing that well-pleaded complaint rule mandates that "[a] case may not be removed to federal court on the basis of a federal defense," concluding that the defendant lacked an objectively reasonable basis for seeking removal where "the well-pleaded complaint rule [is] clear and well-settled, and Defendants have not asserted a reasonable basis for removal, Plaintiff will be awarded attorney's fees").

contend that the fact of its Delaware incorporation established minimal diversity. Safeway's position is contradicted not only in the only opinion analyzing the *Grupo Dataflux* decision (*Sundy*) but also by other decisions from district courts (*FedEx Ground, Lao* and *Roche*), an appellate court construing CAFA and reaffirming the applicability of an on-point Supreme Court decision (*Hart* and *State Farm* respectively). Whether individually or combined, these decisions also establish that it was objectively unreasonable for Safeway to contend that Safeway's Delaware incorporation establishes minimal diversity.

The effect of Safeway's objectively improper removal is substantial: Safeway has forced Plaintiff not only to incur the time and effort in moving to remand this action, but Safeway has also required Plaintiff to incur the time and effort necessary in litigating before another tribunal, the Judicial Panel on Multidistrict Litigation. Courts have properly considered such facts in awarding fees. *See Eden Hous. Mgmt. v. Muhammad*, No. C 07-04325-SBA, 2007 U.S. Dist. Lexis 90294, at *8 (N.D. Cal. Nov. 28, 2007) (authorizing fees where the "[c]learly established state and federal law unequivocally prohibit[ed] removal under the circumstances of [the] case" and where the removal "has forced the prolonged expenditure of resources in both state and federal court"). Thus, under the facts presented by this case, it is clear that Safeway "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Accordingly, this Court should grant an award of reasonable attorneys' fees and costs incurred in returning this matter to state court.

### III.   CONCLUSION

Accordingly for the reasons provided above, in the Motion to Remand and in the Memorandum of Points and Authorities submitted in support thereof, Plaintiff respectfully requests this Court to remand this matter to the Superior Court for the State of California, County of

//
//
//
//

Alameda, grant an award of reasonable attorneys' fees and costs, and grant all such other relief as this Court deems necessary and appropriate.

Dated: April 11, 2008

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By     /s/ Shana E. Scarlett
        SHANA E. SCARLETT

715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, IL 60301
Telephone: (708) 776-5600
Facsimile: (708) 776-5601
beth@hbsslaw.com

*Attorneys for Plaintiff Theadora King*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

          /s/ Shana E. Scarlett
          SHANA E. SCARLETT

# Mailing Information for a Case 3:08-cv-00999-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,bonneym@hbsslaw.com

- **Elizabeth Anne Fegan**
  beth@hbsslaw.com

- **Livia M. Kiser**
  livia.kiser@lw.com,chefiling@lw.com

- **Mark S. Mester**
  mark.mester@lw.com,chefiling@lw.com,barbara.buti@lw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Viviann C Stapp**
  viviann.stapp@lw.com,#sfdocket@lw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
```