LATHAM & WATKINS LLP
Viviann C. Stapp (Bar No. 233036)
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: viviann.stapp@lw.com

Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email: mark.mester@lw.com
       livia.kiser@lw.com

*Attorneys for Defendant Safeway Inc.*

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **THEADORA KING, individually, and on behalf of those similarly situated,**<br><br>          Plaintiff,<br><br>     v.<br><br>**SAFEWAY INC.,**<br><br>          Defendant. | **CASE NO: 3:08-cv-00999-MMC**<br><br>―――――――――<br><br>**REQUEST FOR JUDICIAL NOTICE <u>VIS-À-VIS</u> PLAINTIFF'S PENDING REMAND MOTION** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

CASE NO. 3:08-cv-00999-MMC
REQUEST FOR JUDICIAL NOTICE <u>VIS-À-VIS</u>
PLAINTIFF'S PENDING REMAND MOTION

## I.  INTRODUCTION

Defendant Safeway Inc. ("Safeway" or "Defendant"), by and through its attorneys, respectfully requests that the Court take judicial notice of the following documents: (A) comments made on behalf of Plaintiff's counsel as reflected in the official transcript of the March 28, 2008 hearing before Judge E. Richard Webber in In Re Aurora Dairy Corp. Organic Milk Marketing and Sales Practice Litigation, Eastern District of Missouri Case No. 4:08-md-01907-ERW (the "Consolidated Action"); and (B) Plaintiff's Memorandum of Law in Support of Her Motion to Vacate Conditional Transfer Order (CTO-2), filed on April 11, 2008 with the Judicial Panel on Multidistrict Litigation (the "Multidistrict Panel"), MDL Case No. 1907.  Both of these documents contain representations made by or on behalf of Plaintiff's counsel which we believe are relevant to Plaintiff's motion to remand, currently pending before this Court.  A true and correct copy of each document is attached to the accompanying Declaration of Livia M. Kiser as Exhibits A and B, respectively.

## II.  BASIS FOR REQUEST

The Court may take judicial notice of facts "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Further, courts frequently take judicial notice of "matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); see also Quan v. Smithkline Beecham Corp., 149 Fed. Appx. 668, 670 (9th Cir. 2005) (taking judicial notice, as a matter of undisputed public record, of an additional complaint filed by the plaintiff).  Indeed, "[t]he Court is empowered to and does take judicial notice of court files and records." Schweitzer v. Scott, 469 F. Supp. 1017, 1021 (C.D. Cal. 1979).

The present request is made as to an official court transcript and to Plaintiff's filing before the Multidistrict Panel, the accuracy of which cannot be reasonably questioned.  Safeway respectfully requests that the Court take judicial notice of these documents, because Plaintiff, through her counsel, has made representations in these tribunals that we believe bear upon Plaintiff's motion to remand currently pending before this Court.  See disc. infra at 2-3.  Moreover, neither of the two documents that Safeway asks the Court to take judicial notice of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

1

CASE NO. 3:08-cv-00999-MMC
REQUEST FOR JUDICIAL NOTICE VIS-À-VIS
PLAINTIFF'S PENDING REMAND MOTION

existed or were available on April 4, 2008 when Safeway filed its opposition to Plaintiff's remand motion, hence the current request. See Mar. 28, 2008 Hrg. Tr., Ex. A to Kiser Decl. (forwarded by the court reporter on April 16, 2008); Plaintiff's Mem. in Supp. of Motion to Vacate Conditional Transfer Order (CTO-2), Ex. B to Kiser Decl. (filed by Plaintiff on April 11, 2008).

### A. Statements Made On Behalf Of Plaintiff's Counsel At The March 28, 2008 Hearing In The Consolidated Action

On April 16, 2008, the court reporter in the Consolidated Action forwarded the official transcript for the hearing before Judge E. Richard Webber held on March 28, 2008. See Mar. 28, 2008 Hrg. Tr., Ex. A to Kiser Decl., at 15-16. As memorialized in the official transcript, the group of lawyers in the Consolidated Action that includes Plaintiff's counsel represented to Judge Webber that choosing them to be lead counsel would make it less likely that "satellite" cases (i.e., cases filed in state court) would be filed:

> When interests are ignored, satellite litigation is invited, Your Honor. We're all familiar with attacks upon adequacy of class counsel, for instance. We're familiar with objections to settlements. The likelihood of such satellite litigation is exponentially greater when other interests, other attorneys' voices are silenced. The strategies, the best strategies, can't be considered because there isn't a wide berth of those to be considered if there's exclusion instead of inclusion.
>
> * * *
>
> Just to conclude, Your Honor, from the very beginning, the focus of our group has been on what's best for the class and not what's best for the lawyers, and we have reached out. The idea that we're not inclusive even though we have nine different law firms in our group is a notion that's hard to reconcile. We think we've been very inclusive, but we've also tried to be, Your Honor, cognizant of what each law firm would bring to the table in terms of serving the class.

