1  HAGENS BERMAN SOBOL SHAPIRO LLP
   Shana E. Scarlett (217895)
2  715 Hearst Avenue, Suite 202
   Berkeley, CA  94710
3  Telephone: (510) 725-3000
   Facsimile: (510) 725-3001
4  shanas@hbsslaw.com

5  Attorneys for Plaintiff Theadora King

6  [Additional Counsel on Signature Page]

7

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12  THEADORA KING, individually and on behalf  )    No. 08-cv-0999-MMC
    of all others similarly situated,          )
13                                             )    REQUEST FOR LEAVE TO FILE
                                   Plaintiff,  )    RESPONSE TO SAFEWAY'S
14                                             )    REQUEST FOR JUDICIAL NOTICE
          v.                                   )    VIS-À-VIS PLAINTIFF'S PENDING
15                                             )    REMAND MOTION
    SAFEWAY, INC.,                             )
16                                             )
                                  Defendant.   )    ACTION FILED:  January 11, 2008
17  _____   )

18

19

20

21

22

23

24

25

26

27

28

010004-16  235241 V1

1     Plaintiff Theadora King, individually and on behalf of all others similarly situated, and in

2 support of Plaintiff's Request for Leave to File Response to Safeway's Request for Judicial Notice

3 Vis-à-Vis Plaintiff's Pending Remand Motion, pursuant to Civil L.R. 7-3(d), hereby requests leave of

4 the Court to file a response to Safeway's Request for Judicial Notice.

5     Following a fully briefed motion to remand which is presently set for hearing on Friday,

6 April 25, 2008, Defendant Safeway, Inc. filed its Request for Judicial Notice Vis-à-Vis Plaintiff's

7 Pending Remand Motion on April 18, 2008 ("Request for Judicial Notice").  Defendant's request

8 violates Civil L.R. 7-3(d), as not only does this improper motion fail to request judicial notice of a

9 relevant judicial opinion, but also the request contains legal argument rather than restricting itself to

10 citing new, relevant legal authority.

11     Because Plaintiff believes that Safeway uses its Request for Judicial Notice as an opportunity

12 to file a surreply, Plaintiff requests leave from this Court to file the attached Response to Safeway's

13 Request for Judicial Notice Vis-à-Vis Plaintiff's Pending Remand Motion ("Response").  In doing

14 so, Plaintiff does not offer the Response to question the accuracy of the documents of which Safeway

15 requests judicial notice.  Instead, Plaintiff's Response is necessary to dispute Safeway's

16 characterization of these documents to the Court and their relevance to the issues before this Court

17 on Plaintiff's Motion to Remand.

18     Accordingly, for the reasons provided above and in the attached Response, Plaintiff

19 respectfully requests leave to file Plaintiff's Response to Safeway's Request for Judicial Notice Vis-

20 à-Vis Plaintiff's Pending Remand Motion, attached hereto as Exhibit 1, together with the declaration

21 of Shana E. Scarlett in support thereof, attached hereto as Exhibit 2, and for all such other relief as

22 this Court deems necessary and appropriate.

23 Dated: April 21, 2008                    Respectfully submitted,

24                                          HAGENS BERMAN SOBOL SHAPIRO LLP

25
                                           By _____/s/ Shana E. Scarlett_____
26                                                  SHANA E. SCARLETT

27                                          715 Hearst Avenue, Suite 202
                                           Berkeley, CA 94710
28                                         Telephone: (510) 725-3000

1   Facsimile: (510) 725-3001
    shanas@hbsslaw.com

2
    Steve W. Berman
3   HAGENS BERMAN SOBOL SHAPIRO LLP
    1301 Fifth Avenue, Suite 2900
4   Seattle, WA 98101
    Telephone: (206) 623-7292
5   Facsimile: (206) 623-0594
    steve@hbsslaw.com

