**United States District Court**

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

THEADORA KING, individually, and on
behalf of those similarly situated,

        Plaintiff,

  v.

SAFEWAY, INC.,

        Defendant

                              /

No. C-08-0999 MMC

**ORDER DENYING PLAINTIFF'S MOTION
TO REMAND; VACATING HEARING**

(Docket Nos. 15, 38, 40)

Before the Court is plaintiff's Motion to Remand, filed March 5, 2008, and thereafter

re-noticed for hearing subsequent to reassignment of the above-titled action to the

undersigned.  Defendant has filed opposition, to which plaintiff has replied.[1]

Having read and considered the papers filed in support of and in opposition to the

motion, the Court finds the matter appropriate for resolution without oral argument, see

---

[1] Following the close of briefing, defendant filed a request for judicial notice of two
documents: (1) a court transcript of proceedings held on March 28, 2008 in In re Aurora
Dairy Corp. Organic Milk Marketing and Sales Practice Litigation, Case No. 4:08-md-1907
ERW, in the Eastern District of Missouri, and (2) plaintiff's Memorandum of Law in Support
of Her Motion to Vacate Conditional Transfer Order, filed April 11, 2008 with the Judicial
Panel on Multidistrict Litigation, with respect to MDL Case No. 1907.  Thereafter, plaintiff
sought leave to file a proposed Response to defendant's request for judicial notice.
Defendant's request for judicial notice and plaintiff's request to file her Response are
hereby GRANTED. The Court, however, finds the information and argument contained in
said filings is not relevant to its analysis of the issue addressed herein.

1   Civil L.R. 7-1(b), hereby VACATES the April 25, 2008 hearing on the matter, and rules as

2   follows.

3       1.   Contrary to plaintiff's argument, a class defined as: "All persons in the State of

4   California who purchased organic milk or milk products from Safeway during the time

5   period of December 5, 2003 through October 15, 2007," (see Compl. ¶ 33), is not a class

6   limited to California citizens.  See, e.g., McMorris v. TJX Companies, Inc., 493 F.Supp.2d

7   158, 162-63 (D. Mass. 2007) (finding, "by definition," class of "residents of Massachusetts"

8   who engaged in transactions in defendant's stores "may include foreign citizens who

9   resided in Massachusetts during the defined period"; holding "[t]his suffices to support the

10  assertion of federal jurisdiction"); Larsen v. Pioneer Hi-Bred Int'l, Inc., 2007 WL 3341698 at

11  *5 (S.D. Iowa 2007) (finding class of "[a]ll persons and entities in the state of Iowa" who

12  purchased certain seed products was not limited to citizens of Iowa).

13      2.  Contrary to plaintiff's argument, plaintiff's allegation that the instant action is not

14  subject to removal under the Class Action Fairness Act of 2005 ("CAFA") "because the

15  members of the Plaintiff Class are citizens of the same state, California, as Defendant,"

16  (see Compl. ¶ 8), does not serve to further limit or define the class; rather, as defendant

17  points out, such allegation constitutes plaintiff's legal "interpretation" of the class definition,

18  (see Def.'s Opp'n at 6:20), which interpretation, as set forth above, the Court has declined

19  to adopt.[2]

20      3.  Based on the class definition, coupled with defendant's evidence that defendant

21  "has many stores in California which are close to, or encroach upon, the borders of other

22

23

24

25      [2] Plaintiff's reliance on Roche v. Country Mutual Insur. Co., 2007 WL 2003092 (S.D.
26  Ill. 2007), is unavailing, as defendant therein did not dispute that the proposed class,
    "licensed healthcare providers in Illinois," was limited to Illinois citizens.  See id. at *2 n.4.
27  Additionally, the class at issue in Roche, as distinguished from the class herein, was not
    comprised of members of the general public and, on the evidence presented therein, did
28  not give rise to an inference that it included medical practitioners who were citizens of
    states other than Illinois.

2

1  states," (see Notice of Removal Ex. 3 (Declaration of Laura A. Donald) at 1:12-13),[3] and

2  the absence of any evidence that the purchasing habits of the citizens of such other states

3  differ in any manner from those of California citizens, the Court finds defendant has met its

4  burden of showing it is "more likely than not" that the putative class includes at least one

5  individual who is a citizen of a state other than California or Delaware, the states of which

6  defendant is a citizen.  See, e.g., Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 683

7  (9th Cir. 2006) (holding defendant removing under CAFA must establish diversity

8  jurisdiction by a "preponderance of the evidence") (citing Sanchez v. Monumental Life Ins.

9  Co., 102 F.3d 398, 404 (9th Cir. 1996); Sanchez, 102 F.3d at 404 (defining "preponderance

10 of the evidence" as "more likely than not"); cf. McMorris, 493 F.Supp.2d at 164 (finding

11 "reasonable probability" that class defined as "residents of Massachusetts" included at least

12 one member domiciled in a state other than Massachusetts or Delaware (citing

13 Blockbuster, Inc. v. Galeno, 472 F.3d 53, 59 (2nd Cir. 2006))); Larsen, 2007 WL 3341698

14 at *5 (observing "[i]t is almost certain" that class of "all persons and entities in the state of

15 Iowa" who purchased subject seed products from defendant included at least one out-of-

16 state citizen).[4]

17      4.  Lastly, plaintiff fails to meet her burden of showing the exception provided in 28

18 U.S.C. § 1332(d)(4)(B), the "home-state controversy" exception, is applicable.  See 28

19 U.S.C. § 1332(d)(4)(B) (providing district court shall decline jurisdiction when two-thirds or

20 more of class members are citizens of state in which action filed); Serrano v. 180 Connect,

21 Inc., 478 F.3d 1018, 1023-24 (9th Cir. 2007) (holding party opposing removal bears burden

22

23      [3] To the extent such declaration is offered as direct evidence of the citizenship of
24 defendant's customers, however, the declaration fails to set forth a sufficient foundation for
   declarant's knowledge of such citizenship.

25      [4] Plaintiff's reliance on Sundy v. Renewable Environmental Solutions, LLC, 2007 WL
26 2994348 (W.D. Mo. 2007), likewise in unavailing.  The class defined therein, persons who
   "own or occupy, or owned or occupied, residential property" in a defined area of Carthage,
27 Missouri, see id. at *1, is far more restrictive than the class proposed herein, which, given
   the nature of the product purchased and the type and location of retail establishments from
28 which such purchases were made, is "almost certain," see Larsen, 2007 WL 3341698 at *5,
   to include citizens of neighboring states, as well as visitors who are citizens of other states.

3

1  of showing "home-state controversy" exception applies).  Plaintiff's argument in support of

2  such application rests on the erroneous assumption that the class herein is defined to

3  include only California citizens and, as such, necessarily includes the requisite percentage

4  of California citizens.  (See Mot. at 9:3-6; Reply at 8:20-22.)

5      Accordingly, for the reasons stated, plaintiff's motion to remand is hereby DENIED.

6      **IT IS SO ORDERED.**

7

Dated: April 22, 2008

8                                                    MAXINE M. CHESNEY
                                                     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4