Id. at 16, 24. Accordingly, the representations made to the Court in the Consolidated Action seem somewhat in tension with the efforts by Plaintiff's counsel here to have this case remanded to state court. Compare id., with Plaintiff's Mot. to Remand at passim.

### B. Plaintiff's Memorandum In Support Of Her Objection To Transfer Of This Case

On April 11, 2008, Plaintiff filed her memorandum in support of her motion opposing transfer and consolidation of this matter. See Plaintiff's Mem. in Supp. of Motion to Vacate Conditional Transfer Order (CTO-2), Ex. B to Kiser Decl. Plaintiff's filing fully confirms Safeway's statement in its opposition that Plaintiff would rely on the same specious grounds to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

2

CASE NO. 3:08-cv-00999-MMC
REQUEST FOR JUDICIAL NOTICE VIS-À-VIS
PLAINTIFF'S PENDING REMAND MOTION

1  oppose transfer and consolidation as Plaintiff argued in her Administrative Motion to Shorten
2  Time in this case, namely, that the Multidistrict Panel should purportedly refuse to transfer this
3  case because a motion to remand is pending in this Court.  See Plaintiff's Mem. in Supp. of
4  Motion to Vacate Conditional Transfer Order (CTO-2), Ex. B to Kiser Decl., at 4-9;
5  Administrative Motion to Shorten Time (dkt. #17) at 3-4.  Indeed, even before this Court has had
6  a chance to rule on the issue, Plaintiff had the temerity to claim that the Panel should vacate its
7  transfer order because this case is "due to be remanded to state court."  See Plaintiff's Mem. in
8  Supp. of Motion to Vacate Conditional Transfer Order (CTO-2), Ex. B to Kiser Decl., at 4
9  (emphasis supplied).  That statement is plainly inaccurate.

10  As this Court correctly recognized when it denied Plaintiff's Administrative Motion, a
11  pending motion to remand is not a legitimate basis for opposing transfer and consolidation,
12  because the transferee court can and should adjudicate any pending motion to remand, a fact of
13  which Plaintiff's counsel is undoubtedly aware.  See, e.g., Safeway's Opp. to Plaintiff's Mot. to
14  Remand at 21-23 (citing In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d
15  1346, 1347 (J.P.M.L. 2001); In re New England Mut. Life Ins. Co. Sales Practices Litig., 324 F.
16  Supp. 2d 288, 291-92 (D. Mass. 2004); In re Air Crash Disaster at Florida Everglades, 368 F.
17  Supp. 812, 813 (J.P.M.L. 1973)).

18  Indeed, grasping at straws, Plaintiff argued that the parties in this case would somehow
19  be inconvenienced by transfer.  See Plaintiff's Mem. in Supp. of Motion to Vacate Conditional
20  Transfer Order (CTO-2), Ex. B to Kiser Decl., at 10-12.  As must be clear from the hearing
21  transcript, however, and as noted in Safeway's opposition to remand, neither Plaintiff nor her
22  counsel will in any sense be inconvenienced by transfer, as Plaintiff's counsel are already before
23  the transferee court in no fewer than four actions, including the substantially identical Riley
24  action filed by Plaintiff's counsel over a month before this case.  See Safeway's Opp. to
25  Plaintiff's Mot. to Remand at 21-23; Mar. 7, 2008 Suppl. Notice of Pendency of Other Actions
26  (dkt #22); Feb. 20, 2008 Notice of Pendency of Other Actions (dkt #5).

27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

3

CASE NO. 3:08-cv-00999-MMC
REQUEST FOR JUDICIAL NOTICE VIS-À-VIS
PLAINTIFF'S PENDING REMAND MOTION

### III.  CONCLUSION

The documents for which Safeway requests judicial notice are proper subjects for judicial notice because they can be accurately and readily determined by resort to sources whose accuracy cannot reasonably be questioned.  Having provided the Court with the necessary information as to the documents, Safeway respectfully requests that the Court grant the present Request for Judicial Notice.  Safeway further requests whatever other relief the Court deems appropriate.

Dated:  April 18, 2008

Respectfully submitted,

/s/Viviann C. Stapp
Viviann C. Stapp
One of the Attorneys for Defendant Safeway Inc.
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
Telephone: (415) 391-0600
Fax: (415) 395-8095
Email: viviann.stapp@lw.com

Mark S. Mester (Ill. Bar No. 6196140) (*pro hac vice*)
Livia M. Kiser (Ill. Bar No. 6275283) (*pro hac vice*)
Sears Tower, Suite 5800
233 South Wacker Drive
Chicago, Illinois  60606
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
Email:   mark.mester@lw.com
             livia.kiser@lw.com

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
CHICAGO

4

CASE NO. 3:08-cv-00999-MMC
REQUEST FOR JUDICIAL NOTICE VIS-À-VIS
PLAINTIFF'S PENDING REMAND MOTION