6
    Elizabeth A. Fegan
7   HAGENS BERMAN SOBOL SHAPIRO LLP
    820 North Boulevard, Suite B
8   Oak Park, IL 60301
    Telephone: (708) 776-5600
9   Facsimile: (708) 776-5601
    beth@hbsslaw.com

10
    Attorneys for Plaintiff Theadora King

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2008 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ Shana E. Scarlett
SHANA E. SCARLETT

# Mailing Information for a Case 3:08-cv-00999-MMC

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Steve W. Berman**
  steve@hbsslaw.com,robert@hbsslaw.com,heatherw@hbsslaw.com,bonneym@hbsslaw.com

- **Elizabeth Anne Fegan**
  beth@hbsslaw.com

- **Livia M. Kiser**
  livia.kiser@lw.com,chefiling@lw.com

- **Mark S. Mester**
  mark.mester@lw.com,chefiling@lw.com,barbara.buti@lw.com

- **Shana E. Scarlett**
  shanas@hbsslaw.com,nancyq@hbsslaw.com,sf_filings@hbsslaw.com

- **Viviann C Stapp**
  viviann.stapp@lw.com,#sfdocket@lw.com

## Manual Notice List

The following is the list of attorneys who are **not**
on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Steve W. Berman
Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
```

# Exhibit 1

HAGENS BERMAN SOBOL SHAPIRO LLP
Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Attorneys for Plaintiff Theadora King

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THEADORA KING, individually and on behalf of all others similarly situated, ) ) | No. 08-cv-0999-MMC |
| Plaintiff, ) | PLAINTIFF'S RESPONSE TO SAFEWAY'S REQUEST FOR JUDICIAL NOTICE VIS-À-VIS PLAINTIFF'S PENDING REMAND MOTION |
| v. ) | |
| SAFEWAY, INC., ) | |
| Defendant. ) | ACTION FILED:  January 11, 2008 |

## I.    INTRODUCTION

Using its Request for Judicial Notice Vis-à-Vis Plaintiff's Pending Remand Motion, filed April 18, 2008 ("Def's RJN"), as an opportunity to file a surreply, Safeway requests judicial notice of two items: (1) the March 28, 2008 Hearing Transcript before the Multidistrict Litigation ("MDL") Transferee Court in *In Re Aurora Dairy Corp. Organic Milk Marketing and Sales Practice Litigation*, Eastern District of Missouri Case No. 4:08-md-01907-ERW ("March 28, 2008 Hr'g Tr.") [Dkt. No. 39-2]; and (2) Plaintiff's Memorandum of Law in Support of Motion to Vacate Conditional Transfer Order (CTO-2), filed April 11, 2008 ("Plaintiff's Vacate Memorandum") [Dkt. No. 39-3], as it applies to this case. While Plaintiff does not dispute the accuracy of the underlying transcript or brief, Plaintiff does dispute Safeway's purported quotations from and characterization of these documents to the Court, as well as their relevance to the issues before this Court on Plaintiff's Motion to Remand.

## II.    ANALYSIS

### A.    The March 28, 2008 Hearing Transcript

First, Safeway requests judicial notice of the transcript of proceedings before Judge E. Richard Webber, the transferee judge in the MDL proceeding, observing that "the group of lawyers in the Consolidated Action that includes Plaintiff's counsel represented to Judge Webber that choosing them to be lead counsel would make it less likely that 'satellite' cases (i.e., cases filed in state court) would be filed." Def's RJN at 2.

Safeway's history of selective quotation is evident. *See* Plaintiff's Notice of Motion and Motion to Remand, filed March 5, 2008 ("Motion to Remand") [Dkt. No. 38] at 6-7 (describing Safeway's selective quotation of case law in its Notice of Removal). Safeway quotes two paragraphs, pages apart and constructs them together as if they were offered by the same attorney. While Safeway correctly contends that the first paragraph was made on behalf of "the group of lawyers…that includes Plaintiff's counsel," the second paragraph was not. *Compare* Kiser Decl.,[1] Ex. A at 16 (Mar. 28, 2008 Hearing Transcript) (quoting Thomas A. Tucker Ronzetti, a member of

---

[1]    "Kiser Decl." refers to the Declaration of Livia M. Kiser in Support of Safeway's Request for Judicial Notice Vis-à-Vis Plaintiff's Pending Remand Motion, filed April 18, 2008 [Dkt. No. 39].

1   the "KTHB Group" (which included Plaintiff's counsel) and advocating a leadership structure that

2   involved two co-leads with an open executive committee structure to accommodate other counsel)

3   *with id*. at 24 (quoting Don Downing, a member of the "National Plaintiffs Group" (which did not

4   include Plaintiff's counsel) and advocating a leadership structure that involved four co-leads with a

5   closed executive committee structure).  Thus, as the transcript makes clear, the second paragraph

6   quoted by Safeway was not made by a member of "the group of lawyers…that includes Plaintiff's

7   counsel."

8       After cobbling two paragraphs offered by two different attorneys, Safeway contends that a

9   "tension" exists between these statements and Plaintiff's Motion to Remand.  However, as this Court

10   is aware, the issues of whether Plaintiff has drawn her action in such a way as to require a remand of

11   this case is entirely separate from the issues before the MDL Transferee Court related to resolving

12   competing Rule 23(g) motions and the determination of the proper leadership structure of Plaintiffs'

13   counsel in the coordinated MDL proceeding.  Further, Plaintiff notes that at the March 28th hearing,

14   counsel for Plaintiff specifically apprised Judge Webber of the motion to remand pending before this

15   Court as well as the proceedings before the Judicial Panel on Multidistrict Litigation ("JPML").  *See*

16   March 28, 2008 Hr'g Tr. at 47.  Possessing knowledge that Plaintiff has moved to remand in this

17   action, Judge Webber selected Plaintiff's counsel as co-interim class counsel in the MDL

18   proceedings before him and recognized Plaintiff's counsel as an applicant "who [is] 'best able to

19   represent the interests of the class.'"  *See generally* Scarlett Decl.,[2] Ex. A at 4-5 (April 18, 2008

20   Memorandum and Order) (appointing Elizabeth A. Fegan as co-interim class counsel with the

21   "primary responsibility for pursuing claims against the Defendant retailers") (quoting Rule 23(g)).

22   As a result, no such "tension" exists.

23   **B.**     **Plaintiff's Memorandum in Support of the Motion to Vacate.**

24       Second, in requesting judicial notice of Plaintiff's Vacate Memorandum, Safeway continues

25   to maintain its position that "a pending motion to remand is <u>not</u> a legitimate basis for opposing

26   transfer and consolidation," even though the JPML has expressly taken into account the fact of a

27

---

[2]    "Scarlett Decl." refers to the Declaration of Shana E. Scarlett in Support of Plaintiff's
28   Response to Safeway's Request for Judicial Notice, filed concurrently herewith.

1   plaintiff's motion to remand in considering whether to transfer an action. Def's RJN at 3. *See In re*

2   *"Agent Orange" Prods. Liab. Litig.,* No. 381, 1980 U.S. Dist. Lexis 9945, *7-*8 (J.P.M.L. Jan. 29,

3   1980). *See also* Plaintiff's Reply in Support of Motion to Remand, filed April 11, 2008 [Dkt. No. 37]

4   at 9-10. For Safeway to continue to suggest impropriety by Plaintiff is unacceptable.

5        Additionally, after paying lip service to Plaintiff's other arguments before the JPML,

6   Safeway notes that "neither Plaintiff ***nor her counsel*** will in any sense be inconvenienced by

7   transfer, as Plaintiff's ***counsel*** are already before the transferee court." Def's RJN at 3.[3] Yet, the

8   convenience of ***counsel*** is not the relevant inquiry before the JPML, but rather the convenience of the

9   ***parties and witnesses***. *See, e.g., In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969) ("A

10  transfer will not be ordered unless [the] convenience of the ***parties and witnesses*** is served and the

11  just and efficient conduct of the actions promoted by such a transfer"). *See also* Kiser Decl., Ex. B

12  at 11 (Plaintiff's Vacate Memorandum) (outlining the numerous California connections to Plaintiff's

13  litigation). And, yet again, Safeway mixes its issues since the issue before this Court, on Plaintiff's

14  Motion to Remand, is different from those under consideration before the JPML, *i.e.,* whether the

15  statutory criteria for transfer as outlined in 28 U.S.C. § 1407 have been met under the facts as they

16  apply to Plaintiff's case.

### III.    CONCLUSION

18       Accordingly, while Safeway contends that it provided the Court with the "necessary

19  information" regarding the documents for which it now requests judicial notice, Plaintiff has shown

20  that picture is incomplete. As such, Plaintiff reasserts her request that this Court grant her Motion to

21  Remand and any such other relief as the Court deems necessary and appropriate.

22  Dated: April 21, 2008                          Respectfully submitted,

23                                                 HAGENS BERMAN SOBOL SHAPIRO LLP

24                                                 By _____/s/ Shana E. Scarlett_____
                                                        SHANA E. SCARLETT
25

26                                                 715 Hearst Avenue, Suite 202
                                                   Berkeley, CA 94710
                                                   Telephone: (510) 725-3000

27

---

[3]      All emphasis added and all internal quotations and citations omitted, unless otherwise stated.

28

Facsimile: (510) 725-3001
shanas@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com

Elizabeth A. Fegan
Daniel J. Kurowski
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, IL 60301
Telephone: (708) 776-5600
Facsimile: (708) 776-5601
beth@hbsslaw.com
dank@hbsslaw.com

Attorneys for Plaintiff Theadora King

# Exhibit 2

HAGENS BERMAN SOBOL SHAPIRO LLP
Shana E. Scarlett (217895)
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
shanas@hbsslaw.com

Attorneys for Plaintiff Theadora King

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THEADORA KING, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | No. 08-cv-0999-MMC<br><br>DECLARATION OF SHANA E. SCARLETT IN SUPPORT OF PLAINTIFF'S RESPONSE TO SAFEWAY'S REQUEST FOR JUDICIAL NOTICE<br><br>ACTION FILED:  January 11, 2008 |

1    I, SHANA E. SCARLETT, declare as follows:

2    1.    I am an attorney duly licensed to practice before all of the courts of the State of

3 California.  I am associated with the law firm of Hagens Berman Sobol Shapiro LLP, one of the

4 counsel of record for Plaintiff in the above-entitled action.  I have personal knowledge of the

5 matters stated herein and, if called upon, I could and would competently testify thereto.

6    2.    Attached hereto as Exhibit A is a true and correct copy of the Memorandum and

7 Order entered by Judge E. Richard Webber in *In re Aurora Dairy Corp. Organic Milk Marketing*

8 *and Sales Practices Litigation,* Case No. 4:08-md-1907 (E.D. Mo. April 18, 2008).

9    I declare under penalty of perjury under the laws of the United States of America that the

10 foregoing is true and correct.  Executed this 21st day of April 2008, at Berkeley, CA.

11

12    /s/ Shana E. Scarlett
     SHANA E. SCARLETT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF SHANA E. SCARLETT ISO PL.'S RESP. TO
SAFEWAY'S REQ. FOR JUDICIAL NOTICE – No. 08-cv-        - 1 -
0999-MMC
010004-16  235178 V1

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE AURORA DAIRY CORP. | ) | |
| ORGANIC MILK MARKETING | ) | Case No. 4:08MD01907 ERW |
| AND SALES PRACTICES LITIGATION | ) | |

<u>This Order Relates to:</u>

| | |
|---|---|
| *Mothershead, et al. v. Aurora Organic Dairy* | Case No. 4:07CV01701 ERW |
| *Koch v. Aurora Dairy Corporation* | Case No. 4:08CV00254 ERW |
| *Fiallos v. Aurora Dairy Corporation* | Case No. 4:08CV00280 ERW |
| *Freyre, et al. v. Aurora Dairy Corporation* | Case No. 4:08CV00303 ERW |
| *Still et al. v. Aurora Dairy Corporation* | Case No. 4:08CV00305 ERW |
| *Kaye v. Aurora Dairy Corporation* | Case No. 4:08CV00371 ERW |
| *Hudspeth et al. v. Target Corporation* | Case No. 4:08CV00374 ERW |
| *Bowen v. Wal-Mart Stores, Inc.* | Case No. 4:08CV00382 ERW |
| *Cockrell v. Aurora Dairy Corporation* | Case No. 4:08CV00384 ERW |
| *Snell, et al. v. Aurora Dairy Corporation, et al.* | Case No. 4:08CV00385 ERW |
| *Tysseling-Mattiace v. Wild Oats Market, Inc.* | Case No. 4:08CV00386 ERW |
| *West et al. v. Aurora Dairy Corporation* | Case No. 4:08CV00387 ERW |
| *Hesse v. Costco Wholesale Corporation, et al.* | Case No. 4:08CV00391 ERW |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on Motion of the "KTHB Group" to Appoint Two

Co-Lead Counsel, an Executive Committee and Liaison Counsel for the Putative Class [doc. #6]

and The National Plaintiffs Group's Motion to Appoint Co-Interim Class Counsel Pursuant to

Fed. R. Civ. P. 23(g) [doc. #32]. The Court heard arguments on these Motions during a hearing

on March 28, 2008.

When coordinating multi-district litigation, district courts may "combine procedures,

appoint lead counsel, recognize steering committees of lawyers, limit and manage discovery, etc.

to minimize expense to all litigants and to provide judicial efficiency." *In re Showa Denko K.K.*

*L-Tryptophan Products Liability Litigation II*, 953 F.2d 162, 165 (4th Cir. 1992) (*citing* <u>Manual</u>

<u>for Complex Litigation (Second) §§ 33.22, 33.25 (1985)</u>).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Defendants propose that Mark S. Mester, of the law firm of Latham & Watkins LLP, be appointed Lead Counsel for Defendants in these proceedings, and that Livia M. Kiser, of the law firm of Latham & Watkins LLP, be appointed Liaison Counsel. Plaintiffs' counsel have been unable to reach an accord on the identity of Co-Interim Class Counsel and Co-Lead Counsel ("Plaintiffs' Lead Counsel"), and have presented two competing leadership proposals to the Court. The KTHB Group proposes the appointment of two attorneys as Plaintiffs' Lead Counsel, a five-member Steering Committee, and Liaison Counsel. The National Plaintiffs Group proposes the appointment of four attorneys as Plaintiffs' Lead Counsel, a four-member Steering Committee, and Liaison Counsel. Specifically:

The KTHB Group proposal:
- Plaintiffs' Lead Counsel
  - Tucker Ronzetti (Kozyak Tropin & Throckmorton)
  - Elizabeth Fegan (Hagens Berman Sobol Shapiro, LLC)
- Steering Committee
  - Stephen Gardner (Center for Science in the Public Interest)
  - Rob Bramson (Bramson, Plutzik, Mahler & Birkhaeuser)
  - The KTHB Group intentionally left the remaining three spots on the Steering Committee open to provide room to incorporate the assistance of other attorneys.
- Liaison Counsel
  - John Campbell (Simon Passanante, PC.)

The National Group proposal:
- Plaintiffs' Lead Counsel
  - Kenneth S. Canfield (Doffermyre Shields Canfield knowles & Devine, LLC)
  - Don M. Downing (Gray Ritter & Graham, P.C.)
  - Edith M. Kallas (Whatley Drake & Kallas, LLC)
  - Adam J. Levitt (Wolf Haldenstein Adler Freeman & Herz LLC)
- Steering Committee
  - James Stranch (Branstetter, Stranch & Jennings, PLLC)
  - Tracy Rezvani (Finkelstein Thompson, LLP)
  - Maury A. Herman (Herman Gerel, LLP)
  - Curtis Gantz (Lane Alton & Horst, LLC)
  - Rebekah McKinney (Watson, Jimmerson, Martin, McKinney, Graffeo, & Helms, P.C.)
- Liaison Counsel
  - Chip Robertson (Bartimus, Frickleton, Robertson & Gorny, P.C.)

2

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In situations such as this, where more than one qualified applicant seeks appointment as Lead Counsel, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(a)(2)(C). This requires consideration of:

> 1) the work that counsel has performed in identifying or investigating potential claims in the action; 2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; 3) counsel's knowledge of the applicable law; and 4) the resources that counsel will commit to representing the class... [5)] the Court may also consider other matter pursuant to counsel's ability to fairly and adequately represent the interests of the class.

*In re Delphi ERISA Litigation*, 230 F.R.D. 496, (E.D. Mich. 2005) (*citing* Fed. R. Civ. P. 23(g)(1).

The KTHB Group, in the Court's view, has the better plan. The Court is mindful of its responsibilities to limit costs to protect the interest of the prospective class, and to dispel the perception that class action litigation is more about rewarding counsel than providing a cost effective remedy to claimants. The KTHB Group proposes appointment of one lead counsel to prosecute claims against Aurora Dairy Corporation, and one counsel to seek relief against retailers. The National Group claims to have a plan, but offers the Court no details, and presents the prospect of being excessively costly.

It was apparent from arguments presented to the Court at the March 28, 2008 hearing that the Groups are unable to agree on the approach to the litigation or the composition of the team to proceed with the litigation. Each Group claims to be either the first into the fray or to have the larger share of claimants, but these arguments seem divisive rather than cohesive. The Court's primary responsibility is to protect the interests of the Plaintiffs. Selecting from the stellar candidates proffered by the respective Groups for assigned roles will assure more than adequate representation for all Plaintiffs.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The selection of attorneys from both proposals is not a reflection of the Court's attempt to "assemble a compromise." The Court feels that the individuals, and their respective firms, who have been selected as Plaintiffs' Lead Counsel, Steering Committee and Liaison Counsel are the applicants who are "best able to represent the interests of the class." Fed. R. Civ. P. 23(a)(2)(C).

As detailed below, both Plaintiffs and Defendants are expected to act only through leadership counsel, unless otherwise specified by the Court. Finally, the Court's notes that the appointment of Lead Counsel does not indicate either approval or disapproval of the *in camera* fee proposals that were submitted in response to the Court's Memorandum and Order dated April 3, 2008.

Accordingly,

**IT IS HEREBY ORDERED** that Motion of the "KTHB Group" to Appoint Two Co-Lead Counsel, an Executive Committee and Liaison Counsel for the Putative Class [4:08MD01907 doc. #6, 4:07CV01701 doc. #18, 4:08CV00254 doc. #3, 4:08CV00280 doc. #3, 4:08CV00303 doc. #4, 4:08CV00305 doc. #4] is **DENIED.**

**IT IS FURTHER ORDERED** that The National Plaintiffs Group's Motion to Appoint Co-Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g) [4:08MD01907 doc. #32, 4:07CV01701 doc. #27, 4:08CV00254 doc. #19, 4:08CV00280 doc. #12, 4:08CV00303 doc. #13, 4:08CV00305 doc. #13, 4:08CV00371 doc. #10, 4:08CV00374 doc. #9, 4:08CV00382 doc. #9, 4:08CV00384 doc. #9, 4:08CV00385 doc. #15, 4:08CV00386 doc. #10, 4:08CV00387 doc. #9, 4:08CV00391 doc. #9] is **DENIED.**

**IT IS FURTHER ORDERED** that Mark S. Mester, of the law firm of Latham & Watkins LLP, is appointed Defendants' Lead Counsel.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that Livia M. Kiser, of the law firm of Latham & Watkins LLP, is appointed Defendants' Liaison Counsel.  As such, she is responsible for keeping all defense counsel apprised of any changes in Plaintiffs' service list, coordinating all discovery and pretrial matters on behalf of Defendants, ensuring that all defense counsel are served with all court orders and are consulted and kept informed on all aspects of the pretrial phase of these cases.

**IT IS FURTHER ORDERED** that the Plaintiffs' leadership structure will be:

1.      Don M. Downing (Gray Ritter & Graham, P.C.) and Elizabeth Fegan (Hagens Berman Sobol Shapiro, LLC) are appointed Co-Interim Class Counsel and Co-Lead Counsel ("Lead Counsel").  Don M. Downing will have primary responsibility for pursuing claims against Aurora Dairy Corporation, while Elizabeth Fegan shall have primary responsibility for pursuing claims against the Defendant retailers.

2.      Chip Robertson (Bartimus, Frickleton, Robertson & Gorny, P.C.) is appointed Plaintiffs' Liaison Counsel.  As such, he shall be the attorney to whom the Court may direct inquiries and shall be responsible for maintaining and distributing an up-to-date service list, distributing to all Plaintiff's counsel all Court Orders, pleadings and other documents, and performing other assignments deemed necessary as the case progresses.

3.      The following attorneys are appointed to Plaintiffs' Steering Committee: Robert M. Bramson (Bramson, Plutzik, Mahler & Birkhaeuser, LLP), Edith M. Kallas (Whatley Drake & Kallas, LLC), Adam J. Levitt (Wolf Haldenstein Adler Freeman & Herz LLC) and Tucker Ronzetti (Kozyak Tropin & Throckmorton).  Plaintiffs' Lead Counsel shall confer and submit the name of a fifth attorney for the Plaintiffs' Steering Committee to the Court no later than **April 25, 2008.**  The Steering Committee shall

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

operate under the direction of Lead Counsel and shall assist Lead Counsel in all aspects of the case.

**IT IS FURTHER ORDERED** that Plaintiffs' Lead Counsel shall act on behalf of all Plaintiffs and the other members of the proposed classes as follows:

1. To direct and execute on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

2. To direct and manage pretrial proceedings on behalf of all Plaintiffs, including the briefing and argument of motions and the conduct of all types of discovery proceedings;

3. To seek the assistance of other Plaintiffs' counsel, including, but not limited to, those on the Executive Committee, in performance of all work necessary for the prosecution of the case, including investigation, research, briefing, and discovery, with particular attention to using efficiently the resources of the other Plaintiffs' counsel in a matter commensurate with those lawyers' resources and experience.

4. To call and chair meetings of Plaintiffs' counsel;

5. To direct and conduct settlement negotiations;

6. To direct and arrange a system for keeping and collecting all Plaintiffs' counsel's time records; and

7. To supervise any other matters concerning the prosecution or resolution of this litigation.

**IT IS FURTHER ORDERED** that a Consolidated Complaint be filed no later than **May 19, 2008.**

**IT IS FURTHER ORDERED** that Defendants' Answer be filed no later than **July 3, 2008.** Upon receipt of the Answer, the Court will schedule a Rule 16 Conference.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that within ten (10) days, Lead Counsel for Plaintiffs and Defendants should meet and confer regarding the preservation of documents and electronic materials, confidentiality issues, and protective orders.

Dated this <u>18th</u> Day of <u>April</u>, 2008.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

7